**FILED**

MAR 23 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFF:
**Elinore Evans-Hoke**
2708 Inverness Rd
Shaker Hts
Ohio  44122

# district court of the United States
# for the District of Columbia

Article III Constitutional Jurisdiction

| | |
|---|---|
| **Elinore Evans-Hoke**<br>*One of the sovereign people constituent of Ohio as a member of the union of the several united States of America, AD 1789*<br>    CLAIMANT<br><br>Vs<br><br>**John Snow**, BONDED FIDUCIARY *(inclusive of all successors and assigns)* of the office of SECRETARY OF THE TREASURY OF THE UNITED STATES;<br><br>And,<br><br>**Mark W. Everson**, BONDED FIDUCIARY *(inclusive of all successors and assigns)* of the office of COMMISSIONER OF INTERNAL REVENUE; and inclusive of:<br>  **Dave Ross** Agent #31-09231 of COMMISSIONER EVERSON; and,<br>  **David A. Daberko**, **Bonded Fiduciary**, National City Bank, as seizure agent.<br><br>    RESPONDENT(S) | No.<br><br><br><br><br><br><br><br>**CLAIM FOR DECLARATORY JUDGMENT** BASED UPON ADMINISTRATIVE (common-law) RECORD(S);<br><br>And subsequently,<br><br>**CLAIM FOR EQUITABLE RELIEF AND REMEDY**<br><br><br>CASE NUMBER   1:06CV00556<br><br>JUDGE: Gladys Kessler<br><br>DECK TYPE: Pro se General Civil<br><br>DATE STAMP: 03/23/2006 |

COMES NOW THE CLAIMANT to present claims relating

to the conduct of **John Snow**, BONDED FIDUCIARY (*inclusive of all predecessors, successors, and assigns*) of the office of SECRETARY OF THE TREASURY OF THE UNITED STATES; and, **Mark W. Everson**, BONDED FIDUCIARY (*inclusive of all predecessors, successors, and assigns*) of the office of COMMISSIONER OF INTERNAL REVENUE; and inclusive of **DAVE ROSS** Agent #31-09231, and **David A. Daberko**, Bonded Fiduciary, National City Bank, as seizure agent, of COMMISSIONER EVERSON, Respondents.

## VERIFICATION

| VERIFICATION CERTIFICATE |
|---|
| Ohio state                          )<br>                                     )  DECLARATION<br>Cuyahoga county                      )<br>Declarant, Elinore Evans-Hoke, states that Declarant is competent to be a witness and the facts presented in the instrument <u>to which this certificate is affixed</u> are true and correct to the best of Declarant's first hand knowledge and belief under penalty of perjury.<br><br>_Elinore Evans-Hoke_                 3/9/06<br>Declarant Signature                  Date |

## VENUE

Venue is proper at the District of Columbia as the primary office(s) and principal place of business of the Respondents are situated within the District of Columbia as an operation of law by act of Congress, July 30, 1947, ch. 389, 61 Stat. 643 (4 USC 72).

## JURISDICTION

The district court has jurisdiction as the action arises under the constitution and laws of the United States pursuant to Article III of the Constitution for the several united States of America, A.D. 1789-1791.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Claimant has completed a common law remedy proceedings as modified for the United States by Congress' enactment of the Administrative Procedures Act and inclusive of specific statutory administrative procedures for implementation of the internal revenue laws of the United States as codified at Title 26, United States Code.

The common-law /administrative record evidences that there is no tax due upon which collection activities could be lawfully executed.

Claimant has presented Respondents with claims for damages that Respondents have failed to honor.

## NATURE OF CASE

Respondents Dave Ross and David A. Daberko, acting, or purporting to act, in the name of COMMISSIONER EVERSON as the administrator of the internal revenue laws of the United States for his principal SECRETARY SNOW is engaged in tax collection

activities resulting in the seizure of property belonging to claimant.

**NOTE:** <u>CLAIMANT DOES NOT QUESTION OR CHALLENGE THE CONSTITUTIONALITY OF THE INTERNAL REVENUE LAWS OF THE United States; DOES NOT QUESTION OR CHALLENGE THE VALIDITY OF THE 16TH AMENDMENT; and DOES NOT CHALLENGE THE CONSTITUTIONALITY OR LAWFULNESS OF ANY FEDERAL TAX LAW</u>.

The only questions before the court are:

1) has the Secretary, personally or via his administrator, Commissioner of Internal Revenue personally or via his agents #31-09231 Dave Ross, and David A. Daberko, provided Claimant a copy of a 23C assessment certificate as required by law;

2) Does the administrative record evidence such a 23C assessment as to the tax years asserted in the collection activity; and,

3) If there is no 23C assessment certificate, may any collection activity by Agent ##31-09231 Dave Ross and David A. Daberko, be lawful?

## FACTS

Claimant initiated a common-law (administrative) action to determine the foundation of tax claims

made by the United States over a period of years. The Administrative Procedures Act, as congress implementation and modification of the common law, combined with congress special administrative procedures enacted for governing dealings relating to the Internal Revenue Code (IRC) procedurally guided the action.

Claimant discovered that the Commissioner of Internal Revenue, by agency of the Internal Revenue Service (IRS) had maintained unverified encrypted records, which upon decoding, appeared to evidence a privileged excise taxable within a federal territory, specifically the U.S. Virgin Islands (IMF-Specific 2001), upon which the alleged tax obligation is purported to have accrued.

**NOTE**: <u>The IMF-Specific for 2000 does not indicate any "TC" code for any federal venue wherein any purported income based taxable activity could have been generated.</u>

**NOTE**: <u>The IRS appears to have responded to a records request for an AMDISA file that would show what taxable activity Claimant is alleged to be receiving income from by asserting that no such record exists.</u>

Claimant then provided evidence (verified

testimony) rebutting the unverified encrypted computer records. The administrative record set between the parties is incorporated herein by this reference and provides evidence that no privileged excise taxable activities, upon which a tax based on the income generated, were engaged in by Claimant.

Claimant further requested and demanded a copy of a 23-C assessment certificate evidencing assessment of a tax obligation against Claimant as provided by law.

Claimant has not been provided a copy of any 23-C assessment certificate as required by law.

The administrative record does not appear to evidence the entry of any 23-C assessment certificate into the record, and does not appear to evidence any Document Locator Number (DLN) assigned to any 23-C assessment certificate.

There is no judgment issued by any court determining that Claimant is a "taxpayer".

There is no judgment issued by any court determining that Claimant has any tax obligation.

Public records filings and bank records evidence that Respondents have engaged in tax collection activities against Claimant.

Respondents' tax collection activities have resulted in seizure of over US$1,400,000.00 of Claimant's property.

## LAW

The law is clearly established:

> REGULATIONS REQUIRE 23-C ASSESSMENT CERTIFICATE IF TAX IS DUE:
>
> > **Internal Revenue Manual 3(17)(63) (14).1**
> >
> > *Account 6110 Tax Assessments*
> >
> > *(2) All tax assessments must be recorded on Form 23C Assessment Certificate. The Assessment Certificate must be signed by the Assessment Officer and dated. The Assessment Certificate is the legal document that permits collection activity.*
> >
> > **Internal Revenue Manual 3(17)(46) 2.3**
> >
> > *Certification*
> >
> > *(1) All assessments must be certified by signature of an authorized official on Form 23-C, Assessment Certificate. A signed Form 23C authorizes issuance of notices and other collection action.*
> >
> > *(2) Some assessments are prescribed for expeditious action and may be certified on a daily basis. These assessments will require immediate preparation of Form 23C from RACS.*
>
> STATUTES REQUIRE 23-C ASSESSMENT CERTIFICATE IF TAX IS DUE:
>
> > *the 1954 and 1986 Internal Revenue Codes, §6201(a) authorizes the Secretary of the Treasury to make assessments. The method of recording such an administrative act is governed by §6203, which provides:*
> >
> > *"The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or*

*regulations prescribed by the Secretary. <u>Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment</u>.*"

THE COURTS HAVE CLEARLY ESTABLISHED THE REQUIREMENT OF A 23-C ASSESSMENT CERTIFICATE IF TAX IS DUE:

In Brafman v. United States, 384 F.2d 863 (5th Cir. 1967), there was also a demonstration of how tax assessments are executed upon Form 23-C. There, the government sought to attach liability for unpaid estate taxes to an heir of that estate under a transferee liability theory. But, Mrs. Brafman argued that she was not so liable because the assessment certificate relevant in that case was unsigned. In agreeing with that argument and holding the certificate at issue void, that court stated:

"The assessment certificate involved in this case, a photostated [sic] copy of which is in the record, is not signed by an assessment officer or by any other official. Since the certificate lacks the requisite signature, it cannot constitute a valid assessment," Id., at 865-66.

"Even the instructions on the reverse side of the assessment certificate, Form 23C, specify that the original form 'is to be transmitted to the District Director for signature, after which it will be returned to the Accounting Branch for permanent filing,'" Id., at 866.

"<u>What is important in any case is that assessment is not automatic upon recordation; it requires the action of an assessment officer. That action, as defined explicitly in the Treasury Regulations, is the signing of the certificate</u>," Id., at 867.

In Ianelli v. Long, 329 F.Supp. 1241, 1242 (W.D.Pa. 1971), that description of the various data was as follows: "The procedure for assessment provides, inter alia, that the assessment officer shall sign the summary record of assessments made against any tax payer, that said action, through supporting

> records, shall provide identification of the tax payer, the character of the liability assessed, the taxable period as applicable, and the amount of the assessment. The date of the assessment is the date the summary record is signed by an assessment officer. 26 U.S.C.A. § 301.6203-1, Code of Federal Regulations. <u>Since this procedure was not followed, the assessment is void and the executions based thereon are invalid.</u>"
>
> In Robinson v. United States, 920 F.2d 1157, 1158 (3rd Cir. 1990), described the assessment process as: "A duly designated official for the district or regional tax center signs the summary record of the assessment, which identifies the taxpayers, the type of tax owed, the taxable period and the amount of the assessment. 26 U.S.C. §6203; Treas. Reg. §301.6203-1."
>
> Therefore, from the above authority, the documents which are executed in making an assessment are clearly known. First, the assessment is made on a Form 23-C. This assessment form may apply either to a single individual or a group. The supporting documentation for a Form 23-C is the assessment lists, which must contain (1) the identification of the taxpayer; (2) character of liability assessed; (3) taxable period, if applicable; and (4) amount of the assessment. <u>If these documents do not exist, the absence proves that there has been no assessment and consequently, no tax collection activities may be pursued</u>.

The law is clearly established that even repeated demands for payment do not create a tax obligation:

> "*Tax liability is a condition precedent to the demand. Merely demanding payment, even repeatedly, does not cause liability*". Boathe v. Terry, 713 F. 2d 1405, at 1414 (1983).

The law is clearly established that only a court of

competent jurisdiction can determine that a party is a "taxpayer":

> "The revenue laws are a code or system in regulation of tax assessment and collection. They relate to taxpayers, and not to nontaxpayers. The latter are without their scope. No procedure is prescribed for nontaxpayers, and no attempt is made to annul any of their rights and remedies in due course of law. With them [nontaxpayers] Congress does not assume to deal, and they are neither of the subject nor of the object of the revenue laws". *Economy Plumbing and Heating Co. v. United States, 470 F. 2d 585 (1972)*
>
> "The laws of Congress in respect to those matters do not extend into the territorial limits of the states, but have force only in the District of Columbia, and other places that are within the exclusive jurisdiction of the national government." *Caha v. United States, 152 U.S. 211, 215, 14 S. Ct. 513 (1894)*
>
> "Since the statutory definition of 'taxpayer' is exclusive, the federal courts do not have the power to create non-statutory taxpayers for the purpose of applying the provisions of the revenue acts.." *(C.I.R. v. Trustees of L. Inv. Ass'n., 100 F.2d 18, at 29)*

The law is clearly established that it is the duty of a party dealing with a government official to make sure the official is acting within the scope of his authority:

> "Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority

> *may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority. See, e.g., Utah Power & Light Co. v. United States, 243 U.S. 389, 409 , 391; United States v. Stewart, 311 U.S. 60, 70 , 108, and see, generally, In re Floyd Acceptances, 7 Wall. 666."*

## MEMORANDUM

The Administrative Procedures Act requires the court to accept the facts as appears in the administrative record as conclusive of the facts appearing in the administrative record.

The administrative record evidences that there is no Form 23-C assessment certificate relating to Claimant as to tax years **2000 AND 2001**.

The administrative record evidences that Claimant was not engaged in **2000 AND 2001** in any taxable activity upon which a tax may be assessed based upon the income generated.

The law is clearly established that absent a Form 23-C assessment certificate no tax collection activities may be lawfully pursued.

## CLAIMS

1. Respondents have engaged in tax collection activities against Claimant regarding tax year(s) **2000 AND 2001**.

2. There is no Form 23-C assessment certificate for tax years **2000 and/or 2001**.

3. There is no judgment of any court determining that Claimant is a "taxpayer" for the years **2000 and/or 2001**.

4. Respondents' tax collection activities against Claimant relating to tax years **2000 AND 2001** are unlawful and unfounded.

5. Respondents have a duty to correct any and all records of tax claim(s), obligation(s) and collection process relating to tax years **2000 AND 2001**.

6. The court has a duty to enjoin Defendants from unlawful tax collection activities relating to tax years **2000 AND 2001**.

7. The court has a duty to provide such other equitable remedy and/or relief as is necessary to restore or compensate Claimant for injuries and damages resulting from Respondents' unlawful collection activities.

Respectfully presented this 9 day of March 2006.

_[signature]_
Elinore Evans-Hoke
Claimant