IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ELINORE EVANS-HOKE,**

        **Plaintiff,**

v.   Civil Case No. 1:06cv00556-GK

**JOHN SNOW,**
**Secretary of the Treasury,**

**MARK W. EVERSON,**
**Commissioner of Internal Revenue,**

**DAVE ROSS,**
**"Agent of Commissioner Everson,"**

**DAVID A. DABERKO**
**"Bonded Fiduciary, National City Bank, as seizure agent,"**

        **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS DAVID A. DABERKO**

**INTRODUCTION**

This case has no connection to the District of Columbia. The supposed events that *pro se* Plaintiff Elinore Evans-Hoke ("Plaintiff") alleges give rise to a cause of action occurred in Ohio. The Complaint stems from Plaintiff's failure to pay taxes in 2000 and 2001. To satisfy the delinquent taxes, the Internal Revenue Service ("IRS") levied a custody account held by Plaintiff at a National City Bank ("NCB") branch in Cleveland, Ohio. *See* Custody Agreement, Exh. A. The levy was executed by a Revenue Officer based in Independence, Ohio. The NCB employees who honored the levy are based in Cleveland. Plaintiff is an Ohio resident. Plaintiff does not allege that any act or omission occurred outside Ohio, much less in the District of Columbia.

David A. Daberko also has no connection to the District of Columbia. He is the only Defendant who is not a United States Government official. Mr. Daberko is the Chairman and Chief Executive Officer ("CEO") of National City Corporation, a financial holding company headquartered in Cleveland, Ohio. *See* Executive Biography, Exh. C. He works in Cleveland and personally resides in Ohio. National City Corporation owns a network of Midwestern-based banks, including NCB. National City Corporation does not own any holdings based in the District of Columbia. NCB, a subsidiary of National City Corporation, is also headquartered in Cleveland and only operates branches in Ohio. Mr. Daberko should be dismissed from this case for want of personal jurisdiction and improper venue. *See* Fed. R. Civ. P. 12(b)(2) & (3).

In addition to having no connection to this forum, Mr. Daberko has no material connection to this lawsuit. The Complaint is barely comprehensible.[1] Plaintiff seems to allege that the Defendants conspired unlawfully to seize property belonging to her to satisfy the outstanding tax obligations. *See* Compl. 3-4, 11-12. The basis for Plaintiff's Complaint against Mr. Daberko appears to be two-fold. *First*, Plaintiff alleges that Mr. Daberko failed to issue a Form 23C Assessment Certificate, a form used by the IRS to assess tax liabilities. *See* Compl. at 4, 6-9, 11-12; *see also* Sample Form 23C Assessment Certificate, Exh. D. But Mr. Daberko is not an IRS official. He is not authorized to issue a Form 23C Assessment Certificate.

*Second*, Plaintiff apparently believes that the IRS wrongfully levied her assets and that NCB should not have honored the levy. *See* Compl. at 10 ("The law is clearly established that it is the duty of a party dealing with a government official to make sure the official is acting within the scope of his authority."). Plaintiff's liability theory seems to be based on the fact that Mr.

---

[1] Plaintiff's cause of action against Mr. Daberko is not clear. The Complaint does not state precise factual allegations, does not specify what allegations apply to what Defendants, and does not state a recognizable claim for relief. But *pro se* complaints are construed liberally. *See Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1997).

Daberko is the chief executive of NCB's parent, National City Corporation. But no such cause of action exists. The IRS is afforded broad authority to levy delinquent taxpayers' property. *See* 26 U.S.C. § 6331. Property custodians, such as NCB, are subject to personal liability and civil penalties for failing to honor a levy, even if ultimate ownership of the subject property is in doubt. *See id.* § 6332(d). Property custodians are therefore granted a complete statutory defense against claims by delinquent taxpayers for honoring a levy. *See id.* § 6332(e); *see also United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20, 724-25 (1985). Mr. Daberko should be dismissed from this case because Plaintiff has not, and cannot, state a valid claim for relief against him, or for that matter, against NCB. *See* Fed. R. Civ. P. 12(b)(6).

## **FACTUAL BACKGROUND**

The levy process began January 13, 2006 when Defendant Revenue Officer Dave Ross ("Defendant Ross"), an agent of the IRS, appeared at NCB to serve a summons (dated January 4, 2006) and Notice to Exhibit Books and Records (dated January 12, 2006).[2] *See* Exhs. E & F. The summons directed NCB to permit inspection of books and records to determine whether NCB possessed any property belonging to Plaintiff. NCB informed Defendant Ross that it holds a custody account for Plaintiff containing cash and certificated securities. *See* Custody Agreement, Exh. A.[3] On February 7, 2006, the IRS served another summons ordering NCB to permit inspection of records related to Plaintiff's custody account. *See* Exh. G. NCB complied with that summons on February 22, 2006. *See* Ltr. from B. Rowbotham to D. Ross, Exh. H.

---

[2] The IRS is permitted to issue a summons directing a person to exhibit books and records. 26 U.S.C. § 7602(a); *see also id.* § 6333. Failing to comply with an IRS summons subjects a person to civil and criminal penalties. *Id.* § 7210.

[3] Plaintiff's name on the custody account is recorded as Elinore I. Evans. NCB and the IRS confirmed that "Elinore I. Evans" is in fact "Elinore Evans-Hoke," the Plaintiff in this matter. *See* Letter from D. Ross to B. Rowbotham (Jan. 19, 2006), Exh. B.

The IRS levied Plaintiff's custody account. NCB was served with Notices of Levy on January 13 (dated January 12), January 18, and March 13, 2006.[4] *See* Exhs. I, J, & K. Each levy supplanted the one served before it as the operative levy. The March 13, 2006 levy ordered NCB to surrender assets belonging to Ms. Evans-Hoke totaling $301,285.17. *See* Exh. K.

NCB committed significant time and resources to honoring the levy.[5] Because Plaintiff's custody account did not contain enough liquid assets to satisfy the levy, the IRS advised NCB to surrender stock certificates in addition to whatever cash was contained in the account. NCB endeavored to surrender no more property than necessary to satisfy the levy. This was difficult because no single security, and no set of securities combined, equaled the amount due.

NCB was prepared to surrender certain of Plaintiff's assets by April 10, 2006. But Defendant Ross instructed NCB to hold the assets until the IRS prepared additional paperwork. *See* Ltr. from J. Hennig to D. Ross, Exh. L. Several days later, counsel for the IRS confirmed those instructions. *See* Ltr. from J. Hennig to A. Gill, Exh. M. At the IRS's direction, NCB ultimately surrendered cash and stock certificates valued at $301,285.17,[6] the exact amount due under the March 13, 2006 levy.[7]

At no time did Mr. Daberko have any involvement in or knowledge of these activities.

---

[4] The IRS is authorized to levy property held by a custodian. 26 U.S.C. § 6331(a).

[5] Property custodians are required to surrender levied property. 26 U.S.C. § 6332(a). Failing to do so subjects the custodian to IRS liability and to civil penalties. *Id.* § 6332(d).

[6] The property was surrendered on the following schedule:

| | |
|---|---|
| March 21, 2006 | Cash totaling $31,803.29 |
| April 25, 2006 | Securities valued at $248,814.00 |
| April 26, 2006 | Cash dividends of $495.00 |
| May 17, 2006 | Security valued at $17,890.35 |
| May 17, 2006 | Cash dividends of $2,282.53 |

[7] Plaintiff alleges that Defendants' "tax collection activities have resulted in seizure of over US$1,400,000.00 of [Plaintiff's] property." Compl. ¶ 7. Mr. Daberko has no knowledge about whether property belonging to Plaintiff other than that surrendered by NCB under the March 13, 2006 Notice of Levy, totaling $301,285.17, has been seized by the IRS.

# ARGUMENT

## I. MR. DABERKO SHOULD BE DISMISSED FROM THIS CASE FOR WANT OF PERSONAL JURISDICTION.

For a federal court to exercise personal jurisdiction over a non-resident defendant, service of process must 1) be authorized by statute and 2) be consistent with due process. *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945); *Founding Church of Scientology of Washington, D.C. v. Verlag*, 536 F.2d 429, 432 (D.C. Cir. 1976). The burden to establish personal jurisdiction is on the plaintiff. *First Chicago Int'l v. United Exh. Co., Ltd.*, 836 F.2d 1375, 1378 (D.C. Cir. 1998); *Lacey v. Wing*, 360 F. Supp. 2d 31, 34 (D.D.C. 2003).

### A. The District of Columbia long-arm statute does not permit exercising personal jurisdiction over Mr. Daberko.

Because no federal long-arm statute applies to this case, personal jurisdiction must be authorized by the District of Columbia long-arm statute. *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 424 (D.C. Cir. 1991). The District of Columbia's long-arm statute permits personal jurisdiction over a person "who acts directly or by an agent, as to a claim for relief arising from the person's"

- transacting business in the District of Columbia;

- contracting to supply services in the District of Columbia;

- causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

- causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does business there, engages in a persistent course of conduct there, or derives substantial revenue from some activity there;

- having an interest in, using, or possessing real property in the District of Columbia;

- contracting to insure or acting as a surety for any person located in the District of Columbia; or

- certain marital or parent and child relationships in the District of Columbia.

D.C. Code § 13-423(a).  "When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him." *Id.* § 13-423(b); *see also COMSTAT Corp. v. Finshipyards S.A.M.*, 900 F. Supp. 515, 519 (D.D.C. 1995) ("While the long-arm statute is interpreted broadly and factual disputes are resolved in favor of the plaintiff, the plaintiff must allege some specific facts evidencing purposeful activity by the defendant in the District of Columbia by which it invoked the benefits and protections of the District's laws.").

The District of Columbia long-arm statute does not authorize personal jurisdiction in this case for two reasons.  *First*, Mr. Daberko has no contact with the District of Columbia, much less any purposeful contact by which he enjoys the benefits and protections of the District's laws.  He is Chairman and CEO of National City Corporation, a Cleveland-based financial holding company.  His office is located in Cleveland and he lives in the Cleveland metropolitan area.  National City Corporation does not own holdings based in the District of Columbia.  NCB, the bank that honored the disputed levy, is headquartered in Cleveland and operates branches in Ohio only.  Mr. Daberko has no direct or indirect contacts with this forum.

*Second*, this case arises from events taking place in Ohio: the IRS agent who served the levy is based in Independence, Ohio, the levied custody account is held at a Cleveland NCB branch, the NCB officials who honored the levy work in Cleveland, and Plaintiff resides in Shaker Heights, Ohio.  Even if Mr. Daberko did have contact with the District of Columbia, this case does not arise from a contact there.  That alone prohibits the exercise of personal jurisdiction under the long-arm statute.[8]  D.C. Code § 13-423(b).

---

[8] Because this Court lacks personal jurisdiction over Mr. Daberko, Plaintiff cannot serve process on him. D.C. Code Ann. § 13-424.  Even if this Court could exercise personal jurisdiction, however, Plaintiff's service of process might be insufficient to summon Mr. Daberko to this forum, which would warrant dismissal under Federal Rule of Civil Procedure 12(b)(5).  Plaintiff filed suit on March 23, 2006.  Plaintiff faxed a copy of the Complaint

**B.    Due process does not permit exercising personal jurisdiction over Mr. Daberko.**

Due process requires a defendant to have sufficient minimum contacts with a forum that he or she can reasonably anticipate being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Int'l Shoe Co.*, 326 U.S. at 310; *accord Lacey*, 360 F. Supp. 2d at 34 ("Minimum contacts alone . . . are not sufficient to justify bringing the out-of-state defendant into that forum; rather, the claim must be related to the contacts that the defendant maintains with the proposed forum."). Mr. Daberko has no contacts with the District of Columbia, much less the minimum contacts required by the Constitution. He lives and works in Cleveland, the Cleveland-based corporation he heads has no holdings based in the District of Columbia, and the events Plaintiff alleges bring rise to a cause of action occurred in Ohio.

The only conceivable link this case has to the District of Columbia is that Defendants Snow and Everson are stationed there. Even if Plaintiff contends that Mr. Daberko acted in concert with those government officials, personal jurisdiction over Mr. Daberko still is not established. Personal jurisdiction is a personal privilege and therefore must be established for each individual defendant. *First Chicago*, 836 F.2d at 1378; *Overseas Partners, Inc. v. Progen*, 15 F. Supp. 2d 47, 50 (D.D.C. 1998). For that reason, a defendant is not subject to personal jurisdiction based only on a conclusory allegation that he or she is a co-conspirator with co-

---

(continued…)

without a summons to Mr. Daberko on March 30, 2006. Plaintiff did not obtain a summons from the Clerk of Court until April 17, 2006. On May 2, 2006, Mr. Daberko received a summons and a copy of the Complaint through United States mail. Mr. Daberko is unaware whether a return receipt was signed by his administrative assistant, who opened the mail piece. The Federal Rules do not provide for service by mail on an individual defendant. Fed. R. Civ. P. 4(e). District of Columbia and Ohio law only permit service by mail with a signed return receipt. D.C. Code § 13-302, 301.01; Ohio R. Civ. P. 4.1(A). As of the date this Motion was filed, Plaintiff had not proffered proof of service. *See* D.D.C. Loc. Civ. R. 5.3.

defendants who are subject to personal jurisdiction.  *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789-88 (D.C. Cir. 1983).

## II.   MR. DABERKO SHOULD BE DISMISSED FROM THIS CASE BECAUSE THE DISTRICT OF COLUMBIA IS AN IMPROPER VENUE.

To prevail on a motion to dismiss for improper venue, the defendant must present facts defeating the plaintiff's venue allegation.  *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).  But "[b]ecause it is the plaintiff's obligation to institute action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper."  *Id*; *see also Nat'l Air Traffic Controllers Ass'n v. Dental Plans, Inc.*, 407 F. Supp. 2d 1, 2 (D.D.C. 2005) ("Although the D.C. Circuit has not identified the party who bears the burden in a challenge to venue, most courts place the burden on the plaintiff."); 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3826 n.12-14 (2d ed. 1986 & 2005 supp.) (hereinafter "*Wright & Miller*").

### A.   Plaintiff's venue allegation against Mr. Daberko is patently wrong.

Plaintiff alleges that venue is proper in the District of Columbia because it is the "principal place of business of the [Defendants] . . . ."  Compl. at 2.  Mr. Daberko's residence is Ohio, both in his capacity as National City Corporation's Chairman and CEO, and in his personal capacity.  He has no connection to the District of Columbia.

### B.   The District of Columbia is not a candidate venue for this action under the federal venue statute.

The federal venue statute provides for three possible venues in federal question cases.[9]  *See* 28 U.S.C. § 1391(b).  None of the three possible venues is proper as to Mr. Daberko.

---

[9] Plaintiff alleges that this "action arises under the [C]onstitution and laws of the United States . . . ."  Compl. at 3.  Defendants do not concede that this is correct as to Mr. Daberko, but do not contest subject matter jurisdiction in this Motion.

The first possible venue is "a judicial district where any defendant resides, if all defendants reside in the same State." *Id.* § 1391(b)(1). All Defendants do not reside in the District of Columbia. Mr. Daberko resides in Ohio.

The second possible venue is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *Id.* § 1391(b)(2). The events Plaintiff alleges give rise to a cause of action occurred in Ohio. The levied custody account is also situated in Ohio.

The third possible venue is "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." *Id.* § 1391(b)(3). Plaintiff has not alleged that no other venue is available. Based on the facts alleged and the Defendants involved, this action could be instituted in Ohio.[10]

### C.    Mr. Daberko cannot be forced to litigate Plaintiff's claim in a venue proper for other Defendants, but improper for him.

Like personal jurisdiction, venue is a personal privilege. 15 *Wright & Miller* § 3807, at 74, 77. The federal venue statute explicitly prohibits non-government officials joined as co-defendants with government officials from being compelled to litigate suits in a venue where "such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party" are not satisfied. 28 U.S.C. § 1391(e). Even if the District of Columbia is a proper venue for the United States Government Defendants, Mr. Daberko should be dismissed from this case because it is not a proper venue for him.

---

[10] Mr. Daberko takes no position on whether venue is proper as to the United States Government Defendants. But because the property subject to the IRS levy was situated in Ohio, the District of Columbia probably is not a proper venue as to those Defendants either. *See* 28 U.S.C. § 1402(c) ("Any civil action against the United States under subsection (e) of section 1346 of this title may be prosecuted only in the judicial district where the property is situated at the time of levy, or if no levy is made, in the judicial district in which the event occurred which gave rise to the cause of action.").

**D.    Dismissing Mr. Daberko is the proper remedy for Plaintiff's failure to institute this action in a proper venue.**

When venue is improper, "[t]he district court . . . *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. The decision to transfer an action rests in the discretion of the district court. *Cellutech, Inc. v. Centennial Cellular Corp.*, 871 F. Supp. 46, 50 (D.D.C. 1994).

The interests of justice will not be served by a transfer in this case for two reasons. *First*, Plaintiff failed to state a claim upon which relief can be granted against Mr. Daberko. As explained below, *infra* Part III, a property custodian is afforded a statutory defense to a suit brought by a delinquent taxpayer for a claim allegedly arising from the property custodian's honoring a levy. 26 U.S.C. § 6332(e). Because Plaintiff cannot obtain relief in any forum, dismissal is warranted. *See Vanskiver v. Rossotti*, No. Civ. A. 00-2455, 2001-1 USTC ¶ 50,275, 2001 WL 361470, *2 (D.D.C. Jan. 31, 2001) (dismissing complaint arising from an allegedly wrongful tax levy for failure to state a claim and improper venue, among other reasons); *United States Envtl. Prot. Agency v. Port Auth. of New York & New Jersey*, 162 F. Supp. 2d 173, 186 (S.D.N.Y. 2001) (dismissing rather than transferring actions for improper venue because plaintiffs failed to state a claim upon which relief could be granted).

*Second*, the policy justification underpinning the statutory defense will be undermined if Plaintiff's suit is transferred. The purpose of the statutory defense is to protect property custodians from liability for complying with the law and to promote the IRS's broad administrative levy authority. *Cf. United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20 (1985) (describing the breadth of federal tax liens); *United States v. First Nat'l Bank of Bellaire*, No. Civ. A. H-82-2567, 83-2 USTC ¶ 9648, 1983 WL 1666, *2 (S.D. Tex. Aug. 12, 1983) (permitting "a challenge to the validity of the assessment as a defense to an action under

§ 6332 would undermine the tax enforcement process"). Absent the statutory defense, property custodians are caught between the proverbial rock and a hard place. On the one hand they will be subject to liability to the IRS for not honoring the levy, *see* 26 U.S.C. § 6332(d), while on the other hand they will be subject to near-certain litigation with the delinquent taxpayer for honoring the levy. Transferring this case will exacerbate that dilemma for Mr. Daberko by compelling him to re-litigate Plaintiff's non-cognizable pleading. Plaintiff should not be permitted to enlist the aid of this Court to postpone dismissal in the face of an obvious statutory defense grounded on important policy considerations.

### III.  MR. DABERKO SHOULD BE DISMISSED FROM THIS CASE BECAUSE PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The facts pled are therefore accepted as true. *Id.* While *pro se* complaints are construed liberally, "like any other [complaint], [they] must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

The Complaint contains two material allegations against Mr. Daberko. *First*, Plaintiff alleges that Mr. Daberko failed to issue a Form 23C Assessment Certificate. Compl. at 4, 6-9, 11-12. *Second*, Plaintiff seems to allege that the IRS levy on her NCB custody account was wrongful and that NCB should not have honored it. *See* Compl. at 10. (Plaintiff presumably believes Mr. Daberko is liable for NCB's actions because he is National City Corporation's chief executive.) Even accepting these allegations as true, Plaintiff's Complaint must be dismissed.

A.  **The law does not require Mr. Daberko or National City Bank to issue Plaintiff a Form 23C Assessment Certificate.**

A Form 23C Assessment Certificate is used by the IRS to assess tax liabilities. *See* Sample Form 23C Assessment Certificate, Exh. C. Tax assessments are made by IRS officials, not bank officials. *See* 26 C.F.R. § 301.6203-1 ("Method of Assessment); IRS Manual § 4.15.3 ("Assessment Procedures"). Plaintiff cites a litany of regulations, statutes, and cases related to assessments. *See* Compl. at 7-9. Not one of these authorities obligates Mr. Daberko, or for that matter any NCB employee, to issue Plaintiff a Form 23C Assessment Certificate. There is no such authority. If any party is obliged to issue a Form 23C Assessment Certificate, it is the IRS.

B.  **Mr. Daberko and National City Bank are discharged from liability to Plaintiff because National City Bank honored the levy.**

The IRS is authorized to levy property held by a custodian to satisfy a taxpayer's outstanding obligations. 26 U.S.C. § 6331(a). Bank accounts are a species of property subject to levy. *Nat'l Bank of Commerce*, 472 U.S. at 721. The property custodian is obligated to honor the levy. *Id.* § 6332(a). Failing to do so subjects the property custodian to personal liability for the tax owed and to civil penalties. *Id.* § 6332(d).

There are only two circumstances where the property custodian is permitted not to honor the levy: 1) if the custodian does not possess any property or rights to property belonging to the taxpayer, or 2) if the taxpayer's property is subject to a prior judicial attachment or execution. *Id.* § 6332(a); *Nat'l Bank of Commerce*, 472 U.S. at 722. Concern about the tax assessment's validity and fear that the taxpayer will take legal action are not justifications for refusing to honor the levy. *First Nat'l Bank of Bellaire*, 1983 WL 1666 at *2. Even doubt about the levied property's ultimate ownership does not excuse honoring the levy. *Nat'l Bank of Commerce*, 472 U.S. at 724-25; 26 C.F.R. § 301.6332-1(c)(2). Because of this, the property custodian is "discharged from any obligation or liability to the delinquent taxpayer . . . arising from such

surrender or payment." 26 U.S.C. § 6332(e); *see also Nat'l Bank of Commerce*, 472 U.S. at 721. This statutory defense is complete. *Kane v. Capital Guardian Trust Co.*, 145 F.3d 1218, 1224 (10th Cir. 1998); *see also Melton v. Teachers Ins. & Annuity Assoc. of America*, 114 F.3d 557, 560-61 (5th Cir. 1997) (affirming summary judgment against delinquent taxpayer bringing suit against property custodian for honoring levy and awarding costs to defendant); Steven R. Mather & Paul H. Weisman, 638-2d T.M., *Federal Tax Collection Procedure* at A-81, n. 1026 (Aug. 8, 2005) (collecting cases).

There is no set of facts under which Mr. Daberko or NCB can be held liable to Plaintiff for acts arising from the levy on her custody account. Even if the levy on Plaintiff's custody account is invalid, Mr. Daberko and NCB are discharged from all obligations and liabilities to Plaintiff arising from honoring it. As directed by the IRS, NCB surrendered cash and stock certificates. The surrendered property was contained in Plaintiff's custody account at the time each successive levy was served. NCB took precaution not to surrender any more property than necessary to honor the levy. NCB fulfilled its obligations to the IRS and to Plaintiff. If Plaintiff's property was surrendered in error, she must secure its return from the IRS. 26 U.S.C. § 6343(b); 26 C.F.R. §§ 301.6332-1(c)(2) & (3).

And even if the circumstances justifying non-compliance with a levy applied, Plaintiff cannot maintain an action against Mr. Daberko or NCB. Those defenses apply to a suit by the IRS against a property custodian that refuses to honor a levy. *See Nat'l Bank of Commerce*, 472 U.S. at 722. Besides, only third parties claiming an interest in levied property can sustain a wrongful levy suit, and the proper defendant is the IRS, not the property custodian. 26 U.S.C. § 7426(a)(1); *Vanskiver*, 2001 WL 361470 at * 1; 26 C.F.R. §§ 301.6332-1(c)(2) & (3).

Finally, even if Plaintiff's Complaint is construed to plead state law claims for conversion or for breach of fiduciary duty, the statutory defense applies. *Kane*, 145 F.3d at 1224. Because the IRS steps into the taxpayer's shoes and acquires whatever rights the taxpayer has to levied property, honoring a levy is the same as honoring a demand for surrender by the taxpayer. *Id.; see also United States v. Gen. Motors Corp.*, 929 F.2d 249, 252 (6th Cir. 1991); S. Rep. No. 89-1708 (1996), *reprinted in* 1966 U.S.C.C.A.N. 3722, 3740 ("[T]he effect of honoring the levy is the same as honoring a demand of the taxpayer."). "The plain language of § 6332(e) shields [Mr. Daberko and NCB] from liability to [Plaintiff]." *Kane*, 145 F.3d at 1224 (citing *Moore v. Gen. Motors Pension Plans*, 91 F.3d 848, 851 (7th Cir. 1996)).

## CONCLUSION

For the foregoing reasons, David A. Daberko respectfully moves for an order dismissing him from this case.[11]

DATED:     May 22, 2006

Respectfully submitted,

/s/ John M. Majoras
John M. Majoras (D.C. Bar No. 474267)
*(Admitted to the United States District Court for the District of Columbia)*

Joseph P. Cooney (D.C. Bar No. 494026)
*(Admission to the United States District Court for the District of Columbia Pending)*

JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
FAX: (202) 626-1700

**ATTORNEYS FOR DEFENDANT DAVID A. DABERKO**

---

[11] Mr. Daberko takes no position on whether Plaintiff's claims against the United States Government Defendants are viable. But for many reasons, they probably are not. *See Vanskiver*, 2001 WL 361470 at *1-2.

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney for David A. Daberko, hereby certifies that I caused a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss David A. Daberko and the attached Exhibits to be served via United States mail and Federal Express Priority Overnight on:

Elinore Evans-Hoke
2708 Inverness Road
Shaker Heights, OH  44122-2706

**PLAINTIFF**

A courtesy copy of the foregoing was also served by United States mail on:

Anita Gill, Esq.
Office of Area Counsel
Internal Revenue Service
One Cleveland Center, Suite 1200
1375 East Ninth Street
Cleveland, OH  44114

**ATTORNEY FOR THE INTERNAL REVENUE SERVICE**

Dated:  May 22, 2006

                                           /s/ Joseph P. Cooney
                                           Attorney for David A. Daberko