PLAINTIFF:
**Elinore Evans-Hoke**
2708 Inverness Rd
Shaker Hts
Ohio

# district court of the United States
# for the District of Columbia
## Article III Constitutional Jurisdiction

| | |
|---|---|
| **Elinore Evans-Hoke** | No. |
| CLAIMANT | |
| Vs | **06-CV-556 GK** |
| **John Snow**, et al. | |
| RESPONDENT(S) | **RESPONSE IN OBJECTION TO MOTION TO DISMISS DEFENDANT DABERKO** |
| | (service) |

COMES NOW THE CLAIMANT to respond and object to the
MOTION TO DISMISS DAVID A. DABERKO:

## VERIFICATION

---

**VERIFICATION CERTIFICATE**

Ohio state          )
                    )          DECLARATION
_Cuyahoga_ county   )

Declarant, Elinore Evans-Hoke, states that Declarant
is competent to be a witness and the facts presented
in the instrument to which this certificate is affixed
are true and correct to the best of Declarant's first
hand knowledge and belief under penalty of perjury.

_Elinore E. Hoke_                    **6-15-2006**

_____    _____
Declarant Signature             Date

---

RECEIVED
JUN 1 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## NOTE: Defendant Daberko's motion is captioned in a different court than that which the Claimant convened:

See following supplemental memorandum regarding the substantial differences between a district court of the United States and a United States District Court.

## DEFENDANT DABERKO'S MOTION /MEMORANDUM CONTRADICTS ITSELF:

First, Daberko asserts that the action is based exclusively on events occurring in Ohio, then asserts that the action is related to federal taxes, which may only be an operation of the Secretary of the Treasury whose office is based in the District of Columbia as an operation of federal law.

Daberko must choose his story!  Either the case appears to Daberko to be based upon a federal tax, and as such is an operation of offices mandated by statute as codified at 4 USC 72:

> All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law.

In the alternative, Daberko must assert that there is no federal tax being collected, and the taking

of Claimant's property is a sheer matter of theft and embezzlement by Daberko and his co-conspirators.

DABERKO CANNOT HAVE IT BOTH WAYS.

Claimant objects to Daberko's motion and memorandum on the grounds that Claimant is unable to determine Daberko's position, and as such is unable to properly address any specific question of law or fact where the defendant cannot agree with himself. Defendant Daberko's motion and memorandum thus deprive Claimant of the opportunity to exercise her due process rights to know which of the conflicting positions it is Defendant Daberko seeks the court's decision on.

DABERKO'S MOTION AND MEMORANDUM SHOULD BE STRICKEN (in whole or in part) FOR FAILURE TO STATE UNDERSTANDABLE AND NON-CONFLICTING ISSUES

ASSUMES FACTS NOT IN EVIDENCE:

So far as Claimant can determine from Daberko's motion and memorandum, Daberko assumes that there is a federal tax due, and the taking of Claimant's property is a collection activity based upon unpaid federal taxes.

Daberko has not produced a copy of any 23-C assessment certificate upon which collection

activity could lawfully be conducted.

Daberko has not produced a copy of any judgment of any court (whether or not of competent jurisdiction) upon which a taking of Claimant's property could lie.

Daberko has been provided actual NOTICE of the United States Court of Appeals determinations in SCHULTZ I and SCHULTZ II, 395 30 F.3d 463 (2d Cir. 2005) that administrative issuances of the IRS carry no force and effect of law, and that a party subjected to such process has no standing to bring an action to quash or otherwise neutralize such administrative process, and the if the IRS wishes to enforce the administrative process it must obtain an order from a court of competent jurisdiction.

Daberko had actual knowledge that Claimant objected to any administrative collections process purportedly issued by the IRS and that the IRS had not met its burden of proving a claim in its administrative dealings with Claimant.

Daberko further attempts to mislead the court into believing that Claimant asserts that Daberko failed to ISSUE a 23-C assessment certificate. All Claimant alleges is that NONE OF THE RESPONDENTS,

inclusive of Daberko, have ever provided Claimant a copy of a 23-C assessment certificate. This is only relevant to Defendant Daberko as he was requested (by private common-law process) to verify the exisance of a federal tax obligation or release Claimant's property which Daberko seized purporting to act on behalf of the Secretary and Commissioner (agency).

Daberko purports to assert that he cannot understand Claimant's complaint. If this is so, the court should offer Mr. Daberko the opportunity to seek competent counsel.

THE COMPLAINT IS CLEAR. All Respondents are alleged to be acting as one by either formal and express, or constructive, delegation(s) of authority from the OFFICE of the Secretary of the Treasury, by and through the OFFICE of the Commissioner of Internal Revenue.

Daberko himself, on one side of his conflicting stories, asserts that his authority to seize Claimant's property is based upon process of the Secretary and Commissioner (levy).

Daberko asserts that statutory provisions provide "property custodians" a complete statutory defense against claims by "delinquent taxpayers".

TO DATE, NO DEFENDANT HAS PRESENTED ANY 23-C ASSESSMENT CERTIFICATE, OR JUDGMENT OF ANY COURT, DETERMINING THAT CLAIMANT IS A "TAXPAYER" AND NOT A "NON-TAXPAYER".

Official /Judicial Notice:    THE LAW IS CLEARLY ESTABLISHED:

> "An assessment of penalty for willful failure to collect or to pay over a tax against one who is not obligated to collect or pay over the tax would be inconsistent with equity, due process, or justice. 26 USCA (IRC 1954) section 6671(b), 6672."

> "Tax officials are not vested with absolute power of assessment against individuals not specified in statutes as persons liable for tax without opportunity for judicial review of status before persons' property is seized and sold, and same is true where liability is asserted as penalty for willful act. 26 USCA (IRC 1954) section 6671 (b), 6672."

> "…in Adler v. Nicholas, 10 Cir., 1948, 166 F.2d 674, 678… "It is equally well settled that **the Revenue laws relate only to taxpayers. No procedure is prescribed for a nontaxpayer** where the Government seeks to levy on property belonging to him for the collection of another's tax, and **no attempt has been made to annul the ordinary rights or remedies of a non-taxpayer in such cases**. If the Government sought to levy on the property of A for a tax liability owing by B, A could not and would not be required to pay the tax under protest and then institute an action to recover the amount so paid. His remedy would be to go into a court of competent jurisdiction and enjoin the Government from proceeding against his property.""

Plaintiffs may or may not be able to allege facts showing that Section 7421 is inapplicable to

them.    However,   **a reasonable construction of the**
**taxing statutes does not include vesting any tax**
**official   with   absolute   power   of   assessment**
**against individuals not specified in the statutes**
**as   persons   liable   for   the   tax   without   an**
**opportunity for judicial review of this status**
**before the appellation of "taxpayer" is bestowed**
**upon them and their property is seized and sold."**
Botta v. Scanlon, 288 F.2d 504 (1961)

FURTHER:

>    "**The   revenue   laws** are   a   code   or   system   in
>    regulation of tax assessment and collection. They
>    **relate to taxpayers, and not to nontaxpayers**. The
>    latter are without their scope. No procedure is
>    prescribed for nontaxpayers, and no attempt is
>    made to annul any of their rights and remedies in
>    due   course   of   law.   With   them   [nontaxpayers]
>    Congress does not assume to deal, and they are
>    neither of the subject nor of the object of the
>    revenue laws".   Economy Plumbing and Heating Co.
>    v. United States, 470 F. 2d 585 (1972)

>    "Since the statutory definition of 'taxpayer' is
>    exclusive, the federal courts do not have the
>    power to create non-statutory taxpayers for the
>    purpose of applying the provisions of the revenue
>    acts.." C.I.R. v. Trustees of L. Inv. Ass'n., 100
>    F.2d 18.

In his un-verified "FACTUAL BACKGROUND", Daberko
admits   that   the   institution   for   which   he   is
fiduciary   received   administrative   summons   (see
SCHULTZ I & II, supra) relating to Claimant.

The   "FACTUAL"   assertion   does   not   allege   that
Daberko,   or   any   person   under   Daberko's   fiduciary
control,   made   any   inquiry   as   to   whether   or   not
Respondent   Ross   was   acting   within   his   lawful

authority when Respondent Ross presented his "summons(es)", whether or not Respondent Ross had complied with any or all due process requisites to issue administrative summons(es).

Daberko had an extraordinary duty, as fiduciary of Claimant's property, to make sure that Respondents were acting within the authority of their official duties before seizing Claimant's property:

> "Whatever the form in which the Government functions, **anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority**. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And **this is so even though**, as here, **the agent himself may have been unaware of the limitations upon his authority**. See, e.g., Utah Power & Light Co. v. United States, 243 U.S. 389, 409 , 391; United States v. Stewart, 311 U.S. 60, 70 , 108, and see, generally, In re Floyd Acceptances, 7 Wall. 666."

Daberko alleges that failure to comply with Defendant Ross' administrative summon(es) would subject a person to civil or criminal penalties, **contrary to clearly established law** (see SCHULTZ I & II, supra).

Daberko's FIRST AND FOREMOST DUTY was to Claimant as fiduciary of Claimant's property.

Mr. Daberko further alleges that he had no

knowledge of what his underlings were doing. Yet Mr. Daberko received several items of Certified United States Mail, and responded to the issues raised in the CERTIFIED UNITED STATES MAIL in responsive letters from his office. If Mr. Daberko really had no knowledge, IT WAS A WILLFUL FAILURE TO KNOW by instructing his staff to keep him IGNOR-ANT. **MAXIM OF LAW:** "IGNORANCE IS NO EXCUSE.

**PERSONUM JURISDICTION**

As a BONDED FIDUCIARY Daberko has a duty to know what his underlings are doing with property for which Daberko is the BONDED FIDUCIARY.

Daberko then argues that he was not in the District of Columbia for the purposes of his actions, and as such he should be dismissed for lack of jurisdiction based upon the District of Columbia's "long arm statute".

FIRST, Daberko purports to have acted in the persona of the Secretary and Commissioner (by agency) and carrying out their duties on their behalf in taking Claimant's property. As previously shown, the offices of Secretary and Commissioner are, by law (4 USC 72), located in the District of Columbia.

SECOND, the district court is expressly granted

supplemental jurisdiction as a matter of statute as codified at 28 USC 1367: (in pertinent part)

> **(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, **in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.** Such supplemental jurisdiction **shall include** claims that involve the **joinder** or intervention **of additional parties**.

The district court has express, Congressionally delegated, personal jurisdiction over the "additional party", Daberko, as subject to a claim that is "so related to claims in the action within such original jurisdiction" of the district court."

So far as Daberko argues that he is not a "government official", this contradicts his assertion that he acted in the name, and on the authority, of the Secretary and Commissioner, exclusively on administrative process (non-binding, see SCHULTZ I & II supra), and without any judgment of any court of competent jurisdiction, making Daberko a voluntary, consenting, agent of the Secretary and Commissioner, and not a private third party compelled to act under the judgment of a court of competent jurisdiction. Also see 28 USC

1367, above.

Daberko repeatedly asserts that he was acting relating to a "taxpayer", collecting "unpaid taxes", yet he fails to produce any judgment or assessment certificate upon which such facts could be found.

Daberko argues that he cannot be held liable for not "ISSUING" a 23-C assessment certificate. Claimant has not alleged that Daberko had any duty to "issue" such a certificate, but instead alleges that Daberko failed to perform his duty under *Utah Power & Light Co. v. United States, 243 U.S. 389, 409 , 391; United States v. Stewart, 311 U.S. 60, 70 , 108,* and *see, generally, In re Floyd Acceptances, 7 Wall. 666* (supra) to obtain proof of authority, inclusive of the underlying instrument upon which collection activity could lawfully lie, the 23-C assessment certificate (see complaint for citations to law), and then to provide Claimant with a COPY as evidence that Daberko had done his due diligence as to Ross' authority.

Daberko does not assert that he made any inquiry as to the validity or authority of Respondent Ross' identity, duty, delegation of authority, or proof of claim before acting on Respondent Ross' demands, thereby assuming the liability and responsibility

for participation in unlawful taking activity as clearly established in *Utah Power & Light Co. v. United States, 243 U.S. 389, 409 , 391; United States v. Stewart, 311 U.S. 60, 70 , 108, and see, generally, In re Floyd Acceptances, 7 Wall. 666 (supra).*

Daberko willfully, or with gross indifference to his fiduciary duty, accepted liability for his part in the taking of Claimant's property as an operation of clearly established law as set forth in *Utah Power & Light Co. v. United States, 243 U.S. 389, 409 , 391; United States v. Stewart, 311 U.S. 60, 70 , 108, and see, generally, In re Floyd Acceptances, 7 Wall. 666* (supra).

Daberko asserts that he, and National City Bank, are discharged from liability as they acted on a "LEVY".

A levy being a part of "collection activity", there must first be an assessment of a tax on a 23-C assessment certificate for any collection activity. While Daberko and NCB may have been provided a form that purported to be a "levy", there could be no actual levy since there is no assessment evidenced by an assessment certificate upon which a levy could be based. Daberko had an obligation to determine if Ross was acting within any lawful

authority before honoring any administrative process.

Daberko's entire "discharge" argument fails absent evidence that 1) Claimant is a "taxpayer"; 2) there is a "levy"; based upon a judgment of a court of competent jurisdiction; and a 23-C assessment certificate. **Daberko has not provided evidence of any of these necessary "facts" to the record**.

As the court clearly said in *Economy Plumbing and Heating Co. v. United States* (supra) in regards to "NON-TAXPAYERS", **"No procedure is prescribed for nontaxpayers, and no attempt is made to annul any of their rights and remedies in due course of law."**

The court clearly found that Claimant's rights, as a non-taxpayer are not annulled by congressional acts pertaining to taxpayers. DUH!

**WHEREFORE:**

The court has a duty to either strike Daberko's motion and memorandum in part or in its entirety as:

A: Self conflicting and unanswerable as incomprehensible; and/or,

B: based upon facts not in evidence, and as such unmeritorious,

and deny Daberko's request to be dismissed, _or_,

IN THE ALTERNATIVE, the court must deny Daberko's motion as unsupported by facts in the record and as contrary to law.

Claimant understands that a retired United States Supreme Court Justice stated that less than two percent (<2%) of the attorneys appearing before the supreme court were competent.

Claimant understands that the level of competence of attorneys available to Respondent Daberko in the open market may be substantially less than the two percent competency rate at the supreme court level.

Claimant understands that the court may determine it necessary to Respondent Daberko's due process rights to provide Respondent Daberko with an opportunity to seek COMPETENT counsel, and additional time to respond.

## SUPPLEMENTAL MEMORANDUM

### United States District Court is NOT an Article III district court of the United States:

JUDICIAL NOTICE OF ADJUDICATIVE FACT:

> **The United States District Court is not a true United States court established under article 3 of the Constitution to administer the judicial powers of the United States therein conveyed. It is created in virtue of the sovereign**

**congressional faculty, granted under article 4, § 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court.** *Balzac v. Porto Rico* 258 U.S. 298 (1922)

FURTHER JUDICIAL NOTICE:

### Statement of Pertinent Facts

Article I, Section 8, Clause 17, provided Congress exclusive federal legislative jurisdiction, municipal plenary (absolute) powers, to exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of Particular States, and the Acceptance of Congress, become the Seat of the Government of the United States [Washington, D.C], and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings.

Pursuant to Article VI, Clause 2, Congress's municipal legislative police powers do not apply within the boundaries of the states of the Union, but they Do apply to the citizens of the District of Columbia and any federal territory that is not within the jurisdiction of one of the several states of the union of several states, which is

confirmed under Title 18 Criminal Code at Sections 5 and 7, per definition of territorial jurisdiction of the United States as follows:

18 U.S.C. Sec. 5. - United States defined

> The term ''**United States**'', as used in this title **in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States,** except the Canal Zone

18 U.S.C. Sec. 7. - **Special maritime and territorial jurisdiction of the United States defined**

> **(3) Any lands** reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place **purchased or** otherwise **acquired** by the United States by consent of the legislature of the State in which the same shall be, **for the erection of a fort, magazine, arsenal, dockyard, or other needful building.**

The above is confirmed by the Department of Justice's publication entitled "United States Attorney's Manual", at Title 9 Criminal Resource Manual, Section 662 through 666.

It is also confirmed under Article IV, Section 3, Clause 2 of the Constitution of the United States, where Congress shall have power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States. Applicability of those rules and the areas it shall apply in a criminal proceeding is defined under the Federal Rules of Criminal Procedure Rule 54 (c) by the statement "as used in these rules an ''Act of Congress'' includes any act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an

insular possession", and is further confirmed at   Code of
Federal Regulations (Internal Revenue Service)  26  CFR
Section 31.3121 (e)-1, (a) and (b) as follows:

Sec. 31.**3121(e)-1**  State, United States, and citizen.

> (a) When used in the regulations in this subpart, **the
> term ``State'' includes the District of Columbia, the
> Commonwealth of Puerto Rico, the Virgin Islands, the
> Territories of Alaska and Hawaii before their
> admission as States, and (when used with respect to
> services performed after 1960) Guam and American
> Samoa.**

> (b) When used in the regulations in this subpart, **the
> term ``United States''**, when used in a geographical
> sense, **means** the several states   (including the
> Territories of Alaska and Hawaii before their
> admission as States), **the District of Columbia, the
> Commonwealth of Puerto Rico, and the Virgin Islands.**
> When used in the regulations in this subpart with
> respect to services performed after 1960, the term
> ``United States'' also includes Guam and American
> Samoa when the term is used in a geographical sense.
> **The term ``citizen of the United States'' includes a
> citizen of the Commonwealth of Puerto Rico or the
> Virgin Islands, and, effective January 1, 1961, a
> citizen of Guam or American Samoa.**

Cases, in Law and Equity, arising und this
Constitution other then municipal laws of Congress shall
arise under Article III, Section 2, Clause 1, The judicial
Power shall extend to all Cases, in Law and Equity, **arising
under this Constitution**, the Laws of the United States, and
Treaties made, or which shall be made, under their
Authority;--… --to Controversies to which the **United States
shall be a Party.**

Under the Supremacy Clause Article VI, Clause 2, This
Constitution, and the Laws of the United States which shall

be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme **Law of the Land**; and **the Judges in every State shall be bound thereby,** any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

The Constitution of North Carolina Article 1, Section 19 mandates that No person shall be taken, imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, or in any manner deprived of his life, liberty, or property, but by the law of the land.

18 U.S.C. § 3231 mandates that the **"district courts of the United States"** shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the <u>United States</u>.

Under the Constitution of the United States at common law, any jurisdiction which has the power to fine and imprison, is a court of record. Salk. 200; Bac. Ab. Fines and Amercements, A.   And courts which do not possess this power are not courts of record.   See Bouvier's Law Dictionary 1856 Ed.

28 U.S.C. 566(c) mandates that the United States Marshals Service shall execute all lawful writs, process, and orders "issued under the **authority of the United States"**.

28 U.S.C. § 547 mandates that the United States Attorney(s) shall prosecute for all offenses against the **United States.** 28 U.S.C. § 547.

Congress  …  cannot  by  legislation  alter  the Constitution, from which alone it derives its power to legislate, and within whose limitations that power can be lawfully exercised.   Eisner v. Macomber, 252 U.S. 189 (1920).

5 U.S.C. 552 (a)(1)(D)(E) mandates that each agency shall make available to the public, information, and shall separately state and **currently publish** in the Federal Register all **substantive rules of general applicability adopted as authorized by law** . . .   A Citizen of the several 50 States  **may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published**.

26 CFR 601.702 (a)(1) Publication in the Federal Register.  Requirement, which reads in part "the Internal Revenue Service" is required under 5 U.S.C. 552 (a)(1) to separately state and currently publish in the Federal Register for the guidance of the public the following information:

(iv)   "Substantive rules of general applicability adopted as authorized by law…"

A closer look at the Implementing Regulation found at 26 CFR 601.702(2)(ii), one finds the Effect of Failure to Publish:

"Except to the extent that a person has actual and timely notice of the terms of any matter referred to in subparagraph (1) of this paragraph which is required to be published in the Federal Register, such

person is not required in any manner to resort to, or be adversely affected by, such matter if it is not so published or is not incorporated by reference therein pursuant to subdivision (i) of the subparagraph. Thus, for example, **any such matter which imposes an obligation and which is not so published or incorporated by reference will not adversely change or affect a person's rights**."

The Congress enacted the Internal Revenue Code of 1954 on August 16th, 1954, and ended [terminated/abolished] the enacted provisions of Subtitle A and Subtitle F relating to such taxes on the very same day. Public Law 591, 83d Congress, approved August 16, 1954, 26 CFR 1.0-1, 26 U.S.C. § 7851. [Clarification added]

There are no substantive rules of general applicability published in the Federal Register pursuant to 26 U.S.C. Subtitle A, and Subtitle F relating to such taxes, that has been enacted or adopted by proper authority for the use by government.

A **'positive law'** as defined in Black's is a "law actually and specifically enacted or adopted by proper authority for use by the government."

### ARGUMENT

Judicial immunity is decidedly not available to a presiding judge if the court upon which s/he presided lacked original jurisdiction. The United States <u>must</u> be the Plaintiff, in order to institute a criminal prosecution against a Citizen of <u>ONE OF</u> the 50 States of the Union. See Article III ("Controversies to which the United States shall be a Party"); <u>Williams v. United States</u>, 289 U.S. 553 (1933). The "United States" was not the Plaintiff in the

case of <u>UNITED STATES OF AMERICA v. STEVEN A. ROEBUCK</u>. The phrase "Controversies to which the United States shall be a Party" is clearly controlling in the instant proceeding. In a nation founded on the principle that the rule of law shall be supreme, *these* are the only criteria that *really* matter:

(1) The **United States** must have been the original complainant, and it was <u>not</u>.

(2) The **Judicial Power of the United States** must have been exercised, and it was <u>not</u>.

(3) A court proceeding in **constitutional mode** must have been convened, and it was <u>not</u>.

(4) The indictment must have been issued under **lawful authority**, and it was <u>not</u>.

The United States District Courts ("USDC") are not constitutional courts vested by law with competent jurisdiction to entertain criminal prosecutions of those Citizens. Confer at "*Inclusio unius est exclusio alterius*" in <u>Black's</u> Sixth Edition.

The 50 States of the Union are not "United States Districts"; they are *judicial* districts! Federal *municipal* law does not operate, of its own force, inside *those* judicial districts. Even though the District of Columbia and Puerto Rico are likewise judicial districts, federal municipal law *can* operate there because neither is a Union State. 28 U.S.C. §§ 88, 119.

Nevertheless, federal municipal law is likewise bound by all restrictions in the U.S. Constitution, because the U.S. Constitution was expressly extended into D.C. in 1871,