IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ELINORE EVANS-HOKE,**

        **Plaintiff,**

v.                                                            Civil Case No. 1:06cv00556-GK

**JOHN SNOW,**
**Secretary of the Treasury,**

**MARK W. EVERSON,**
**Commissioner of Internal Revenue,**

**DAVE ROSS,**
**"Agent of Commissioner Everson,"**

**DAVID A. DABERKO**
**"Bonded Fiduciary, National City Bank, as seizure agent,"**

        **Defendants.**

### REPLY MEMORANDUM IN SUPPORT OF
### MOTION TO DISMISS DAVID A. DABERKO

David A. Daberko moved to dismiss this case for want of personal jurisdiction, improper venue, and/or failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(2), (3) & (6). Plaintiff Elinore Evans-Hoke's ("Plaintiff") opposition brief contends that Mr. Daberko is subject to personal jurisdiction because the Complaint alleges that he acted as an agent of the Treasury Secretary and the Internal Revenue Service ("IRS") Commissioner, whose offices are located in the District of Columbia. Pl.'s Opp. at 2-3, 9-10. She also argues that the Complaint states a claim for relief by alleging that Mr. Daberko violated a fiduciary duty to ensure that the IRS levy on her bank assets was proper. *Id.* at 4-5, 8-9. Neither argument withstands scrutiny. Plaintiff's dispute is with the IRS, not with Mr. Daberko. Her attempt to place him in the middle is groundless. Mr. Daberko should be dismissed from this case.

I.   **PLAINTIFF'S ALLEGATION THAT MR. DABERKO IS AN AGENT OF THE TREASURY SECRETARY AND THE IRS COMMISSIONER IS INSUFFICIENT TO ESTABLISH PERSONAL JURISDICTION OR VENUE.**

As explained in Mr. Daberko's opening brief (at 5-6), to compel him to litigate in this forum, Plaintiff must identify some basis for personal jurisdiction under either the District of Columbia long arm statute or an independent federal statute. Plaintiff contends that the federal supplemental jurisdiction statute, 28 U.S.C. § 1367(a), is an independent source of personal jurisdiction. *See* Pl.'s Opp. at 9-10. She argues that Mr. Daberko is subject to personal jurisdiction because he is an "additional party" to a suit against government officials that reside in the District of Columbia. *See id*; 28 U.S.C. § 1367(a).

Plaintiff's argument confuses personal jurisdiction with subject matter jurisdiction. Section 1367(a) confers supplemental *subject* matter jurisdiction over state claims related to a federal claim within a district court's original jurisdiction. *See generally* 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 3523.1 (West 2006) (hereinafter "*Wright & Miller*"). Section 1367(a) is not an independent source of supplemental *personal* jurisdiction. *See* 4A *Wright & Miller*, § 1069.7 n. 2-4. Nor is it a basis for exerting personal jurisdiction under the District of Columbia long arm statute. *See Morrison Co., Inc. v. WCCO Belting, Inc.*, 35 F. Supp. 2d 1293, 1296 (D. Kan. 1999) (holding that a claim asserted under the federal supplemental jurisdiction statute does not form the basis for asserting personal jurisdiction under the Kansas long-arm statute).[1]

---

[1] Plaintiff's Complaint does not allege that this action is based on supplemental jurisdiction. The Complaint alleges that this action is based on federal question jurisdiction. Compl. at 3. Though supplemental jurisdiction may be dependent on federal question jurisdiction, they are two separate sources of subject matter jurisdiction and should be pled separately. *Contrast* 28 U.S.C. § 1367 *with id.* § 1331; *see* Fed. R. Civ. P. 8(a). But subject matter jurisdiction is not at issue in this Motion; personal jurisdiction is. While Mr. Daberko does not concede that subject matter jurisdiction exists, he does not contest it in this Motion. *See* Memo. in Supp. of Mot. to Dismiss at 8 n.9.

There is no legal authority that supports subjecting Mr. Daberko to personal jurisdiction. Plaintiff's bald allegation that Mr. Daberko is an agent of, or co-conspirator with, the Treasury Secretary and IRS Commissioner is insufficient even to establish prima facie personal jurisdiction. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788-89 (D.C. Cir. 1983). As explained in Mr. Daberko's opening brief (at 7-8), the fact that this Court may have personal jurisdiction over some or all of the Government Defendants does not subject him to personal jurisdiction. The same is true for venue: even if the District of Columbia is a proper venue for claims against some or all of the Government Defendants, it is not a proper venue for Mr. Daberko. *See id.* at 9. Mr. Daberko should be dismissed from this case for want of personal jurisdiction and/or improper venue.[2]

## II. PLAINTIFF'S ALLEGATION THAT MR. DABERKO VIOLATED A FIDUCIARY DUTY TO ENSURE THE PROPRIETY OF THE IRS LEVY IS INSUFFICIENT TO STATE A CLAIM FOR RELIEF.

Plaintiff argues that Mr. Daberko and National City Bank owed her a fiduciary duty to ensure that the IRS acted within its authority to levy her bank assets. *See* Pl.'s Opp. at 7-8, 11-12. This argument is at odds with the federal statutory scheme establishing the procedure for IRS levies. As explained in Mr. Daberko's opening brief (at 12-14), the IRS has broad authority to levy property to satisfy outstanding tax obligations. *See* 26 U.S.C. § 6331; *United States v. Nat'l Bank of Commerce*, 472 U.S. 713 (1985). Property custodians are subject to personal liability and civil penalties for failing to honor a levy, even if the levy's propriety is disputed. *Id.* § 6332(d); *United States v. First Nat'l Bank of Bellaire*, No. Civ. A. H-82-2567, 83-2 USTC

---

[2] Plaintiff also argues that Mr. Daberko is "attempting to change the jurisdiction of the court to a territorial tribunal instead of a constitutional Article III court." Pl.'s Opp. at 2, 42. In support of this argument, Plaintiff attached a 27-page "Supplemental Memorandum" contending that a "United States District Court is NOT an Article III district court of the United States." *Id.* at 14 (emphasis in original). The Supplemental Memorandum and the arguments contained therein have nothing to do with this Court's jurisdiction. The only ripe jurisdictional issue is whether Mr. Daberko is subject to personal jurisdiction in the District of Columbia. Mr. Daberko is not subject to personal jurisdiction because he has no contact whatsoever with the District of Columbia that is related to this case.

¶ 9648, 1983 WL 1666, *2 (S.D. Tex. Aug. 12, 1983).  To ensure that property custodians are not pitted between a taxpayer and the IRS, and because property custodians have no choice but to honor a levy, they are shielded from liability to a seized property's owner for claims arising from a levy.  *Id.* § 6332(e).  Plaintiff's claim against Mr. Daberko is precisely the type this federal statutory arrangement is designed to prevent.

Plaintiff's retort to Mr. Daberko's statutory defense is that it should not apply because Mr. Daberko and National City Bank have not produced any evidence that she is a taxpayer.  *See* Pl.'s Opp. at 3-6.  She contends that Mr. Daberko and National City Bank must produce a Form 23C Assessment Certificate or a judgment from a court of competent jurisdiction demonstrating she is a "'TAXPAYER' AND NOT A 'NON-TAXPAYER.'"  *Id.* at 6 (emphasis in original).

Any argument Plaintiff may have with the IRS about her taxpayer status has nothing to do with her claim against Mr. Daberko.  Mr. Daberko and National City Bank had no obligation to verify that Plaintiff in fact owes the IRS back taxes or to ensure that the levy on Plaintiff's assets was proper (and there is no credible allegation that it was improper).  Mr. Daberko and National City Bank's only obligation was to honor the levy.  *See* Memo. in Supp. of Mot. to Dismiss at 11-14.  There is no authority to the contrary.  The litany of caselaw cited by Plaintiff relates to issues having nothing to do with IRS levies and property custodians' statutory obligation to honor them.

Plaintiff evidently believes that the federal revenue laws do not apply to her.  She believes that the IRS levy was unlawful and that her seized assets should be returned.  Those disputes have nothing to do with Mr. Daberko – he should not be trapped in the middle of Plaintiff's dispute with the IRS.

## CONCLUSION

For the foregoing reasons and for the reasons stated in the May 22, 2006 Memorandum in Support of Motion to Dismiss David A. Daberko, David A. Daberko respectfully moves for an order dismissing him from this case.

DATED:   June 26, 2006

Respectfully submitted,

/s/ John M. Majoras
John M. Majoras (D.C. Bar No. 474267)
Joseph P. Cooney (D.C. Bar No. 494026)

JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Phone: (202) 879-3939
FAX: (202) 626-1700

**ATTORNEYS FOR DEFENDANT
DAVID A. DABERKO**

**CERTIFICATE OF SERVICE**

The undersigned, an attorney for David A. Daberko, hereby certifies that I caused a copy of the foregoing Reply Memorandum in Support of Motion to Dismiss David A. Daberko to be served via United States mail on:

Elinore Evans-Hoke
2708 Inverness Road
Shaker Heights, OH  44122-2706

**PLAINTIFF**

A courtesy copy of the foregoing was also served by United States mail on:

Anita Gill, Esq.
Office of Area Counsel
Internal Revenue Service
One Cleveland Center, Suite 1200
1375 East Ninth Street
Cleveland, OH  44114

**ATTORNEY FOR THE INTERNAL REVENUE SERVICE**

Dated:  June 26, 2006

/s/ J.P. Cooney
Attorney for David A. Daberko