IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELINORE EVANS-HOKE, | ) |
| | ) |
| Plaintiff, | ) No. 1:06-cv-556 (GK) |
| | ) |
| v. | ) |
| | ) |
| JOHN SNOW, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS**

Defendants, John Snow, Mark W. Everson, and Dave Ross, respectfully request that the Court substitute the United States as the proper party defendant pursuant to 28 U.S.C. § 2679(d)(1). As the plaintiff is suing the three named individuals in their official capacity, the suit is essentially against the United States. Further, this is a wrongful collection action suit in which the United States is the only proper party defendant. See 26 U.S.C. § 7433.

Under Fed. R. Civ. P. 12(b)(1), (2), (3), (5), and (6), the defendants respectfully request that the Court dismiss this action. As grounds for this motion, the defendants assert that this Court lacks subject-matter jurisdiction over plaintiff's unauthorized collection claim, the Anti-Injunction Act bars the injunctive relief plaintiff seeks, the Declaratory Judgment Act bars the declaratory relief plaintiff seeks, and plaintiff failed to properly serve the United States.

Specifically, plaintiff has failed to demonstrate that she filed an administrative claim for damages, which is required before the United States' sovereign immunity is

waived. See 26 U.S.C. § 7433(a); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004). Since plaintiff has not so alleged, this Court lacks subject-matter jurisdiction. Moreover, as plaintiff is a resident of Ohio and challenges the collection activity conducted in Ohio, venue in this Court is lacking. See 28 U.S.C. § 1391(e).

In addition, plaintiff seeks to enjoin the Internal Revenue Service from engaging in any further collection activity. (Compl. ¶¶ 5,6,7). Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection taxes. Thus, this Court may not grant injunctive relief. Plaintiff also seeks declaratory relief, but plaintiff can not obtain declaratory relief with respect to federal taxes. See 28 U.S.C. §2201. Further, plaintiff has failed to state a claim for damages. Plaintiff has not alleged sufficient facts to demonstrate that she is entitled to any relief. Finally, plaintiff has failed to properly serve the United States. It appears that plaintiff has not served the Attorney General of the United States and the United States Attorney's Office as required by Fed. R. Civ. P. 4(i). Thus, plaintiff's complaint should be dismissed for improper service.

A supporting memorandum of law and proposed order are filed with this motion.

DATED: July 3, 2006.

                                              Respectfully submitted,

                                              /s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELINORE EVANS-HOKE, | ) |
| | ) |
| Plaintiff, | ) No. 1:06-cv-556 (GK) |
| | ) |
| v. | ) |
| | ) |
| JOHN SNOW, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS**

In her complaint, Plaintiff seeks both declaratory relief (Compl. ¶¶ 1, 2, 3, 4, ) and injunctive relief (Compl. ¶ ¶ 5, 6, 7) against the defendants. In part, plaintiff requests that the Court find that she was not a taxpayer in the year 2000 and 2001, that the Court find that all collection action taken for those two years was wrongful, and that the Court enjoin the Internal Revenue Service from engaging in further collection activity. Plaintiff also requests unspecified damages for the wrongful collection. (Compl. ¶7). For the reasons provided below, the Court cannot grant the requested relief.

<u>This Court Should Substitute the United States as the Proper Party Defendant</u>

The defendants – the former Secretary of the Treasury, the Commissioner of the Internal Revenue Service, and a revenue officer – are not proper parties to this action. In this wrongful collection suit, plaintiff is suing the defendants in their official capacity. Thus, the United States should be substituted as the proper party defendant pursuant to

28 U.S.C. § 2679(d)(1).

Further, the proper defendant in a wrongful collection action is the United States and not the employees of the Internal Revenue Service. See 26 U.S.C. § 7433(a). See also Hassell v. United States, 203 F.R.D. 241, 244 (N.D. Tex. 1999) (explaining that the United States is the only proper defendant). Thus, the Court should substitute the United States as the proper party defendant and dismiss the three Internal Revenue Service employees.

This Court Lacks Subject-Matter Jurisdiction over Damages Claim

Plaintiff purports to state a claim for damages under 26 U.S.C. § 7433, and seeks unspecified damages (Compl. ¶ 7.) This Court does not have jurisdiction over plaintiff's section 7433 claim because she has failed to demonstrate that she filed an administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiff's claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust her

administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).

Here, plaintiff has not alleged that she filed a written claim with the area director which complies with the requirements of the regulations. Instead, she states that she

"has completed a common law remedy proceeding[] . . . . ." (Compl. p. 3 of 12.) Therefore, plaintiff has not met her burden to prove that the United States has unequivocally waived its sovereign immunity. Because plaintiff has not met her burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over his section 7433 claim, and the Court should dismiss the complaint.

## Venue Is Improper

Under 28 U.S.C. § 1391(e), venue in a suit against the United States or employees of the United States is proper in judicial district in which the plaintiff resides or where a substantial part of the events which gave rise to the claim occurred. Inasmuch as plaintiff is a resident of Ohio and is suing for the unauthorized collection action which took place in Ohio, venue in this Court is improper. Thus, because venue is lacking in this Court, this case should be dismissed. See Fed. R. Civ. P. 12(b)(3).

## Plaintiff's Requests for Injunctive Relief and Declaratory Relief are Barred by Declaratory Judgment Act and the Anti-injunction Act

Plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities. (Compl. ¶ 6). Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421) Plaintiff's complaint also requests for declaratory relief. Specifically, she requests that the Court find that she was not a taxpayer for the years 2000 and 2001. (Compl. ¶ 3). Such declaratory relief is barred by the Declaratory Judgment Act (28 U.S.C. § 2201).

Since "the Anti-Injunction Act and the Declaratory Judgment Act operate coterminously, the . . . analysis of the impact of the Anti-Injunction Act . . . also determines the effect of the Declaratory Judgment Act." National Taxpayers Union v. United States, 68 F.3d 1428, 1435 (D.C. Cir. 1995). Thus, the United States relies on its analysis of the Anti-injunction Act to support its argument that both plaintiff's requests for injunctive relief and declaratory relief are barred.

The Anti-Injunction Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim. See 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case. In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiff to demonstrate that his suit falls within the purview of the judicially-created exception to the Anti-Injunction Act.

Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail. Further, plaintiff has failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies. See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn , 766 F.2d at 598. In certain situations, plaintiff can temporarily forestall collection — which is the ultimate relief she requests— by requesting a "collection due process hearing" with the Internal Revenue Service. See 26 U.S.C. § 6330. Moreover, she can fully pay the taxes and then file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which she can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the Enoch test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief and declaratory relief. Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction or declaratory relief. Thus, the Court should dismiss this case.

Plaintiff Has Failed to State a Damages Claim

Even if the Court deems her generic assertions that she has exhausted his administrative remedies, plaintiff's complaint is legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6). Plaintiff purports to state a claim for damages for unauthorized collection action, and seeks unspecified damages (Compl. ¶ 7). Plaintiff's complaint is legally insufficient, and should be dismissed under Fed. R. Civ.

P. 12(b)(6). Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder. 26 U.S.C. § 7433. Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). But, here, there are no facts in the plaintiff's complaint to support a claim for damages, and thus, this Court should conclude that she has not in fact stated such a claim. For example, plaintiff does not describe the unauthorized collection nor does she describe the injuries she allegedly incurred. In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]." 26 U.S.C. § 7433. Because plaintiff has failed to state a claim upon which relief can be granted, this Court should dismiss this case.

<u>The Court Lacks Personal Jurisdiction over the Internal Revenue Service</u>

In order to effect proper service on the United States, the plaintiff must obtain summonses and serve the summonses and complaint on the United States Attorney for the District of Columbia, the Attorney General for the United States, and the Internal Revenue Service. <u>See</u> Fed. R. Civ. P. (4)(i)(1) and (2). If a plaintiff attempts service by mail on the United States Attorneys Office, then it must be done by certified mail and addressed to the civil process clerk. <u>See</u> Fed. R. Civ. P. (4)(i). Service of a summons and

complaint in the manner provided by Fed. R. Civ. P. 4 is both mandatory and jurisdictional. See Moncrief v. Stone, 961 F.2d 595 (6th Cir. 1992) (dismissing suit for failing to serve United States Attorney).  Upon information and belief, plaintiff has not served the Attorney General and the United States Attorney's Office with a summons and copy of the complaint.  Since plaintiff has failed to properly serve the United States, plaintiff's complaint should be dismissed for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5).

In addition, this Court does not have personal jurisdiction over the United States, because the United States has not been properly served. The Court acquires personal jurisdiction over a defendant only if the defendant is properly served.  Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987); see also United Electrical, Radio & Machine Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1085 (1st Cir. 1992) ("[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction." (citing Lorelei Corp. v. County of Guadalupe, 940 F.2d 717, 719 (1st Cir. 1991)); Amen v. Dearborn, 532 F.2d 554, 557 (6th Cir. 1976) ("Axiomatically, due process requires proper service of process in order to obtain in personam jurisdiction [].").  Since the plaintiff has not properly served the United States, the Court lacks personal jurisdiction and should dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2).

## CONCLUSION

In sum, for the following reasons the Court should dismiss this action. This Court does not have subject-matter jurisdiction over plaintiff's unauthorized collection claim as plaintiff has failed to exhaust administrative remedies. Venue is lacking in this Court as plaintiff resides in Ohio and any collection activity took place in Ohio. The Anti-Injunction Act prohibits an injunction against the collection of plaintiff's taxes. Further, plaintiff can not obtain declaratory relief with respect to federal taxes. Plaintiff has failed to state a claim for damages. Finally, plaintiff did not serve the Attorney General and the United States Attorney's Office with a copy of the summons and complaint, thus the Court lacks personal jurisdiction over the United States.

DATED: July 3, 2006.

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney