PLAINTIFF:
**Elinore Evans-Hoke**
2708 Inverness Rd
Shaker Hts
Ohio

## district court of the United States
## for the District of Columbia
Article III Constitutional Jurisdiction

| | |
|---|---|
| <u>**Elinore Evans-Hoke**</u><br>                    CLAIMANT<br><br>Vs<br><br><u>**John Snow**</u>, et al.<br>         RESPONDENT(S) | No.<br><br>**06-CV-556 GK**<br><br><u>RESPONSE IN OBJECTION TO</u><br><u>DEFENDANTS' MOTION TO</u><br><u>DISMISS</u> as to<br>DEFENDANT(s) JOHN SNOW,<br>MARK W. EVERSON, and<br>DAVE ROSS<br><br>(service) |

COMES NOW THE CLAIMANT to respond and object to the <u>DEFENDANTS' MOTION TO DISMISS</u>:

**VERIFICATION**

---
**VERIFICATION CERTIFICATE**

Ohio state                              )
                                        )     DECLARATION
Cuyahoga county                         )

Declarant, Elinore Evans-Hoke, states that Declarant is competent to be a witness and the facts presented in the instrument <u>to which this certificate is affixed</u> are true and correct to the best of Declarant's first hand knowledge and belief under penalty of perjury.

*[signature]*                                    7-26-2006

_____        _____
Declarant Signature                            Date

---

**RECEIVED**

**AUG 7 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**<u>NOTE: Defendants' motion is captioned in a different court thaqn that which the Claimant convened:</u>**

See following supplemental memorandum regarding the substantial differences between a district court of the United States and a United States District Court.

**<u>DEFENDANT'S MOTION AS TO SUBSTITUTION OF PARTIES IS UNSUPPORTED BY EVIDENCE:</u>**

Claimant has not received service, nor does it appear the court has received and filed (per PACER) with the court, that any certificate by competent authority that the acts complained of are certified to be within the scope of such Respondent's official duties.

United States Code, Title 28 § 2679(b) excludes the protections of liability assumption by the United States where it is alleged that the constitution or statutes were violated by a United States' officer or agent.

Title 28 § 2679(c) provides the procedure for an officer or agent of the United States to request intervention by the United States, **which procedure does not appear by any authenticated evidence appearing in the record.**

Title 28 § 2679(d) requires the United States, by act of the Attorney General, to certify that the acts complained of are within the scope of such officer or agent's constitutional and statutory duties, and ***the motion and memorandum to dismiss are not accompanied by any evidence of such a certificate.***

### DEFENDANTS' MOTION AND MEMORANDUM AS TO THE ANTI-INJUNCTION ACT IS UNSUPPORTED BY ANY EVIDENCE.

The Anti-Injunction Act expressly forbids the courts of the United States from enjoining the collection of any tax (26 USC 7421).

Claimant alleges as FACT in the complaint that there are no taxes assessed and due. Claimant supports this allegation of FACT with administrative process, inclusive of FOIA /Privacy Act process evidencing requests for the 23C assessment certificate and the United States' response(s) thereto evidencing the FACT that no such evidence exists.

Absent assessment of a tax, there can be no tax due invoking the Anti-Injunction Act since any collection activities by Respondents are not activities in the collection of any tax due.

### DEFENDANTS' MOTION AND MEMORANDUM ERRONIOUSLY

## ASSERT THAT CLAIMANT'S CLAIM IS BASED ON 26 USC 7433

Claimant's claim does not purport to, or otherwise assert that the claim is brought on any relationship to 26 USC § 7433.

To invoke § 7433 Claimant would have to assert as fact that Claimant is a "taxpayer". *Claimant's claim evidences that Claimant asserts for controversy the QUESTION OF FACT of whether or not any court has adjudicated that Claimant is a "taxpayer".*

To invoke § 7433 Claimant would have to assert as fact that the acts complained of are acts collecting a tax due, and that the tax collection acts were not permitted by law. *Claimant's claim evidences that Claimant asserts for controversy the QUESTION OF FACT of whether or not any tax is assessed and due.*

## DEFENDANTS' MOTION AND MEMORANDUM GROSSLY MISREPRESENT THE VENUE QUALIFICATIONS OF 28 USC 1391.

§ 1391 provides (*in pertinent part, emphasis added*):

> (e) *A civil action in which a defendant is an officer or employee of the United*

> ***States*** **or any agency thereof acting** in his official capacity or **under color of legal authority,** or an agency of the United States, or the United States, ***may,*** except as otherwise provided by law, ***be brought in any judicial district in which***
> > (1) ***a defendant in the action resides,***
> > (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, ***or***
> > (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

Respondent's motion and memorandum completely ignores §§ (1), and attempts to mislead the court as if §§ 1 and the qualifier OR does not exist.

Claimant's claim clearly alleges as FACT that as an operation of law Defendants SECRETARY SNOW and COMMISSIONER EVERSON reside within the District of Columbia, 4 USC 72.

## DEFENDANTS' MOTION AND MEMORANDUM GROSSLY MISREPRESENT THE JURISDICTIONAL RESTRICTIONS OF THE DECLARATORY JUDGMENTS ACT (28 USC 2201)

The Declaratory Judgment Act prohibits actions delariatory in nature as to taxes **EXCEPT as provided in 11 USC 505:**

> (a)(1) Except as provided in paragraph (2) of

> this subsection, ***the court may determine the*** amount or ***legality of any tax***, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

The courts have further recognized, <u>AS CLEARLY ESTABLISHED LAW</u>, the same principals:

> Adler v. Nicholas, 10 Cir., 1948, 166 F.2d 674: "***<u>It is equally well settled that the Revenue laws relate only to taxpayers</u>. No procedure is prescribed for a nontaxpayer*** where the Government seeks to levy on property belonging to him for the collection of another's tax, ***and <u>no attempt has been made to annul the ordinary rights or remedies of a non-taxpayer</u>*** in such cases. If the Government sought to levy on the property of A for a tax liability owing by B, A could not and would not be required to pay the tax under protest and then institute an action to recover the amount so paid. ***<u>His remedy would be to go into a court of competent jurisdiction and enjoin the Government</u>*** from <u>proceeding against his property</u>."

<u>Petitioner expressly is demanding this type of declaratory remedy</u>: <u>IS PETITIONER LEGALLY A 'TAXPAYER'?</u>

The law is clearly established that a party cannot be presumed to be a federal "taxpayer" but may only be subject to that appellation by declaration by judgment in court:

> Botta v. Scanlon, 288 F.2d 504 (1961) *citing prior clearly established law*:

"***Tax officials are not vested with absolute power of assessment against individuals not specified in statutes as persons liable for tax without opportunity for judicial review of status*** before persons' property is seized and sold, and same is true where liability is asserted as penalty for willful act. 26 USCA (IRC 1954) section 6671 (b), 6672."

"…in Adler v. Nicholas, 10 Cir., 1948, 166 F.2d 674, 678… "***It is equally well settled that the Revenue laws relate only to taxpayers***. ***No procedure is prescribed for a nontaxpayer*** where the Government seeks to levy on property belonging to him for the collection of another's tax, ***and no attempt has been made to annul the ordinary rights or remedies of a non-taxpayer*** in such cases. If the Government sought to levy on the property of A for a tax liability owing by B, A could not and would not be required to pay the tax under protest and then institute an action to recover the amount so paid. ***His remedy would be to go into a court of competent jurisdiction and enjoin the Government from proceeding against his property.***""

    Plaintiffs may or may not be able to allege facts showing that Section 7421 is inapplicable to them. However, ***a reasonable construction of the taxing statutes does not include vesting any tax official with absolute power of assessment against individuals not specified in the statutes as persons liable for the tax without an opportunity for judicial review of this status before the appellation of "taxpayer" is bestowed upon them*** and their property is seized and sold."

"Since the statutory definition of 'taxpayer' is exclusive, the federal courts do not have the

> power to create non-statutory taxpayers for the purpose of applying the provisions of the revenue acts.." C.I.R. v. Trustees of L. Inv. Ass'n., 100 F.2d 18.

Respondents admit, citing ENOCHS V. WILLIAMS PACKING & NAVIGATION CO. 370 US 1,7 (1962) that the Anti-Injunction Act does not apply "if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail …"

Taking the FACTS that 1) the Respondents have failed to produce any evidence of an assessment certificate (Form 23C); and 2) the Respondents have not produced any evidence of any judicial review action declaring Petitioner a "taxpayer" AND combined with the CLEARLY ESTABLISHED LAW that absent a judicial review determination that a party is a "taxpayer" it must be presumed that the party is not a "taxpayer" (see BOTTA V SCANLON, supra); AND the CLEARLY ESTABLISHED LAW that a 23C assessment certificate is the document upon which a tax is assessed and upon which collection activity may lawfully occur:

> **IRM 3.17.63.19   (10-01-2005)**
> **Assessments**
> Delegation Order 29 gives the Submission Processing Director authority to appoint one or more assessment officers. This appointment should not be given to a position lower than a Operation

Manager. An Operation Manager may, by designation, appoint an assessment officer to sign the Summary Record of Assessment (23C) in the absence of the Operation Manager. **The 23C must be certified (signed) on the assessment date**.

Internal Revenue Manual: **Account 6110 Tax Assessments**

> (2) All tax assessments must be recorded on Form 23C Assessment Certificate. The Assessment Certificate must be signed by the Assessment Officer and dated. **The Assessment Certificate is the legal document that permits collection activity.**

Internal Revenue Manual: **Certification**

> (1) All assessments must be certified by signature of an authorized official on Form 23-C, Assessment Certificate. **A signed Form 23C authorizes issuance of notices and other collection action.**

***Brafman v. United States*, 384 F.2d 863 (5th Cir. 1967):**

> "The assessment certificate involved in this case, a photostated [sic] copy of which is in the record, is not signed by an assessment officer or by any other official. **Since the certificate lacks the requisite signature, it cannot constitute a valid assessment,**"

> "Even the instructions on the reverse side of the assessment certificate, **Form 23C**, specify that the original form **'is to be transmitted to the District Director for signature, after which it will be returned to the Accounting Branch for permanent filing,'**" *Id.*, at 866.

> "What is important in any case is that **assessment is not automatic** upon recordation; **it requires** the action of an assessment officer. That action, as defined explicitly in the Treasury Regulations, is **the signing of the**

**certificate**," *Id., at 867.*

*Robinson v. United States, 920 F.2d 1157, 1158 (3rd Cir. 1990):*

> "**A duly designated official for the district or regional tax center signs the summary record of the assessment**, which identifies the taxpayers, the type of tax owed, the taxable period and the amount of the assessment. *26 U.S.C. §6203; Treas. Reg. §301.6203-1.*"
>
> Therefore, from the above authority, **the documents which are executed in making an assessment are clearly known.** First, **the assessment is made on a Form 23-C**. This assessment form may apply either to a single individual or a group. The supporting documentation for a Form 23-C is the assessment lists, which must contain (1) the identification of the taxpayer; (2) character of liability assessed; (3) taxable period, if applicable; and (4) amount of the assessment. **If these documents do not exist, the absence proves that there has been no assessment and consequently, no tax collection activities may be pursued**.

While Petitioner could fill numerous pages with cases stating and re-stating these same premises, these cases, citing many other cases, PROVIDE THE COURT **JUDICIAL NOTICE OF THE CLEARLY ESTABLISHED LAW**.

BASED UPON THE LAW AND THE FACTS APPEARING OF RECORD, EXAMINED IN THE LIGHT MOST FAVORABLE TO GOVERNMENT, **UNDER NO CIRCUMSTANCES COULD THE GOVERNMENT PREVAIL**!

Absent a judicial review determination that

Petitioner is a "taxpayer", Petitioner has no remedy under the Internal Revenue Code, and must therefore exercise the clearly established right to an equitable remedy as CLEARLY ESTABLISHED in Botta v. Scanlon (supra) citing Adler v. Nicholas, 10 Cir., 1948, 166 F.2d 674:

> "***It is equally well settled that the Revenue laws relate only to taxpayers***. ***No procedure is prescribed for a nontaxpayer*** where the Government seeks to levy on property belonging to him for the collection of another's tax, ***and no attempt has been made to annul the ordinary rights or remedies of a non-taxpayer*** in such cases ... ***His remedy would be to go into a court of competent jurisdiction and enjoin the Government from proceeding ...***"

Respondents counsel **asks the court to act contrary to clearly established law** and ASSUME that Petitioner is a "taxpayer" AND that in the absence of any 23C assessment that this is a "tax collection" case.

### SUPPLEMENTAL MEMORANDUM
### United States District Court is NOT an Article III district court of the United States:

JUDICIAL NOTICE OF ADJUDICATIVE FACT:

> The United States District Court is not a true United States court established under article 3 of the Constitution to administer the judicial powers of the United States therein conveyed. It is created in virtue of the sovereign congressional faculty, granted under article 4, § 3, of that instrument, of making all needful

> rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court. *Balzac v. Porto Rico* 258 U.S. 298 (1922)

<u>FURTHER JUDICIAL NOTICE</u>:

### Statement of Pertinent Facts

Article I, Section 8, Clause 17, provided Congress exclusive federal legislative jurisdiction, municipal plenary (absolute) powers, to exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of Particular States, and the Acceptance of Congress, become the Seat of the Government of the United States [Washington, D.C], and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings.

Pursuant to Article VI, Clause 2, Congress's municipal legislative police powers do not apply within the boundaries of the states of the Union, but they Do apply to the citizens of the District of Columbia and any federal territory that is not within the jurisdiction of one of the several states of the union of several states, which is confirmed under Title 18 Criminal Code at Sections 5 and 7, per definition of territorial jurisdiction of the United States as follows:

18 U.S.C. Sec. 5. - United States defined

> The term ''**United States**'', as used in this title **in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States,** except the Canal Zone

18 U.S.C. Sec. 7. - **Special maritime and territorial jurisdiction of the United States defined**

> **(3) Any lands** reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place **purchased or** otherwise **acquired** by the United States by consent of the legislature of the State in which the same shall be, **for the erection of a fort, magazine, arsenal, dockyard, or other needful building.**

The above is confirmed by the Department of Justice's publication entitled "United States Attorney's Manual", at Title 9 Criminal Resource Manual, Section 662 through 666.

It is also confirmed under Article IV, Section 3, Clause 2 of the Constitution of the United States, where Congress shall have power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States. Applicability of those rules and the areas it shall apply in a criminal proceeding is defined under the Federal Rules of Criminal Procedure Rule 54 (c) by the statement "as used in these rules an ''Act of Congress'' includes any act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an insular possession", and is further confirmed at Code of Federal Regulations (Internal Revenue Service) 26 CFR Section 31.3121 (e)-1, (a) and (b) as follows:

Sec. 31.3121(e)-1  State, United States, and citizen.

(a) When used in the regulations in this subpart, **the term ``State'' includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, the Territories of Alaska and Hawaii before their admission as States, and (when used with respect to services performed after 1960) Guam and American Samoa.**

(b) When used in the regulations in this subpart, **the term ``United States'', when used in a geographical sense, means** the several states (including the Territories of Alaska and Hawaii before their admission as States), **the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands.** When used in the regulations in this subpart with respect to services performed after 1960, the term ``United States'' also includes Guam and American Samoa when the term is used in a geographical sense. **The term ``citizen of the United States'' includes a citizen of the Commonwealth of Puerto Rico or the Virgin Islands, and, effective January 1, 1961, a citizen of Guam or American Samoa.**

Cases, in Law and Equity, arising und this Constitution other then municipal laws of Congress shall arise under Article III, Section 2, Clause 1, The judicial Power shall extend to all Cases, in Law and Equity, <u>arising under this Constitution</u>, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--… --to Controversies to which the **United States shall be a Party**.

Under the Supremacy Clause Article VI, Clause 2, This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme <u>Law of the Land</u>; and **the Judges in every State shall be bound thereby,** any Thing in

the Constitution or Laws of any State to the Contrary notwithstanding.

The Constitution of North Carolina Article 1, Section 19 mandates that No person shall be taken, imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, or in any manner deprived of his life, liberty, or property, but by the law of the land.

18 U.S.C. § 3231 mandates that the **"district courts of the United States"** shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

Under the Constitution of the United States at common law, any jurisdiction which has the power to fine and imprison, is a court of record. Salk. 200; Bac. Ab. Fines and Amercements, A. And courts which do not possess this power are not courts of record. See Bouvier's Law Dictionary 1856 Ed.

28 U.S.C. 566(c) mandates that the United States Marshals Service shall execute all lawful writs, process, and orders "issued under the **authority of the United States"**.

28 U.S.C. § 547 mandates that the United States Attorney(s) shall prosecute for all offenses against the **United States.** 28 U.S.C. § 547.

Congress … cannot by legislation alter the Constitution, from which alone it derives its power to legislate, and within whose limitations that power can be lawfully exercised. Eisner v. Macomber, 252 U.S. 189 (1920).

5 U.S.C. 552 (a)(1)(D)(E) mandates that each agency shall make available to the public, information, and shall separately state and **currently publish** in the Federal Register all **substantive rules of general applicability adopted as authorized by law** . . . A Citizen of the several 50 States <u>**may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published**</u>.

26 CFR 601.702 (a)(1) Publication in the Federal Register. Requirement, which reads in part "the Internal Revenue Service" is required under 5 U.S.C. 552 (a)(1) to separately state and currently publish in the Federal Register for the guidance of the public the following information:

(iv) "Substantive rules of general applicability adopted as authorized by law…"

A closer look at the Implementing Regulation found at 26 CFR 601.702(2)(ii), one finds the Effect of Failure to Publish:

> "Except to the extent that a person has actual and timely notice of the terms of any matter referred to in subparagraph (1) of this paragraph which is required to be published in the Federal Register, such person is not required in any manner to resort to, or be adversely affected by, such matter if it is not so published or is not incorporated by reference therein pursuant to subdivision (i) of the subparagraph. Thus, for example, <u>**any such matter which imposes an obligation and which is not so published or incorporated by reference will not adversely change or affect a person's rights**.</u>"

Evans-Hoke v Secretary RESPONSE to Def Mtn2DISMISS.rtf

The Congress enacted the Internal Revenue Code of 1954 on August 16th, 1954, and ended [terminated/abolished] the enacted provisions of Subtitle A and Subtitle F relating to such taxes on the very same day. Public Law 591, 83d Congress, approved August 16, 1954, 26 CFR 1.0-1, 26 U.S.C. § 7851. [Clarification added]

There are no substantive rules of general applicability published in the Federal Register pursuant to 26 U.S.C. Subtitle A, and Subtitle F relating to such taxes, that has been enacted or adopted by proper authority for the use by government.

A **'positive law'** as defined in Black's is a "law actually and specifically enacted or adopted by proper authority for use by the government."

### ARGUMENT

Judicial immunity is decidedly not available to a presiding judge if the court upon which s/he presided lacked original jurisdiction. The United States <u>must</u> be the Plaintiff, in order to institute a criminal prosecution against a Citizen of <u>ONE OF</u> the 50 States of the Union. See Article III ("Controversies to which the United States shall be a Party"); <u>Williams v. United States</u>, 289 U.S. 553 (1933). The "United States" was not the Plaintiff in the case of <u>UNITED STATES OF AMERICA v. STEVEN A. ROEBUCK</u>. The phrase "Controversies to which the United States shall be a Party" is clearly controlling in the instant proceeding. In a nation founded on the principle that the rule of law

shall be supreme, *these* are the only criteria that *really* matter:

    (1) The **United States** must have been the original complainant, and it was <u>not</u>.

    (2) The **Judicial Power of the United States** must have been exercised, and it was <u>not</u>.

    (3) A court proceeding in **constitutional mode** must have been convened, and it was <u>not</u>.

    (4) The indictment must have been issued under **lawful authority,** and it was <u>not</u>.

The United States District Courts ("USDC") are not constitutional courts vested by law with competent jurisdiction to entertain criminal prosecutions of those Citizens. Confer at "*Inclusio unius est exclusio alterius*" in <u>Black's</u> Sixth Edition.

The 50 States of the Union are not "United States Districts"; they are *judicial* districts! Federal *municipal* law does not operate, of its own force, inside *those* judicial districts. Even though the District of Columbia and Puerto Rico are likewise judicial districts, federal municipal law *can* operate there because neither is a Union State. 28 U.S.C. §§ 88, 119.

Nevertheless, federal municipal law is likewise bound by all restrictions in the U.S. Constitution, because the U.S. Constitution was expressly extended into D.C. in 1871, and into all federal Territories in 1873. See 16 Stat. 419, 426, Sec. 34; 18 Stat. 325, 333, Sec. 1891, respectively.

The nomenclature "United States District", as found on the caption pages of all federal court pleadings, is now being used to trigger *legislative* mode without adequate notice to criminal defendants, in violation of the Fifth and Sixth Amendments.  This dubious mechanism is called "silent judicial notice" [*sic*] -- surely a misnomer, if ever there was one.  It would be entirely more accurate to call it "silent *legislative* notice", since the practice is now rampant within legislative courts, and the DCUS are currently vacant.

But, has Congress been silent, or merely vague?

Vagueness, once fully documented *wherever* it occurs, will be shown to conflict *directly* with the stated legislative intent of the Act of June 25, 1948, to wit: "The provisions of title 28, Judiciary and Judicial Procedure, of the United States Code, set out in section 1 of this Act, ... **shall be construed as continuations of existing law ....**"  Moreover, **"No loss of rights, interruption of jurisdiction,** or prejudice to matters pending in any of such courts on the effective date of this Act **shall result from its enactment."**  [**bold** emphasis added]  See Miscellaneous Provisions, Act of June 25, 1948, C. 646, sections 2 to 39, 62 Stat. 985 to 991, as amended.

In good faith, Accused constructs these Miscellaneous Provisions to read:  "No loss of Rights and no interruption of jurisdiction shall result from its enactment."

It is evident to Accused, that the district courts of the United States were never expressly abolished by Congress.  Congress knows how to abolish courts when it intends to do so.  If Congress had intended to abolish the

DCUS, they would (and should) have said so. The period between 1789 *A.D.* and 1948 *A.D.* spans <u>159 years</u> of judicial history! Hiding a herd of elephants under a rug would be easier than hiding the DCUS under a pretense. The Act of June 25, 1948, attempted fraudulently to conceal the Article III district courts of the United States, and to create the false impressions that they had been re-defined as, replaced by, and/or rendered synonymous with, the United States District Courts. See 28 U.S.C. §§ 132, 451. It is a cardinal rule of statutory construction that repeals by implication are decidedly not favored. <u>U.S. v. United Continental Tuna</u>, 425 U.S. 164, 168 (1976); <u>U.S. v. Hicks</u> (9th Cir. 1991).

Virtually every Federal initiative in the Union of several States in both civil and criminal actions is defective by virtue of being without lawful authority. All cases are prosecuted in United States District Courts in the name and by authority of the UNITED STATES OF AMERICA. The United States District Court isn't what it seems; the 'UNITED STATES OF AMERICA' isn't what it seems, either. These are fatal flaws. Only district courts of the United States, as defined at 28 U.S.C. § 451, and three remaining territorial courts, are courts of the United States. United States District Courts situated in the Union of several States are private courts; they do not exercise Article III or Article I (legislative-territorial) judicial authority of the United States. The Article III district court was defined in a 1938 Supreme Court decision <u>Mookini v. United States</u> 303 U.S. 201, (1938), as follows: