> The term "District Courts of the United States," as used in the rules, without an addition expressing a wider connotation, has its historic significance. It describes the constitutional courts created under article 3 of the Constitution. Courts of the Territories are legislative courts, properly speaking, and are not District Courts of the United States. We have often held that vesting a territorial court with jurisdiction similar to that vested in the District Courts of the United States does not make it a "District Court of the United States."

The legitimate territorial court, designated as a United States District Court, was defined by the Supreme Court in <u>Balzac v. Porto Rico</u> 258 U.S. 298, in 1922:

> The United States District Court is not a true United States court established under article 3 of the Constitution to administer the judicial powers of the United States therein conveyed. It is created in virtue of the sovereign congressional faculty, granted under article 4, § 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court.

One of the better listings of "courts of the United States" is the definition of courts which the Administrative Office of Courts of the United States has jurisdiction over, at 28 U.S.C. § 610. However, this list is dated. Since the definition was last amended, the United States District Court for the Canal Zone has been abolished, and the territorial court (United States District Court) for the Northern Mariana Islands has been added:

> As used in this chapter the word "courts" includes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade.

A somewhat different but maybe clearer approach is used in the definition at 28 U.S.C. § 1869(f). This subsection 'defines' what courts of the United States are authorized by statute to convene grand and petit (trial) juries, and effectively bridges civil and criminal so far as lawful courts of the United States are concerned:

> (f) "district court of the United States", "district court", and "court" shall mean any district court established by chapter 5 of this title, and any court which is created by Act of Congress in a territory and is invested with any jurisdiction of a district court established by chapter 5 of this title...

Criminal jurisdiction of the United States, found at 18 U.S.C. § 3231, is vested in "district courts of the United States", not "United States District Courts", and the same is true in civil forums in title 28 of the United States Code. Sections of the Code which reflect jurisdiction similar to district courts of the United States in territorial courts are found for the most part in title 48, Territories and Insular Possessions. The Virgin Islands territorial court is unique in that it is vested with concurrent maritime jurisdiction at 18 U.S.C. § 3241. However, the 'territorial' jurisdiction can and does extend only to the insular possession itself, along with territorial waters. The Canal Zone territorial court had concurrent admiralty and maritime jurisdiction until it was abolished, and prior to admission as States of the Union,

concurrent maritime jurisdiction was vested in various of the territorial courts.

No Article III or Article I jurisdiction of the United States is vested in United States District Courts situated in the Union of several States party to the Constitution. They are not courts created by Congress -- they are private courts created by a judicial consortium. These judges were for the most part appointed under authority of Article III § 1 of the Constitution to preside in lawful courts of the United States, but without constitutional or statutory authority, elected to set up a system of private court system which operates under the territorial illusion.

In the opinions of recognized constitutional scholars, such as Justice Story, the Congress has affirmative *obligations* to create *and* to maintain constitutional district courts, proceeding in *judicial* mode. The reason for this is simple, if not immediately obvious:

The <u>original</u> jurisdiction of the U.S. Supreme Court is quite limited under Article III, as compared to its <u>appellate</u> jurisdiction under Article III. The Supreme Court's appellate jurisdiction under Article III embraces matters that arise under the Supremacy Clause (Constitution, Laws and Treaties of the United States). See Arising Under Clause at Article III, Section 2, Clause 1 ("3:2:1"), and 28 U.S.C. 1331 (Federal question).

Cases that arise under the Supremacy Clause, as mirrored by 3:2:1 and 28 U.S.C. 1331, would need to originate <u>first</u> in an *inferior constitutional* court, <u>before</u> those cases could ever reach the U.S. Supreme Court on

appeal.  The exact same argument can be extended to this Court's jurisdiction:  specifically, a criminal prosecution against a Citizen of ONE OF the 50 States of the Union must <u>first</u> originate in an *inferior constitutional* court, <u>before</u> such a case could ever reach the Fourth Circuit on appeal!

Therefore, Congress must first create *constitutional* courts proceeding in *judicial* mode, <u>and</u> then it must also perpetuate them, in order to satisfy the Fifth Amendment. To do otherwise would constitute a clear violation of the Fifth Amendment, which mandates due process of law (among other things).

This mandate is also embodied in numerous provisions of the International Covenant on Civil and Political Rights, a United States treaty rendered supreme Law by the Supremacy Clause.  See Article 14 in that Covenant, for example.

The entire thrust of that Covenant is to guarantee independent, impartial and qualified judicial officers presiding upon courts of competent jurisdiction (and not Star Chambers or other tribunals where summary proceedings are the norm, and where due process is not a fundamental Right but a *privilege* granted at the discretion of those tribunals).

United States District Courts situated in the several States are not Article III district courts of the United States, and they are not Article I territorial courts, known as United States District Courts.  It is fair to say that they are courts which do not exist by laws of the

United States promulgated by Congress, and do not exercise judicial authority of the United States.

Next, it is particularly important to understand that the "UNITED STATES OF AMERICA" responsible for civil and criminal initiatives in United States District Courts is a government foreign to the United States that has no constitutional or statutory authority in the several States party to the Constitution.

The UNITED STATES OF AMERICA currently responsible for Federal civil and criminal initiatives is not the original. It is a political coalition, compact or alliance of insular possessions of the United States subject to sovereignty of the United States via Congress' plenary power (near-absolute) in territory belonging to the United States under authority of Article IV, Sec. 3, cl. 2 of the Constitution. By way of various sections of the United States Code, delegations of authority, treaties, etc., we know the substitute "UNITED STATES OF AMERICA" is territorial, it is a jurisdiction foreign to the United States, and it is defined as an agency of the United States (see notes following 18 U.S.C. § 1001, and 18 U.S.C. § 6, 1994 edition, derived from 18 U.S.C. § 80, 1940 edition). The entity is very probably classified or designated as a municipal corporation. By putting the "United States" and the "UNITED STATES OF AMERICA" in the same statute or regulation, the two entities are distinguished as being unique and separate -- the "this is not that" test applies. The following is reproduction of 18 U.S.C. § 80, 1940 ed.:

§ 80. (Criminal Code, section 35(A).) Presenting false claims. Whoever shall make or cause to be made or present or cause to be presented, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, or any department thereof, or any corporation in which the United States of America is a stockholder, any claim upon or against the Government of the United States, or any department or officer thereof, or any corporation in which the United States of America is a stockholder, knowing such claim to be false, fictitious, or fraudulent; or whoever shall knowingly and willfully falsify or conceal or cover up by any trick, scheme, or device a material fact, or make or cause to be made any false or fraudulent statements or representations, or make or use or cause to be made or used any false bill, receipt, voucher, roll, account, claim, certificate, affidavit, or deposition, knowing the same to contain any fraudulent or fictitious statement or entry in any matter within the jurisdiction of any department or agency of the United States or any corporation in which the United States of America is a stockholder, shall be fined not more than $10,000 or imprisoned not more than ten years, or both. [Emphasis added]

Knowing that there are two entities identified as the "United States of America" helps, then seeing the "United States" and the "United States of America" clearly set out in the same section of the United States Code or the Code of Federal Regulations provides the means for conceptual clarification and orientation. It is clear that, "The United States is not the United States of America," then conclude by way of the Constitution and laws of the United States that the United States, not the United States of America, has lawful authority in the Union of several States party to the Constitution.

Using the Internal Revenue Code as an example for the purposes of this argument proper authority is tied together

in the Internal Revenue Code at 26 U.S.C. § 7402. This section, in subsection (a), is specific with respect to the "United States" being the lawful principal of interest, and the "district court of the United States" being the court where government may secure lawful remedies:

> *(a)* To issue orders, process, and judgments; The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction, and of ne exeat republica, orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws. The "United States' must bring the action -- "... at the instance of the United States..." -- in a "district court of the United States," in all "civil actions."

Making a non-criminal claim or complaint in a court is a "civil action," and it may be in two different forms. It may proceed "in the course of the common law," or "in the course of the civil law." The terminology of law is at best confusing for most people even where there is no deceptive intent, so there is an inherent problem of explaining the meaning of words and phrases even for many people who practice law. The problem is even worse where there is intentional deception, which is the case for the Internal Revenue Code and other titles of the United States Code.

The Internal Revenue Code is full of deception. One example relates to forfeitures. In the Internal Revenue Code, forfeitures are designated as 'in rem' actions, and

are to be executed in United States District Courts, this stipulation at 26 U.S.C. § 7323:

> Sec. 7323. Judicial action to enforce forfeiture.
>
> (a) Nature and venue. The proceedings to enforce such forfeitures shall be in the nature of a proceeding in rem in the United States District Court for the district where such seizure is made.

The United States District Court is a territorial court, and the in rem action is an admiralty/maritime action, which proceeds "in the course of the civil law," contrary to due process in the course of the common law secured by the Fifth, Sixth, and Seventh Articles of Amendment, and presumed by the "arising under" clause at Article III § 2.1 of the Constitution. Again it is necessary to understand terminology and implications of terminology to grasp meaning of 26 U.S.C. § 7323. However, with what has already been addressed, we can conclude that the current Internal Revenue Code does not authorize seizures and forfeitures in the Union of several States party to the Constitution -- these portions of the Internal Revenue Code are limited to territorial and maritime jurisdiction of the United States. Thus, 'venue' for forfeitures, venue meaning territorial jurisdiction, is determined in the context of § 7323 by designation of the territorial court rather than the Article III district court of the United States as the court with authority to effect seizures and forfeitures. Only three legitimate territorial courts remain, designated via 1994 legislation at 18 U.S.C. § 23 -- United States District Courts of Guam, the Northern Mariana Islands, and the Virgin Islands. Therefore, per 26 U.S.C. § 7323, all suits for seizure and

forfeiture must be in one of the three remaining territorial courts, not in district courts of the United States situated in the Union of several States party to the Constitution. That the "United States", not the "UNITED STATES OF AMERICA", is the constitutionally and statutorily-authorized principal of interest, and must therefore be the prosecuting party via lawful courts of the United States, is reasonably easy to track through statutory authority relating to revenue laws. By going to the 1934 edition of the United States Code, authority of the "United States" is verified for actions to enforce forfeitures, etc.

Authority is found at 28 U.S.C. § 732, 1934 ed., as follows:

> § 732. Suits for duties, imposts, taxes, penalties, or forfeitures. All suits for the recovery of any duties, imposts, or taxes, or for the enforcement of any penalty or forfeiture provided by any act respecting imposts or tonnage, or the registering and recording or enrolling and licensing of vessels, or the internal revenue, or direct taxes, and all suits arising under the postal laws, shall be brought in the name of the United States. [Emphasis added]

The origin of 28 U.S.C. § 732, 1934 ed., is § 919 of the Revised Statutes of 1878, the beginning-place for the United States Code. By going to the Revised Statutes of 1878, we can compare the section with that in the Code to see proper authority:

> Sec. 919. All suits for the recovery of any duties, imposts, or taxes, or for the enforcement of any penalty or forfeiture provided by any act respecting imports or tonnage, or the registering and recording or enrolling and licensing of registering and

recording or enrolling and licensing of vessels, or the internal revenue, or direct taxes, and all suits arising under the postal laws, shall be brought in the name of the United States. [Emphasis added]

The 1934 U.S.C. section duplicates § 919 of the Revised Statutes of 1878, the Revised Statutes of 1878 providing the point of demarcation for current law of the United States. Annotation to § 919 of the Revised Statutes of 1878 cite original legislation as follows: Act of 4 Aug., 1790, c. 35, s. 67, v. 1, p. 176. 31 Dec. 1792, c. 1, s. 29, v. 1, p. 298. 18 Feb., 1793, c. 8. s. 35, v. 1, p. 317. 2 Mar., 1799, c. 22, s. 89, v. 1, pp. 695, 696. 13 July, 1866, c. 184, s. 9, v. 14, pp. 111, 145. 8 June, 1872, c. 335, s. 303, v. 17, p. 323.

Additionally, the Supreme Court of the United States has determined authority of the "United States" to sue in the absence of statutory authority specifying the principal. In the absence of statutory authority, or statutes to the contrary, the Attorney General may initiate suit in the name and by authority of the United States. <u>United States v. San Jacinto Tin Co.</u>, 125 U.S. 273 (1888); <u>United States v. Beebe</u>, 127 U.S. 338 (1888); <u>United States v. Bell Telephone Co.</u>, 128 U.S. 315 (1888).

Finally, the matter is ultimately put to rest by the original judiciary act of September 24, 1789. The first section which speaks to authority of the United States is § 9, 1 Stat. 76:

> Sec. 9. And be it further enacted, That the district courts

> (c) shall have, exclusively of the courts of the several States, cognizance of all crimes and offences that shall be cognizable under the authority of the United States... Actions of a civil nature are addressed in 11, 1 Stat. 78: Sec. 11. And be it further enacted, That the circuit courts shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature at common law or in equity, where the matter is dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs...

Duties of the United States Marshal clarify authority of the United States, with no other authority listed, at § 27, 1 Stat. 87:

> Sec. 27. And be it further enacted, That a marshal shall be appointed in and for each district for the term of four years ... (b) And to execute throughout the district, all lawful precepts directed to him, and issued under the authority of the United States...

To close the loop, this same basic charge of responsibility for the U.S. Marshal is found in the 1994 edition of the United States Code at § 566(c):

> (c) Except as otherwise provided by law or Rule of Procedure, the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States...

Nowhere is there constitutional or statutory authority for the "UNITED STATES OF AMERICA" to serve as principal of interest in civil or criminal causes in the Union of several States party to the Constitution. This might be a minor thing of no consequence if the "UNITED STATES OF AMERICA" wasn't a distinct, separate geographical and political entity foreign to the "United States", but the evidence clearly shows that the United States and the

UNITED STATES OF AMERICA are distinct and different with distinct and separate geographical authority. There is no other "law or Rule of Procedure" authorizing the UNITED STATES OF AMERICA as prosecuting principal in civil or criminal judicial forums in the 50 States of the Union; all writs, process, and orders of courts of the United States which the U.S. Marshal's Service may execute must be "issued under the authority of the United States."

This Court is respectfully requested to recognize, and take formal *judicial* notice, that the *ex post facto* restriction in the U.S. Constitution ("1:9:3") emphatically bars Congress from retroactively re-defining the meaning of "district court of the United States" as that term was used in all federal legislation *prior to* June 25, 1948 *A.D.* See, for example, the Sherman Antitrust Act, and the Securities and Exchange Act. Accused's Immunity from *ex post facto* legislation is a fundamental Right. See Privileges and Immunities Clause ("4:2:1").

To complete this argument, we turn to the U.S.C.. 5 U.S.C. Section 552 describes in particular detail various items which must be published by federal agencies in the Federal Register:

> (E) each amendment, revision or repeal of the foregoing. Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published. For the purpose of this paragraph, matter reasonably available to the class of persons affected thereby is deemed published in the Federal Register

when incorporated by reference therein with the approval of the Director of the Federal Register."

A "rule" for publication purposes is certainly an agency requirement imposed on the public which implements or prescribes law. Pursuant to § 552(a)(1)(D), **"substantive rules of general applicability"** [applicable to the general public in the 50 States] must be published in the Federal Register; an omission in this respect means that the unpublished rule is unenforceable against one without notice:

> (D) substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency;

One must also consider 26 CFR 601.702 (a)(1) Publication in the Federal Register. Requirement, which reads in part "the Internal Revenue Service" is required under 5 U.S.C. 552 (a)(1) to separately state and currently publish in the Federal Register for the guidance of the public the following information:

> (iv) "Substantive rules of general applicability adopted as authorized by law…"

A closer look at the Implementing Regulation found at 26 CFR 601.702(2)(ii), one finds the Effect of Failure to Publish:

> "Except to the extent that a person has actual and timely notice of the terms of any matter referred to in subparagraph (1) of this paragraph which is required to be published in the Federal Register, such person is not required in any manner to resort to, or be adversely affected by, such matter if it is not so

> published or is not incorporated by reference therein pursuant to subdivision (i) of the subparagraph. Thus, for example, **any such matter which imposes an obligation and which is not so published or incorporated by reference will not adversely change or affect a person's rights.**"

The U.S. Government Printing Office has published a booklet entitled **"How Our Laws Are Made"** a product of the 105th Congress, 1st Session Document 105-14 published in 1998. On review of the part titled "Enacted Law" one finds the following to wit:

> "One of the important steps in the enactment of a **valid law** [*versus prima facie invalid law*] is the requirement that it shall be made known to the people who are to be bound by it. There would be no justice if the state were to hold its people responsible for conduct before it made known to them the unlawfulness of such behavior. In practice, **our laws are published** [*in the Federal Register*] **immediately upon their enactment so that the public will be aware of them.**" [Clarification added]

Twenty-two of the 50 titles of the U.S. Code have been revised and enacted into positive law, and two have been eliminated by consolidation with other titles. Titles that have been enacted into positive law are legal evidence of the law, and the courts receive them as proof of those laws. A **'positive law'** as defined in Black's is a "*law actually and specifically enacted or adopted by proper authority for use by the government.*"

We now turn to Public Law 591, 83d Congress, approved August 16, 1954, referred to in Code of Federal Regulations 26 CFR 1.0-1 as follows:

(a) Enactment of law. The Internal Revenue Code of 1954 which became law upon enactment of Public Law 591, 83d Congress, approved August 16, 1954, provides in part as follows:

(a)(1) The provisions of this Act set forth under the heading "Internal Revenue Title" may be cited as the "Internal Revenue Code of 1954"

(d) Enactment of Internal Revenue Title into law. The Internal Revenue Title referred to in subsection (a)(1) is as follows: In general, <u>the provisions of the Internal Revenue Code of 1954 are applicable with respect to taxable years beginning after December 31, 1953, and **ending after August 16, 1954**.</u>

(b) Scope of regulations. The regulations in this part deal with (1) the income taxes imposed under **subtitle A** of the Internal Revenue Code of 1954, and (2) certain administrative provisions contained in **subtitle F** of such Code relating to such taxes.

For applicability of revenue laws we turn to 26 U.S.C. § 7851 where we find the following:

(a) Subtitle A (1)(A) Chapters 1, 2, 4, and 6 of this title shall apply only with respect to taxable years beginning after December 31, 1953, and ending after the date of enactment of this title, …

(6) Subtitle F (A) General rule – The provisions of subtitle F shall take effect on the day after the date of enactment of this title and shall be applicable with respect to any tax imposed by this title. [other than Subtitle A income taxes]

In good faith, Accused constructs these provisions in 26 CFR and 26 U.S.C. to read: The Congress enacted the Internal Revenue Code of 1954 on August 16th, 1954, and then about 14.7 nanoseconds later [or sometime during the day] terminated the enacted provisions of Subtitle A and Subtitle F relating to such taxes on the very same day. The question before this court now begs to be asked. How can a prima facie law be law, if it has not been enacted or adopted by proper authority for the use by government as a

substantive rule of general applicability, and is not published in the Federal Register as legal evidence having force and effect.

The "assumptions" of facts seem to gain strength over people when the 'assumption' has been ongoing for a long period of time.

How can this be, one might ask? The answer lies in letter drafted by former President William H. Taft requesting that the Congress create a new piece of legislation and propose an amendment to the Constitution. That document has been published in the Congressional Record-Senate June 16, 1909 Pages 3344-3345 and is the legislative intent and backbone of the creation of the 16th Amendment to wit:

> "…it is now proposed to make up the deficit by the imposition of a general income tax, in form and substance of almost exactly the same character as, that which in the case of <u>Pollock v. Farmers' Loan and Trust Company</u> (157 U. S., 429) was held by the Supreme Court to be a direct tax **[Unconstitutional]**, and therefore not within the power of the Federal Government to Impose unless apportioned among the several States according to population." [Emphasis added][Clarification added]
>
> "The decision of the Supreme Court in the income-tax cases **<u>deprived the National Government of a power</u>** which, by reason of previous decisions of the court, it was generally supposed that Government had." [Emphasis added]
>
> "I therefore recommend to the Congress that both Houses, by a two-thirds vote, shall propose an amendment to the Constitution conferring the power to **levy an income tax <u>upon the National Government</u>** without apportionment among the States in proportion to population." [Emphasis added]

> "This course is much to be preferred to the one proposed of reenacting a **law once judicially declared to be <u>unconstitutional</u>**." [Emphasis added]

> "Second, the decision in the *Pollock* case left power in the National Government to levy an excise tax, which accomplishes the same purpose as a corporation income tax… " [Emphasis added]

> "I therefore recommend an amendment to the tariff bill Imposing upon all [Federal] corporations and [Federal] joint stock companies for profit, except national banks (otherwise taxed), savings banks, and building and loan associations, an excise tax measured by 2 per cent on the net income of such corporations. This is an excise tax upon the privilege of doing business as an artificial entity and of freedom from a general partnership liability enjoyed by those who own the stock." [Emphasis added][Clarification added]

> "The decision of the Supreme Court in the case of <u>Spreckels Sugar Refining Company</u> against <u>McClain</u> (192 U. S., 397), seems clearly to establish the principle that such a tax as this is an excise tax upon privilege and not a direct tax on property…"

When a Judicial Court needs to understand any law, one of the first steps taken is to review what the legislature was seeking to achieve and the reasons behind the law being created. President Taft directed Congress to place an income tax upon the 'employees, officers, and elected officials of the 'United States' [federal government] under federal exclusive legislative jurisdiction. Pursuant to the Federal Rules of Criminal Procedure Rule 54 (c) "Act of Congress" is defined as follows:

> "Act of Congress" includes any act of Congress locally applicable to and in force in the District of Columbia, in Puerto Rico, in a territory or in an insular possession. [Emphasis added]

The definition of an "Act of Congress" is in line with President Taft's request above, where any act is applicable

only to the employees, officers and the elected official of the United States federal government and in force in the District of Columbia where the seat of the National government lies, in Puerto Rico, in a territory or in an insular possession all under the exclusive legislative jurisdiction of the federal government under Congress's plenary (absolute) power.

A committee was assembled by Attorney General Herbert Brownell, Jr.. Their detailed study was reported in a publication entitled Jurisdiction over Federal Areas within the States, April 1956 (Volume I) and June 1957 (Volume II). The committee's report demonstrates, beyond any doubt, that the sovereign States and their laws are outside the legislative and territorial jurisdiction of the United States, federal government. They are totally outside the federal zone. A plethora of evidence is found in the myriad of cited court cases (700+) which prove that the United States cannot exercise exclusive legislative jurisdiction outside territories or places purchased from, or ceded by, the 50 States of the Union. Attorney General Brownell described the committee's report as an "exhaustive and analytical exposition of the law in this hitherto little explored field". In his letter of transmittal to President Dwight D. Eisenhower, Brownell summarized the two volumes as follows:

> Together, the two parts of this Committee's report and the full implementation of its recommendations will provide a basis for reversing in many areas the swing of "the pendulum of power * * * from our states to the central government" to which you referred

in your address to the Conference of State Governors on June 25, 1957.

**CONCLUSION:**

A. *Respondents have failed to respond to the pleading of the Claimant in the <u>district court of the United States</u>, and it appears that Respondent's counsel is incompetent or is fraudulently attempting to change the jurisdiction of the court to a territorial tribunal instead of a constitutional Article III court.*

B. Respondents' counsel motion and memorandum are completely off point, assume facts and allegations not appearing as a matter of record, seek the court's collusion in making assumptions contrary to clearly established law, and has not supported any factual assertion with any evidence.

WHEREFORE: the court should strike Respondents' motion and memorandum as not applicable to any matter before the court (unmeritorious, frivolous), or in the alternative deny the motion as failing to raise any meritorious issue before the court.

SINCE THE MOTION AND MEMORANDUM EVIDENCE EITHER INCOMPETENCE, LACK OF UNDERSTANDING OF THE ISSUES, AND /OR EFFORTS TO COMMIT FRAUD UPON THE COURT, the

court should refer this matter to competent authority to determine if counsel is able to adequately litigate protect the interests of the Respondents.

Respectfully presented this 26 day of July 2006.

*[signature]*
Elinore Evans-Hoke
Claimant

## SERVICE

**Washington state** )
 ) **DECLARATION**
**United States** )

Declarant states that Declarant is competent to be a witness, is not a party to the action, and under penalty of perjury declares that Declarant placed a copy of the instrument to which this Declaration is affixed in the United States mail, First Class postage pre-paid, addressed to each Respondent or counsel as required by law:
Done this 31 day of August 2006.

*[signature]*
**Declarant Signature**