| Form 668-W(ICS) (Jan. 2003) | Department of the Treasury – Internal Revenue Service **Notice of Levy on Wages, Salary, and Other Income** |
|---|---|

DATE: **01/13/2006**

REPLY TO:  **Internal Revenue Service**
      **DAVE ROSS**
      **5990 WEST CREEK RD.**
      **INDEPENDENCE, OH 44131**

TELEPHONE NUMBER
OF IRS OFFICE: **(216)520-7203**

NAME AND ADDRESS OF TAXPAYER:
**ELINORE E HOKE**
**2708 INVERNESS RD**
**SHAKER HTS, OH 44122-2706**

TO:  **NATIONAL CITY BANK**
    **ATTN: TRUST DEPARTMENT**
    **1900 E. 9TH ST**
    **CLEVELAND, OH 44114**

IDENTIFYING NUMBER(S):  **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**

**HOKE**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2000 | 146088.35 | 26088.42 | 172166.77 |
| 1040 | 12/31/2001 | 117582.03 | 10007.42 | 127589.45 |
| | | | | |
| | | | | |
| | | | | |
| | | | Total Amount Due  ⟹ | 299756.22 |

We figured the interest and late payment penalty to **02-12-2006**

**THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.**

The Internal Revenue Code provides that there is a lien for the amount shown above. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

We levy this money to the extent it isn't exempt, as shown in the instructions. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.

If you don't owe money to this taxpayer, please call us at the telephone number at the top of this form. Instead of calling us you may complete the back of Part 3, attach it as a cover to the rest of this form, and return all parts to IRS in the enclosed envelope.

If you do owe money to this taxpayer, please see the back of this page for instructions on how to act on this notice.

| Signature of Service Representative
**DAVE ROSS** | Title
**REVENUE OFFICER** |

Part 1 –     For Employer or other Addressee     Catalog No. 35390F     www.irs.gov     Form 668-W(ICS) (1-2003)

| Form 668-W(ICS) | Department of the Treasury – Internal Revenue Service |
|---|---|
| (Jan. 2003) | **Notice of Levy on Wages, Salary, and Other Income** |

DATE: 01/13/2006

REPLY TO: Internal Revenue Service
DAVE ROSS
5990 WEST CREEK RD.
INDEPENDENCE, OH 44131

TELEPHONE NUMBER
OF IRS OFFICE: (216)520-7203

NAME AND ADDRESS OF TAXPAYER:
ELINORE E HOKE
2708 INVERNESS RD
SHAKER HTS, OH 44122-2706

TO:    NATIONAL CITY BANK
ATTN: TRUST DEPARTMENT
1900 E. 9TH ST
CLEVELAND, OH 44114

IDENTIFYING NUMBER(S):  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

HOKE

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2000 | 146078.35 | 26088.42 | 172166.77 |
| 1040 | 12/31/2001 | 117582.03 | 10007.42 | 127589.45 |
| | | | **Total Amount Due**  ➡ | 299756.22 |

We figured the interest and late payment penalty to **02-12-2006**

Although we asked you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect the unpaid amount. We will send other levies if we don't get sufficient funds to pay the total amount you owe.

This levy requires the person who received it to turn over to us: your wages and salary that have been earned but not paid, as well as wages and salary earned in the future until the levy is released; and (2) your other income that the person has now or is obligated to pay you. This money is levied to the extent it isn't exempt, as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (*cash, cashier's check, or money order*) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to United States Treasury. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If you have any questions or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time for us to call you.

**Please see the back of Part 5 for instructions.**

| Signature of Service Representative | Title |
|---|---|
| DAVE ROSS | REVENUE OFFICER |

Part 2 –    For Taxpayer                Catalog No. 35390F        www.irs.gov                Form 668-W(ICS) (1-2003)

| Form 668-W(ICS) (Jan. 2003) | Department of the Treasury – Internal Revenue Service<br>**Notice of Levy on Wages, Salary, and Other Income** |
|---|---|

DATE: 01/13/2006

REPLY TO: **Internal Revenue Service**
**DAVE ROSS**
**5990 WEST CREEK RD.**
**INDEPENDENCE, OH 44131**

TELEPHONE NUMBER
OF IRS OFFICE: **(216)520-7203**

NAME AND ADDRESS OF TAXPAYER:
**ELINORE E HOKE**
**2708 INVERNESS RD**
**SHAKER HTS, OH 44122-2706**

TO:     **NATIONAL CITY BANK**
**ATTN: TRUST DEPARTMENT**
**1900 E. 9TH ST**
**CLEVELAND, OH 44114**

IDENTIFYING NUMBER(S):  **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**

**HOKE**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2000 | 146078.35 | 26088.42 | 172166.77 |
| 1040 | 12/31/2001 | 117582.03 | 10007.42 | 127589.45 |

| Employer or Other Addressee: Please complete the back of this page. | Total Amount Due ⇒ | 299756.22 |
|---|---|---|

We figured the interest and late payment penalty to __02-12-2006__

**Statement of Exemptions and Filing Status** (To be completed by taxpayer; Instructions are on the back of Part 5)

My filing status for my income tax return is (check one):     ☐ Single;     ☐ Married Filing a Joint Return;
☐ Married Filing a Separate Return;     ☐ Head of Household; or     ☐ Qualifying Widow(er) with dependent child

**ADDITIONAL STANDARD DEDUCTION:** _____     (Enter amount only if you or your spouse is at least 65 and/or blind.)

I certify that I can claim the people named below as personal exemptions on my income tax return and that none are claimed on another Notice of Levy.
No one I have listed is my minor child to whom (as required by court or administrative order) I make support payments that are already exempt from levy.
I understand the information I have provided may be verified by the Internal Revenue Service. Under penalties of perjury, I declare that this statement of
exemptions and filing status is true.

| Name (Last, First, Middle Initial) | Relationship (Husband, Wife, Son, Daughter, etc.) | Social Security Number (SSN) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| payer's Signature | Date |
|---|---|

Part 4 –     For Employer or other Addressee to keep after Taxpayer completes

Form **668-W(ICS)** (1-2003)

| Form: 668-A(ICS) | Department of the Treasury – Internal Revenue Service |
|---|---|
| (Jan. 2003) | **Notice of Levy** |

DATE: 01/12/2006

REPLY TO: **Internal Revenue Service**
       **DAVE ROSS**
       **5990 WEST CREEK RD.**
       **INDEPENDENCE, OH 44131**

TELEPHONE NUMBER
OF IRS OFFICE: **(216)520-7203**

NAME AND ADDRESS OF TAXPAYER:
**ELINORE E HOKE**
**2708 INVERNESS RD**
**SHAKER HTS, OH 44122-2706**

TO:  **NATIONAL CITY BANK**
     **ATTN: TRUST DEPARTMENT**
     **1900 E. 9TH ST**
     **CLEVELAND, OH 44114**

IDENTIFYING NUMBER(S):  **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**

**HOKE**

THIS IS NOT A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2000 | 146078.35 | 26056.95 | 172135.30 |
| 1040 | 12/31/2001 | 117582.03 | 9982.96 | 127564.99 |

| | | Total Amount Due | 299700.29 |
|---|---|---|---|
| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT ═══════════════════ ⇒ | | | |

We figured the interest and late payment penalty to **02-11-2006**

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code **must be held for 21 calendar days** from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying number(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

To respond to this levy —
1. Make your check or money order payable to **United States Treasury**.
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order (not on a detachable stub.)
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

| Signature of Service Representative | Title |
|---|---|
| **/S/ DAVE ROSS** | **REVENUE OFFICER** |

Part 3 –  Complete and return to IRS     Catalog No. 35389E    www.irs.gov     Form **668-A(ICS)** (1-2003)

| Form 668-A(ICS) | Department of the Treasury – Internal Revenue Service |
|---|---|
| (Jan. 2003) | **Notice of Levy** |

DATE: 01/12/2006

REPLY TO: **Internal Revenue Service**
    **DAVE ROSS**
    **5990 WEST CREEK RD.**
    **INDEPENDENCE, OH 44131**

TELEPHONE NUMBER
OF IRS OFFICE: **(216)520-7203**

NAME AND ADDRESS OF TAXPAYER:
**ELINORE E HOKE**
**2708 INVERNESS RD**
**SHAKER HTS, OH 44122-2706**

TO:    **NATIONAL CITY BANK**
    **ATTN: TRUST DEPARTMENT**
    **1900 E. 9TH ST**
    **CLEVELAND, OH 44114**

IDENTIFYING NUMBER(S):  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

**HOKE**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2000 | 146078.35 | 26056.95 | 172135.30 |
| 1040 | 12/31/2001 | 117582.03 | 9982.96 | 127564.99 |

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT ⇒ | Total Amount Due | 299700.29 |
|---|---|---|

We figured the interest and late payment penalty to  **02-11-2006**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code **must hold your money for 21 calendar days** before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury**. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| nature of Service Representative) | Title |
|---|---|
| /S/ DAVE ROSS | **REVENUE OFFICER** |

**Part 2 –**    For Taxpayer        Catalog No. 35389E    www.irs.gov        Form 668-A(ICS) (1-2003)

*COVER SHEET FOR ATTACHMENT*

## SCHULTZ CASES

(2nd Circuit, 2005)

*TO*

## district court of the United States for the District of Columbia

No.

## 06-CV-556 GK

### MOTION AND MEMORANDUM FOR PROTECTION ORDER

## KEY EXCERPTS:

**Schultz I:**

"...absent an effort to seek enforcement through a federal court, IRS summonses apply no force to taxpayers, and no consequence whatever can befall a taxpayer who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order...[a taxpayer] cannot be held in contempt, arrested, detained, or otherwise punished for refusing to comply with the original IRS summons, no matter the taxpayer's reasons, or lack of reasons for so refusing."

As the Supreme Court pointed out in United States v. Bisceglia, **IRS summonses have no force or effect unless the Service seeks to enforce them through a §7604 proceeding.** 420 U.S. 141, 146 (1975), 10

395 F.3d 463 (2nd Cir. 2005)


**Schultz II:**

"...The government has moved to amend our per curiam opinion, reported at Schulz v. IRS., 395 F.3d 463 (2nd Cir. 2005) ("Schulz I")... Having considered the arguments of the parties, we grant the petition to rehear for only the limited purpose and to the extent necessary to clarify our prior opinion and hold that: 1) **absent an effort to seek enforcement through a federal court, IRS summonses "to appear, to testify, or to produce books, papers, records, or other data," 26 U.S.C. Section 7604, issued "under the internal revenue law," id., apply no force to the target,** and no punitive consequences can befall a summoned party who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a

federal court order; 2) if the IRS seeks
enforcement of a summons through the federal
courts, those subject to the proposed order must be
given a reasonable opportunity to contest the
government's request; 3) if a federal court grants
a government request for an order of enforcement
then any individual subject to that order must be
given a reasonable opportunity to comply and cannot
be held in contempt or subjected to indictment
under 26 U.S.C. section 7210 for refusing to comply
with the original, unenforced IRS summons, no
matter the taxpayer's reasons or lack of reasons
for so refusing."

"The rule of due process upon which we relied in
Schulz I [395 F.3d 463 (2nd Cir. 2005)], and upon
which we rely now, can be stated thus; any
legislative scheme that denies subjects an
opportunity to seek judicial review of
administrative orders except by refusing to comply,
and so put themselves in immediate jeopardy of
possible penalties 'so heavy as to prohibit resort
to that remedy,' Oklahoma Operating Co. v. Love,
252 U.S. 331, 333 (1920), runs afoul of the due
process requirements of the Fifth and Fourteenth
Amendments."

*Schulz v. IRS*, 04-0196

1    UNITED STATES COURT OF APPEALS
2
3    FOR THE SECOND CIRCUIT
4
5    _____
6
7
8    August Term, 2004
9
10   (Argued: December 13, 2004                    Decided: January 25, 2005)
11
12   Docket No. 04-0196-cv
13
14   _____
15
16   ROBERT L. SCHULZ,
17
18                                               *Plaintiff-Appellant,*
19
20                          —v.—
21
22   INTERNAL REVENUE SERVICE and ANTHONY ROUNDTREE,
23
24                                               *Defendants-Appellees.*

25   _____

26   Before :

27           FEINBERG, STRAUB, and RAGGI, *Circuit Judges.*

28   _____

29   Appeal from a judgment in the United States District Court for the Northern District of New York

30   (David N. Hurd, *Judge*), dismissing for lack of subject matter jurisdiction appellant's motions to

31   quash administrative summonses served upon him by the Internal Revenue Service.

32   AFFIRMED.

33   _____

1

*Schulz v. IRS*, 04-0196

1
2    ROBERT L. SCHULZ, *pro se*, Queensbury, N.Y.
3
4    ROBERT P. STORCH, Assistant United States Attorney for the Northern District of New York
5    (Glenn T. Suddaby, United States Attorney, on the brief), Albany, N.Y., *for Defendants-*
6    *Appellees.*
7
8                                          _____
9
10   PER CURIAM:

11           In May and June 2003 defendant-appellee, the Internal Revenue Service ("IRS"), served

12   plaintiff-appellant, Robert L. Schulz, with a series of administrative summonses seeking

13   testimony and documents in connection with an IRS investigation of Schulz. Schulz filed in the

14   United States District Court for the Northern District of New York motions to quash those

15   summonses. In an order dated October 16, 2003, Magistrate Judge David R. Homer dismissed

16   Schulz's motions for lack of subject matter jurisdiction, finding that, because the IRS had not

17   commenced a proceeding to enforce the summonses, a procedure described in 26 U.S.C. §7604,

18 · Schulz was under no threat of consequence for refusal to comply and, until such time as the IRS

19   chose to pursue compulsion in a United States district court, no case or controversy existed.

20   Magistrate Judge Homer further found that if the IRS did attempt to compel Schulz to produce

21   testimony and documents named in the summonses, the enforcement procedure described in

22   §7604 would provide Schulz with adequate opportunity to contest the requests.

23           Schulz filed an appeal and objection in the District Court. By order dated December 3,

24   2003, the District Court denied those objections and dismissed the appeal. Schulz now appeals

25   from that final decision of the District Court. We assert jurisdiction pursuant to 28 U.S.C. §1291

26   and affirm.

*Schulz v. IRS*, 04-0196

1        It is well-established that "Article III of the Constitution confines the jurisdiction of the

2    federal courts to actual 'Cases' and 'Controversies.'" *Clinton v. City of New York*, 524 U.S. 417,

3    429 (1998) (citations omitted). To demonstrate the standing necessary to invoke the jurisdiction

4    of the federal courts Schulz must "allege personal injury fairly traceable to the defendant's

5    allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*,

6    468 U.S. 737, 751 (1984). This injury may not be speculative or abstract, but must be distinct

7    and definite. *Id.*

8        In its present posture, Schulz's motion does not satisfy this requirement. As the Supreme

9    Court pointed out in *United States v. Bisceglia*, IRS summonses have no force or effect unless

10   the Service seeks to enforce them through a §7604 proceeding. 420 U.S. 141, 146 (1975),

11   *partially superseded by* 26 U.S.C. §7609, as stated in *In re Does*, 688 F.2d 144, 148 (2d Cir.

12   1982). The IRS has not initiated any enforcement procedure against Schulz and, therefore, what

13   amount to requests do not threaten any injury to Schulz. Of course, if the IRS should, at a later

14   time, seek to enforce these summonses, then the procedures set forth in §7604(b) will afford

15   Schulz ample opportunity to seek protection from the federal courts. *See Bisceglia*, 420 U.S. at

16   146; *see also Reisman v. Caplin*, 375 U.S. 440, 447-50 (1964) (denying injunctive relief from

17   IRS summonses because §7604(b) "provides full opportunity for judicial review before any

18   coercive sanctions may be imposed"); *United States v. Tiffany Fine Arts, Inc.*, 718 F.2d 7, 11 (2d

19   Cir. 1983) ("[*Bisceglia*] reasoned that by creating the enforcement proceeding mechanism

20   Congress had intended to place the federal courts between the IRS and the person summoned,

21   and that the courts could contain [the threat of IRS overreaching] by narrowing the scope of or

*Schulz v. IRS*, 04-0196

1    refusing to enforce abusive summonses.").

2        We realize that our holding today stands in direct contradiction to our previous decisions

3    in *Application of Colton*, 291 F.2d 487, 491 (2d Cir. 1961), and *In re Turner*, 309 F.2d 69, 71 (2d

4    Cir. 1962). While reversal of our prior precedent is never a matter we regard lightly, we take no

5    small solace in Judge Friendly's discussion of *Colton* and *Turner* in *United States v. Kulukundis*,

6    329 F.2d 197 (2d Cir. 1964). There, Judge Friendly, who authored both *Colton* and *Turner*,

7    points out that *Reisman* "seems to destroy the basis underlying decisions of this court which

8    authorized applications to vacate [an IRS] summons (and appeals from their denial) in advance

9    of any judicial proceeding by the Government for their enforcement." *Id.* at 199. In light of this,

10   we view ourselves today as completing a task begun forty years ago and hold that, absent an

11   effort to seek enforcement through a federal court, IRS summonses apply no force to taxpayers,

12   and no consequence whatever can befall a taxpayer who refuses, ignores, or otherwise does not

13   comply with an IRS summons until that summons is backed by a federal court order. In addition,

14   we hold that if the IRS seeks enforcement of a summons through the courts, those subject to the

15   proposed order must be given a reasonable opportunity to contest the government's request. If a

16   court grants a government request for an order of enforcement then we hold, consistent with 26

17   U.S.C. §7604 and *Reisman*, that any individual subject to that order must be given a reasonable

18   opportunity to comply and cannot be held in contempt, arrested, detained, or otherwise punished

19   for refusing to comply with the original IRS summons, no matter the taxpayer's reasons or lack

20   of reasons for so refusing. *See Reisman*, 375 U.S. at 446 ("[O]nly a refusal to comply with an

21   order of the district judge subjects the witness to contempt proceedings."). Any lesser

**4**

*Schulz v. IRS*, 04-0196

1   protections would expose taxpayers to consequences derived directly from IRS summonses,

2   raising an immediate controversy upon their issuance.  Holding as we have, however, allows us

3   to hold further that issuance of an IRS summons creates no Article III controversy and, therefore,

4   federal courts do not have jurisdiction over motions to quash IRS summonses in the absence of

5   some effort by the IRS to seek court enforcement of the summons.

6        Consistent with these holdings, we find that, on the facts before us, no force has been

7   applied to Schulz and his request for action is premature.  The decision of the District Court

8   dismissing Schulz's motions for want of subject matter jurisdiction is AFFIRMED.[1]

---

[1] This opinion has been circulated to the active members of this Court prior to filing.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————

August Term, 2004

(Petition for Rehearing: March 2, 2005)          Decided: June 29, 2005)

Docket No. 04-0196-cv

————————

ROBERT L. SCHULZ,

*Plaintiff-Appellant,*

—v.—

INTERNAL REVENUE SERVICE and ANTHONY ROUNDTREE,

*Defendants-Appellees.*

————————

Before :

FEINBERG, STRAUB, and RAGGI, *Circuit Judges.*

————————

The government has moved to amend a prior *per curiam* opinion, reported at *Schulz v. I.R.S.,* 395

F.3d 463 (2d Cir. 2005), affirming the judgment of the United States District Court for the

Northern District of New York (David N. Hurd, *Judge*), dismissing for lack of subject matter

jurisdiction appellant's motions to quash administrative summonses served on him by the

Internal Revenue Service. The motion is construed as a petition for rehearing and is granted to

the extent necessary to clarify the prior panel decision. The prior opinion remains in force to the

extent it is not inconsistent with this opinion.

1

1    In its motion the government argues that the prior *per curiam* opinion misconstrues the

2    grounds for denial of jurisdiction over motions to quash IRS summonses and otherwise

3    misunderstands the roles of 26 U.S.C. §§ 7210 and 7604 in the comprehensive statutory tax-

4    enforcement scheme. In particular, the government claims that a taxpayer may be subjected to

5    criminal prosecution under 26 U.S.C. § 7210 or contempt sanction under 26 U.S.C. § 7604(b) for

6    disobedience of an IRS summons whether or not the summons is enforced by a federal court

7    order and, if an order of enforcement is granted, regardless of the taxpayer's compliance with that

8    order. The prior *per curiam* opinion rejected this view as contrary to due process. That holding

9    is confirmed on rehearing. Consistent with the demands of constitutional due process, an

10    indictment under 26 U.S.C. § 7210 shall not lie and contempt sanctions under 26 U.S.C. §

11    7604(b) shall not be levied based on disobedience of an IRS summons until that summons has

12    been enforced by a federal court order and the summoned party, after having been given a

13    reasonable opportunity to comply with the court's order, has refused. This holding does not

14    prejudice the privilege of a court in which the government has sought enforcement of an IRS

15    summons to issue, consistent with the law of contempt, an order of attachment to ensure the

16    presence of a party who has contumaciously refused to comply with a summons. The motion to

17    extend time in which to file a petition for rehearing *en banc* is granted.

18    ————————————

19    ROBERT L. SCHULZ, *pro se*, Queensbury, N.Y.
20
21    FRANK P. CIHLAR, Assistant United States Attorney, Tax Division, United States Department of
22    Justice, Washington, D.C., *for Defendants-Appellees.*
23    ————————————
24
25

2

1    STRAUB, *Circuit Judge*:

2        The government has moved to amend our *per curiam* opinion, reported at *Schulz v. I.R.S.,*

3    395 F.3d 463 (2d Cir. 2005) ("*Schulz I*"). In support of its motion, the government relies on

4    arguments that it did not advance in the District Court or on the original appeal. In light of these

5    new arguments, and because the proposed amendments, if accepted, would alter significantly our

6    prior holding, we, at the government's suggestion, construe the motion to amend as a petition for

7    panel rehearing. Having considered the arguments of the parties, we grant the petition to rehear

8    for only the limited purpose and to the extent necessary to clarify our prior opinion and hold that:

9    1) absent an effort to seek enforcement through a federal court, IRS summonses "to appear, to

10   testify, or to produce books, papers, records, or other data," 26 U.S.C. § 7604, issued "under the

11   internal revenue laws," *id.*, apply no force to the target, and no punitive consequences can befall

12   a summoned party who refuses, ignores, or otherwise does not comply with an IRS summons

13   until that summons is backed by a federal court order;[1] 2) if the IRS seeks enforcement of a

14   summons through the federal courts, those subject to the proposed order must be given a

15   reasonable opportunity to contest the government's request; 3) if a federal court grants a

_____

    [1] In our prior *per curiam* opinion we held that "no consequence whatever can befall a
taxpayer who refuses, ignores, or otherwise does not comply with an IRS summons until that
summons is backed by a federal court order." 395 F.3d at 465. Contrary to the government's
view that § 7604(b) allows a court to "punish disobedience *of an IRS summons*" without
providing an intervening opportunity to comply with a court order of enforcement, we maintain
that "no punitive consequences can befall a summoned party who refuses, ignores, or otherwise
does not comply with an IRS summons until that summons is backed by a federal court order,"
but we recognize that 26 U.S.C. § 7604(b) allows courts to issue attachments, consistent with the
law of contempt, to ensure attendance at an enforcement hearing "[i]f the taxpayer has
contumaciously refused to comply with the administrative summons and the Service fears he may
flee the jurisdiction." *United States v. Powell*, 379 U.S. 48, 58 n.18 (1964). While such an
attachment is not, consistent with due process and the law of contempts, "punitive," it is
nonetheless a consequence.

3

1    government request for an order of enforcement then any individual subject to that order must be

2    given a reasonable opportunity to comply and cannot be held in contempt or subjected to

3    indictment under 26 U.S.C. § 7210 for refusing to comply with the original, unenforced IRS

4    summons, no matter the taxpayer's reasons or lack of reasons for so refusing.[2]  Our prior opinion

5    otherwise remains in effect to the extent that it is not inconsistent with this opinion.  We grant

6    the motion to extend time in which to file a petition for rehearing *en banc*.

7

8                                         **BACKGROUND**

9          The facts underlying the original appeal are set forth in our prior opinion, *Schulz I*, 395

10    F.3d at 464.  For purposes of completeness and clarity, however, we repeat that work here.

11          The IRS served Schulz with a series of summonses in May and June of 2003, ordering

12    Schulz to appear and provide testimony and documents in connection with an investigation of

13    Schulz by that agency.  Rather than comply with the summonses, Schulz filed a motion to quash

14    in the United States District Court for the Northern District of New York.  That motion was

15    heard by Magistrate Judge David R. Homer and, on October 16, 2003, was dismissed for lack of

16    subject matter jurisdiction.  In his unpublished opinion the Magistrate Judge found that, because

17    the IRS had not commenced a proceeding to enforce the summonses, no case or controversy

18    existed, and if the IRS did attempt to compel compliance, the enforcement procedure described

19    in § 7604 would provide Schulz with adequate opportunity to attack the summonses on their

20    merits.

---

[2] Our conclusions here and in *Schulz I* are consistent with *dicta* in our recent decision in
*Hudson Valley Black Press v. IRS*, No. 04-1949, 2005 WL 1253410, at *4 (2d Cir. May 27.
2005).

4

1       Schulz filed in the District Court an appeal from and objection to the Magistrate Judge's

2    order. The District Court (David N. Hurd, *Judge*) denied those objections and dismissed the

3    appeal on December 3, 2003, by an unpublished order. Schulz appealed to this Court. By our

4    January 25, 2005, *per curiam* opinion, we affirmed. *See Schulz I*, 395 F.3d 463.    The focus of

5    that opinion was whether issuance of an IRS summons presents a case or controversy under

6    Article III of the United States Constitution. *Id.* at 464.  Relying on the Supreme Court's

7    decisions in *Reisman v. Caplin*, 375 U.S. 440 (1964), and *United States v. Bisceglia*, 420 U.S.

8    141 (1975), and in view of our decisions in *Application of Colton*, 291 F.2d 487 (2d Cir. 1961),

9    and *United States v. Kulukundis*, 329 F.2d 197 (2d Cir. 1964), we held that a taxpayer's motion

10    to quash an IRS summons, in the absence of an effort by the agency to seek enforcement of that

11    summons in a federal court, does not present an Article III case or controversy. *Schulz I*, 395

12    F.3d at 465. Because that holding entailed overruling, in part, our prior holding in *Colton*, we

13    circulated *Schulz I* to all active members of the Court prior to filing. *Id.* at n.1.

14       After *Schulz I* was issued, the government filed the present "motion to amend or, in the

15    alternative, to extend time to file a petition for rehearing *en banc*," which the government also

16    invites us to view as a petition for panel rehearing.  The government's principal concerns are that

17    we misunderstand the nature of the jurisdictional bar on motions to quash IRS summonses and

18    "misapprehend[] the consequences that ensue from the issuance of an IRS administrative

19    summons." As to the latter point, the government appears to argue alternatively, or in

20    combination, that: 1) the government may use the federal courts to punish taxpayers who disobey

21    an IRS summons even if the summons is never enforced by a court order; 2) if an IRS summons

22    is enforced by a court order, the court may punish disobedience of the IRS summons before

5

1   providing the taxpayer an opportunity to comply with the court's order; or 3) if an IRS summons

2   is enforced by a court order, the court may punish disobedience of the IRS summons even if the

3   taxpayer complies with the court's order.  In our view, expressed in *Schulz I*, none of these

4   proposals is consistent with the comprehensive tax-enforcement scheme in which 26 U.S.C. §§

5   7210, 7604(a), and 7604(b) are situated, constitutional due process, or the relevant precedents of

6   this Court and the United States Supreme Court.  Therefore, while we grant the petition for panel

7   rehearing, we do so to clarify rather than to amend substantially *Schulz I*, which remains in force

8   to the extent it is not inconsistent with this opinion.

9

10                                      **DISCUSSION**

11          Because it was the focus of the parties, our discussion in *Schulz I* focused primarily on the

12   doctrinal rules of jurisdiction that the Supreme Court has derived from the "Cases" and

13   "Controversies" clauses of the United States Constitution, Article III, Section 2.  *See Reisman*,

14   375 U.S. at 443 (dismissing petition to quash "for want of equity").  Underlying our analysis

15   there was the equally venerable line of Supreme Court doctrine limiting the protections afforded

16   to administrative action by sovereign immunity based on the due process clauses of the Fifth and

17   Fourteenth Amendments to the United States Constitution.  The "leading cases on this question

18   are *Ex parte Young*, 209 U.S. 123 (1908), and *Oklahoma Operating Co. v. Love*, 252 U.S. 331

19   (1920)."  *Reisman*, 375 U.S. at 446.  In particular, our decision in *Schulz I* was informed by

20   concerns, also stated in *Colton*, 291 F.2d at 489-90, and *Kulukundis*, 329 F.2d at 199, "that the

21   penalties of contempt [or prosecution] risked by a refusal to comply with the summonses are so

22   severe that the statutory procedure amounts to a denial of judicial review."  *Reisman*, 375 U.S. at

6

1    446.

2        On its present motion, the government presses the claim that Congress has, in the

3    statutory scheme that includes 26 U.S.C. §§ 7210 and 7604, exercised its right to immunize

4    agents of the IRS from suits seeking prospective relief from the enforcement of administrative

5    summonses.  That this is so was settled in *Reisman*.  However, the privilege of that immunity

6    comes with certain costs demanded by due process.  Our holding in *Schulz I* took account of

7    those costs while providing clear guidance to the government as to the constitutional limitations

8    on its authority, and to taxpayers as to how their due process rights are protected by the statutory

9    scheme.  We take the opportunity provided by this petition to further explicate our view.

10        At issue on the present petition is whether 26 U.S.C. §§ 7210 and 7604 may be read to

11    allow the imposition of penal consequences for failure to comply with an IRS summons or if

12    levying of punishment for disobedience under those sections requires review by a federal court of

13    the merits of a summons and, where the merits are upheld, a reasonable opportunity to comply

14    with a court order of enforcement before punitive or coercive sanctions may be imposed.

15    Addressing a view of 26 U.S.C. §§ 7210 and 7604 similar to that advanced by the government on

16    this petition, Judge Friendly, writing for this Court, pointed out that:

17            If the statutory scheme were like that for enforcement of subpoenas
18            of such agencies as the Interstate Commerce Commission, 49
19            U.S.C. § 12, or the Civil Aeronautics Board, 49 U.S.C. § 1484,
20            there would be merit in the Government's position that courts
21            ought not intervene at so early a stage; since disobedience to a
22            subpoena under those statutes has no penal consequences until a
23            judge has ordered its enforcement, there is no occasion for any
24            preliminary resort to the courts. Here, however, at least the
25            criminal penalty of § 7210 is incurred by disobedience, and it is not
26            altogether plain that a contempt citation under § 7604(b) may not
27            be. Under such circumstances the principle of *Ex parte Young*,
28            1908, 209 U.S. 123, 147, 28 S. Ct. 441, 52 L. Ed. 714 and

7

1         *Oklahoma Operating Co. v. Love*, 1920, 252 U.S. 331, 336-337, 40
2         S. Ct. 338, 64 L. Ed. 596, comes into play; we see no reason why
3         that principle should not be applicable to a summons, disobedience
4         of which carries criminal penalties. . . . We are not unmindful of
5         the potentialities of delay inherent in such an extra round –
6         potentialities sufficiently serious without one, as illustrated, for
7         example, by *Penfield Co. of Cal. v. S.E.C.*, 1947, 330 U.S. 585, 67
8         S. Ct. 918, 91 L. Ed. 1117; but the Government seems to be a
9         victim of its own Draconianism. We hold the District Court had
10       jurisdiction of the motion and thus reach the question of our
11       appellate jurisdiction to review its denial.
12
13 *Colton*, 291 F.2d at 490.

14         Our view of the constitutional issues implicated in these sections of the tax enforcement

15 scheme and the conflicts posed by the government's "Draconianism" is the same now is it was

16 then. Reading 26 U.S.C. §§ 7210 and 7604 to allow the imposition of penal consequences for

17 failure to comply with an IRS summons renders the sections unconstitutional unless the

18 summoned taxpayer has an opportunity to seek judicial review of the summons *before* placing

19 the taxpayer at risk of punishment. In *Colton* we held that taxpayers could seek such a review by

20 filing a preliminary motion to quash an IRS summons before deciding whether to comply. That

21 saving condition was excluded by the Supreme Court in *Reisman*. 375 U.S. at 445; *see also*

22 *Kulukundis*, 329 F.2d at 199. In our view, that leaves only the remedy excluded in *Colton*—that

23 "disobedience to [an IRS summons] has no penal consequences [under either 26 U.S.C. §§ 7210

24 or 7604] until a judge has ordered its enforcement," 291 F.2d at 490—to keep the scheme

25 consistent with due process. *Reisman* advances this view. 375 U.S. at 450 ("[W] e remit the

26 parties to the comprehensive procedure of the Code, which provides full opportunity for judicial

27 review before any coercive sanctions may be imposed."); *see also Bisceglia*, 420 U.S. at 151

28 ("Congress has provided protection from arbitrary or capricious action by placing the federal

8

1   courts between the Government and the person summoned [by the IRS]."). *Schulz I* provided our

2   first opportunity to conform the law of this Circuit to that view.

3          Absent the protections afforded by *Colton*, the "Draconian" view of the statutory scheme

4   advanced by the government in *Colton*, and on this petition, would render the scheme itself

5   unconstitutional. In *Schulz I* we found that *Reisman* and *Bisceglia* provide guidance on how 26

6   U.S.C. §§ 7210 and 7604 must be read so as to preserve agency immunity from preliminary suit

7   while avoiding the *Ex parte Young* concerns that we identified in *Colton*. In light of this

8   guidance, we held that, before punishment for disobedience of an IRS summons may be levied,

9   the agency must seek enforcement through a federal court in an adversarial proceeding through

10  which the taxpayer can test the validity of the summons. *See United States v. Euge*, 444 U.S.

11  707, 719 (1980) ("[T]he summoned party is entitled to challenge the issuance of the summons in

12  an adversary proceeding in federal court *prior to enforcement*, and may assert appropriate

13  defenses." (emphasis added)); *Donaldson v. United States*, 400 U.S. 517, 525 (1971) ("Thus the

14  [IRS] summons is administratively issued but its enforcement is only by federal court authority in

15  an adversary proceeding affording the opportunity for challenge and *complete protection* to the

16  witness." (internal quotations marks omitted, emphasis added));[3] *see also United States v.*

17  *LaSalle Nat. Bank*, 437 U.S. 298, 302 (1978) (§ 7604(a) procedure commenced by petition

18  followed by an adversarial hearing); *United States v. Edgerton*, 734 F.2d 913, 915-917 (2d Cir.

19  1984) (describing complete and properly pursued § 7604(b) procedure leading to provision of a

20  coercive contempt penalty); *United States v. Noall*, 587 F.2d 123, 124-26 (2d Cir. 1978) (§

---

[3] The holding in *Donaldson* that third parties do not have an absolute right to intervene in enforcement proceedings is not to the contrary–that holding was, of course, superceded by 26 § 7609.

9

1    7604(a) procedure commenced by petition followed by an order to show cause, submission of

2    opposing affidavits, and argument). We further held in *Schulz I* that, if the summons is not

3    enforced, then no contempt sanction may be levied against the summoned party and no

4    prosecution under 26 U.S.C. § 7210 may lie; and, in the alternative, if the summons is enforced

5    by the court, then the summoned party must have a reasonable opportunity to comply with the

6    court's order and only upon refusal to obey the court order may contempt sanctions be imposed

7    or an indictment under 26 U.S.C. § 7210 pursued.[4] *See Donaldson*, 400 U.S. at 525; *Reisman*,

8    375 U.S. at 450. Any lesser protections would be constitutionally insufficient and, with respect

9    to 26 U.S.C. § 7604(b), would also be inconsistent with the law of contempts. *See* Fed. R. Crim.

10   P., Rule 42; *Bloom v. Illinois*, 391 U.S. 194, 201-208 (1968); *United States v. Rizzo*, 539 F.2d

11   458, 463-65 (5th Cir. 1976).

12         The rule of due process upon which we relied in *Schulz I*, and upon which we rely now,

13   can be stated thus: any legislative scheme that denies subjects an opportunity to seek judicial

14   review of administrative orders except by refusing to comply, and so put themselves in

15   immediate jeopardy of possible penalties "so heavy as to prohibit resort to that remedy,"

16   *Oklahoma Operating Co. v. Love*, 252 U.S. 331, 333 (1920), runs afoul of the due process

17   requirements of the Fifth and Fourteenth Amendments. This is so even if "in the proceedings for

---

[4] We rejected this interpretation of 26 U.S.C. § 7210 in *Colton*. 291 F.2d at 489. That holding was constitutionally tenable only in view of our determination that summoned witnesses would have an earlier chance to test the merits of a summons in a motion to quash. Informed by intervening decisions of this Court and the Supreme Court, we reversed our *Colton* holding in *Schulz I*. Having considered the government's arguments on this appeal, we see no reason to change our view again, particularly in view of the fact that § 7210 provides for prosecutions only against those "*duly summoned . . . under sections* 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b)." 26 U.S.C. § 7210 (emphasis added).

1     contempt the validity of the original order may be assailed." *Id.* at 335; *see also Reisman*, 375

2     U.S. at 446; *Ex parte Young*, 209 U.S. 123, 147-48 (1908).

3            According to the government's present view of 26 U.S.C. §§ 7210 and 7604, the agency

4     may summon a taxpayer and the taxpayer must choose either to comply or, if not, put herself

5     directly at jeopardy of sanction without an intervening opportunity to seek judicial review of the

6     summons. In *Colton* we rejected that view as contrary to due process. The remedy we proposed

7     there, consistent with *Ex parte Young*, was a prospective suit in the form of a motion to quash.

8     The Supreme Court in *Reisman* rejected that solution and instead held that the agency has no

9     power or authority to compel compliance with a summons and must pursue enforcement in an

10    adversarial proceeding before a federal judge. *Reisman*, 375 U.S. at 445-46. The Court further

11    held that "[i]n such a proceeding only a refusal to comply with an order of the district judge

12    subjects the witness to contempt proceedings," *id.* at 446, and that attempts to quash IRS

13    summonses are "subject to dismissal for want of equity," *id.* at 443.  Addressing directly *Ex*

14    *parte Young* issues, the Court recognized that prosecution under 26 U.S.C. § 7210 and

15    attachment under 26 U.S.C. § 7604(b) may present sufficient threat to trigger due process

16    concerns. *Id.* at 446-50. However, noting the lack of administrative enforcement and the limited

17    applicability of both § 7210 and § 7604(b) to "default" or a "contumacious refusal to honor a

18    summons," *id.* at 449, the Court held that "in any of these procedures . . . the witness may

19    challenge the summons on any appropriate ground," *id.*  In light of these holdings, the Court

20    concluded that the procedure for challenging IRS summonses "specified by Congress works no

21    injustice and suffers no constitutional invalidity" because it "provides full opportunity for

22    judicial review before any coercive sanctions may be imposed." *Id.* at 450.

11

*COVER SHEET FOR ATTACHMENT*

# PAPERWORK REDUCTION ACT

Public Law 104-113

*TO*

## district court of the United States for the District of Columbia

No.

# 06-CV-556 GK

**MOTION AND MEMORANDUM FOR PROTECTION ORDER**