Case 1:06-cv-00556-GK    Document 13-7    Filed 12/18/2006    Page 1 of 11

## LEGISLATIVE HISTORY
### HOUSE CONF. REP. NO. 104-99

[page 30]

The conferees note that the purpose of this provision was to assure that adequate attention was given to the full range of responsibilities assigned to OIRA and its Administrator by the Paperwork Reduction Act of 1980, as amended. Such considerations are appropriate in the Presidential selection of a nominee for OIRA Administrator and in the Senate's consideration of that nominee, while recognizing the practical realities of requiring that a "qualified" candidate have substantial capabilities over the very broad range of responsibilities assigned to OIRA by the Act. Such practical considerations should also apply to the Administrator's selection of OIRA employees as well as the utility of having more narrowly focused "subject matter specialists" available on the OIRA staff.

7. Authority and functions of the Director—Burden reduction as an objective of information resources management.

The Senate bill contained a substantial modification to section 3504(a)(1) regarding the responsibilities of the OMB Director to oversee the Government's information resources with the objective of improving the effectiveness of Federal agency operations.

The House amendment contained no similar provision.

The House recedes with an amendment that adds to the Senate provision the concept that information resources management is also a substantial tool to minimize the burdens which the Government imposes on the public.

8. Authority and functions of the Director—Approval of proposed collections of information.

The Senate bill contained a modification to section 3504(a)(1)(B)(i) relating to the authority of the OMB Director to review and approve (or disapprove) a collection of information being proposed by an agency.

The House amendment includes a similar provision which retains the explicit reference to "review and approval" existing in current law.

The Senate recedes.

The conferees reiterate the existing interpretation of the authority granted to the OMB Director under section 3504(a)(1)(B)(i): that the power to "approve" a proposed agency paperwork requirement is the power to disapprove such a proposed collection. This has been the consistent interpretation of this provision since the enactment of the 1980 Act.

9. Authority and functions of the Director—Standard of Review for Proposed Agency Collections of Information.

The Senate bill amended section 3504(c)(1) regarding the OMB Director's authority to review and approve a proposed agency collections of information, seeking to cross-reference, and paraphrase, section 3508 which sets forth the Act's fundamental standard for the review of such a proposed collection of information by both the proposing agency and the OMB Director.

The House amendment included a direct statement of the OMB Director's authority to review and approve proposed agency collections of information.

The Senate recedes.

10. Authority and functions of Director—Coordination with Office of Federal Procurement Policy regarding payment.

242

# PAPERWORK REDUCTION ACT
P.L. 104–13
[page 31]

The Senate bill contains a modification to section 3504(c)(2) relating to establishing a formal coordination between OIRA and the Office of Federal Procurement Policy (OFPP) regarding minimizing paperwork burdens associated with the Federal procurement process.

The House amendment contained a similar provision, but specifically identified the burdens associated with the payment of contractors for work performed.

The Senate recedes.

The conferees note that the Prompt Payment Act Amendments of 1988 specifically encourage the use of electronic fund transfers for the payment of contractors. More recently, the Federal Acquisition Streamlining Act of 1994 (FASA) continues this emphasis on increasing the use of electronic fund transfers by designating electronic payment of contractors as one of the benchmarks for determining the full capability of FACNET. Finally, the conferees note that simplified procedures for solicitation and award of contracts below the Simplified Acquisition Threshold (SAT), $100,000, being proposed as amendments to the Government-wide Federal Acquisition Regulation (FAR), should include authority for equally expedited contract payment procedures for work performed.

11. Authority and functions of Director—Special small business size standard for Paperwork Reduction Act.

The House amendment modified the OMB's Director's responsibilities under section 3504(c) by adding a new paragraph (6) which placed a special emphasis on minimizing the burden on small businesses with 50 or fewer employees. New section 3504(c)(6) was added as a floor amendment to the reported House bill, H.R. 830.

The Senate bill contains no similar provision.

The House recedes.

The conferees note that the section 3 of the Small Business Act provides Government-wide authority for the Small Business Administration (SBA) to establish by regulation numerical size standards under which a business concern will be recognized as a small business concern. SBA has established specific size standards for various types of business concerns in consonance with the system of standard industrial classification (SIC) codes, used to categorize business activity. Size standards are generally established by number of employees for firms engaged in manufacturing. Size standards for firms providing services are established on the basis of annual gross receipts averaged over a three-year period.

Statutorily-established small business size standards have generally been avoided by the Congress because of their rigidity. If enacted, such a statutory size standard has generally been used to establish with certainty a "small business" exception to the statute's general applicability or a threshold for a phased-in application.

12. Assignment of tasks and deadlines—Government-wide paperwork burden reduction goals.

The Senate bill amends section 3505(a) to provide for a 5 percent Government-wide goal for the reduction of paperwork burdens imposed by the Government on the public.

The House amendment contains a 10 percent Government-wide paperwork burden reduction goal.

243

## LEGISLATIVE HISTORY

HOUSE CONF. REP. NO. 104-99

[page 32]

The Senate recedes with an amendment. The conference agreement provides for a 10 percent goal for each of the fiscal years 1996 and 1997 and a 5 percent goal for each of the fiscal years 1998 through 2001.

The conferees note that the Government-wide paperwork reduction goal is calculated on the basis of a "baseline" which is the aggregate paperwork burden imposed during the prior fiscal year. The conferees also note that individual agency goals negotiated with OIRA may differ depending on the agency's potential to reduce the paperwork burden such agency imposes on the public. Goals negotiated with some agencies may substantially exceed the Government-wide goal, while those negotiated with other agencies may be substantially less.

13. Assignment of tasks and deadlines—Pilot projects to test alternative practices to minimize paperwork burdens.

The Senate bill amends Section 3505 to provide statutory authority for the OMB Director to establish voluntary pilot programs to test alternative policies, practices, regulations and procedures to minimize the information collection burden imposed on particular segments of the public.

The House amendment included a new subsection (b) to Section 3505, which specifically authorized the OMB Director to waive the application of any regulation or administrative directive needed to undertake a burden reduction pilot project. Notice of such waiver was required to the public and the Congress.

The Senate recedes with an amendment. The conference agreement does not provide any authority for the OMB Director to unilaterally waive any regulation in support of a burden reduction pilot project. If a regulation must be waived in support of such a pilot project, such regulatory waiver must be: (1) permissible under the statutory authority underpinning the regulation; and (2) implementation through a formal regulatory change, meeting the same Administrative Procedure Act standards as used to promulgate the regulation proposed for waiver.

14. Federal agency responsibilities—DOD and Military departments authorized to designate multiple "senior officials".

The Senate bill preserves existing law in section 3506(a)(2)(B) which permits the Secretary of Defense and the Secretary of a Military Department to designate multiple "senior officials" responsible for the Act's implementation within the Office of the Secretary of Defense or that Military Department. The Senate bill amends existing law to require that the respective duties of each such "senior official" be clearly delineated if either the Secretary of Defense or a Service Secretary should choose to designate more than one such "senior official". Under current law, only the Secretary of a Military Department has a statutory obligation to delineate the respective duties of multiple "senior officials" designated by such officer.

The House amendment uses the terminology of "a senior official", under the legislative drafting convention that the singular provides for the plural, unless expressly prohibited. The House amendment preserved the statutory anomaly exempting the Secretary of Defense from the requirement to delineate the respective duties of multiple "senior officials" within the Office of the Sec-

# PAPERWORK REDUCTION ACT
P.L. 104–13
[page 33]

retary of Defense, (although three such "senior officials" are currently designated and their respective duties are delineated).

The House recedes.

15. Federal agency responsibilities—Cross-reference to "Fast Track" Procedures under Section 3507(j).

The House amendment to section 3506(c)(2)(A) qualifies the general requirement to provide a 60-day period for public comment on a proposed collection of information with the phrase "except for good cause" to provide broad authority to the OMB Director to waive the public participation requirement when necessary.

The Senate bill amends section 3507(j), which authorizes the so-called "Fast Track" review procedures (that is, the very expedited review of a proposed collection of information without any opportunity for public comment prior to approval), to obtain the same statutory objective sought by the House amendment.

The House recedes with an amendment. The conference agreement provides for adding to section 3506(c)(2)(A) a cross-reference to the "Fast Track" authority provided in section 3507(j).

16. Federal agency responsibilities—Record retention period to be specified for any recordkeeping requirement.

The House amendment adds a provision to Section 3506(c)(3) which would require that any recordkeeping requirement specify the length of time such records must be maintained.

The Senate bill does not contain a similar provision.

The Senate recedes.

17. Federal agency responsibilities—Special small business size standard for Paperwork Reduction Act.

The House amendment adds a provision to Section 3506(c) relating to agency responsibilities regarding minimizing paperwork burdens imposed on the public by requiring that a special emphasis be placed on minimizing the burden on small businesses with 50 or fewer employees. New Section 3506(c)(4) was added as a floor amendment to the reported House bill, H.R. 830.

The Senate bill contains no similar provision.

The House recedes.

The conferees note that section 3 of the Small Business Act provides Government-wide authority for the Small Business Administration (SBA) to establish by regulation numerical size standards under which a business concern will be recognized as a "small business concern." SBA has established specific size standards for various types of business concerns in consonance with the system of standard industrial classification (SIC) codes, used to categorize business activity. Size standards are generally established by number of employees for firms engaged in manufacturing. Size standards for firms providing services are established on the basis of annual gross receipts averaged over a three year period.

Statutorily-established small business size standards have generally been avoided by the Congress because of their rigidity. If enacted, such a statutory size standard has generally been used to establish with certainty a "small business" exception to a statute's general applicability or to define a threshold for a phased-in application.

18. Federal agency responsibilities—Information dissemination standards.

245

LEGISLATIVE HISTORY

HOUSE CONF. REP. NO. 104-99

[page 34]

The Senate bill adds a new Section 3506(d) which establishes information dissemination standards for the various Federal agencies.

The House amendment contains essentially similar provisions, except that the House provision requires that: (a) the public have "equal" as well as "timely" and "equitable" access to the information collected by the agency; and (b) access be made available to the "underlying data", if an agency provides information to the public in an electronic format.

The Senate recedes with an amendment. The conference agreement adopts the provision of the House amendment assuring public access to "underlying data" if a agency chooses to furnish information in an electronic format.

The conferees concluded that the word "equal" was unnecessary in the agreed-upon text of section 3506(d)(1), given that the statutory obligation for an agency ensure that the public has "timely" and "equitable" access to information in the possession of the agency includes the obligation to make such information available on a non-discriminatory and non-exclusive basis to any public or private entity for any lawful purpose. This obligation is sufficient to prevent agencies from discriminating against or otherwise disadvantaging any class of users, particularly commercial users.

19. Federal agency responsibilities—Notice of Changes Regarding Information Dissemination Products.

The House amendment adding a new section 3506(d), which establishes information dissemination standards for Federal agencies, includes a provision requiring an agency to provide adequate public notice when initiating, substantially modifying, or terminating a significant information dissemination product.

The Senate bill does not contain a similar provision.

The Senate recedes.

20. Federal agency responsibilities—User Fees.

The House amendment adding a new section 3506(d), which establishes information dissemination standards for Federal agencies, includes a provision specifying procedures under which an agency head can petition the OMB Director to authorize user fees in excess of the cost of dissemination, the general rule established by section 3506(d)(4)(D).

The Senate bill does not contain a similar provision.

The House recedes.

21. Federal agency responsibilities—Information Technology Management.

The Senate bill requires that each Federal agency take certain actions to "ensure" responsibility for effective management of its information technology resources.

The House amendment requires each Federal agency to "assume" responsibility for an identical set of management actions.

The Senate recedes.

22. Public Information collection activities; submission to Director; approval and delegation—Unspecified "Fast Track" Alternative.

The Senate bill amends section 3507(j) of existing law to provide additional flexibility in the so-called "Fast Track" review process, under which a proposed collection of information can be re-

246

## PAPERWORK REDUCTION ACT
P.L. 104–13

[page 35]

viewed on a very expedited schedule without any opportunity for public notice or comment prior to approval by the OMB Director.

The House amendment sought to provide the same additional flexibility by amending section 3507(b) to include any additional waiver of the normal review process "for good cause".

The House recedes.

23. Public information collection activities; submission to Director; approval and delegation—Duration of "Default" Approval.

The Senate bill requires the assignment of a valid control number permitting an agency to use a collection of information for a period of not more than two years, if the OMB Director fails to take action regarding a proposed collection of information (not contained in a rule) within a specified 60-day period.

The House amendment contained an identical provision, except that the control number remained valid for not more than one year.

The Senate recedes.

24. Public information collection activities; submission to Director; approval and delegation—Standard for disapproval of a collection of information contained in a final agency rule.

The House amendment to new section 3507(d), which specifies procedures for the review of a proposed collection of information contained in a proposed rule, includes a modification to section 3507(d)(4)(C), to make more explicit the standard of review to be used by the OMB Director.

The Senate bill makes use of the language found in existing law.

The House recedes.

25. Public information collection activities; submission to Director; approval and delegation—Disclosure of written communications.

The Senate bill expands the Act's current requirement to disclose any written communication regarding a proposed collection of information between a person not employed by the Federal Government and the OIRA Administrator or any OIRA employee to include the "Office of the Director" of OMB.

The House amendment maintains current law.

The Senate recedes.

26. Public information collection activities; submission to Director; approval and delegation—"Whistleblower" Protection.

The Senate bill includes a new provision at section 3507(e)(3)(B), which provides anonymity to a communication received by OIRA from a private sector "whistleblower", regarding an unapproved (or so-called "bootleg") collection of information.

The House amendment contained a whistleblower protection provision that was not restricted to "bootleg" collections of information.

The House recedes with an amendment. The conference agreement provides the "whistleblower" protection to a communication regarding a collection of information that does not display a control number that is currently in effect. Thus, the provision now provides protection regarding communications relating collections of information that were never approved as well as those for which an approval has expired.

247

## LEGISLATIVE HISTORY
HOUSE CONF. REP. NO. 104-99

[page 36]

27. Public Information collection activities; submission to Director; approval and delegation—Improved "Fast Track" Procedures.

The Senate bill amends section 3507(j) of existing law to provide additional flexibility in the so-called "Fast Track" review process, under a proposed collection of information can be reviewed on a very expedited schedule without any opportunity for public notice or comment prior to approval by the OMB Director.

The House amendment reflects existing law.

The House recedes.

The conferees note that no instance has been identified in the 15 years of experience under the Act in which its "Fast Track" review procedures have not been made available to an agency under the current version of section 3507(j), or the proposed collection of information has not been cleared on a schedule that completely accommodated the agency's exigent circumstances.

28. Determination of necessity for information; hearing.

The Senate bill modifies section 3508 of the Act, which establishes the fundamental standard used by the Director in determining whether to approve a collection of information being proposed by an agency.

The House amendment reflects existing law.

The Senate recedes.

29. Establishment and operation of Government Information Locator Service—Specific exclusion for CIA "operational files".

The Senate bill includes a provision which provides for the establishment and operation of the Government Information Locator Service (GILS). The Senate provisions includes an explicit exclusion from GILS for "operational files" as defined in the Central Intelligence Agency Information Act.

The House amendment contains an identical provision regarding GILS, but does not include the specific exclusion for the CIA's "operational files".

The House recedes.

30. Public Protection.

The Senate bill contains a provision which changes the Act's current "public protection" provision by requiring a collection of information subject to the Act display a notice that a person is not required to respond to the collection of information unless it displays a control number which is valid.

The House amendment contains a provision which clarifies and strengthens the Act's current "public protection" provision by enabling a person to assert this protection at any time during an agency administrative process or any subsequent judicial review of an agency action involving a penalty.

The Senate recedes with an amendment. The conference agreement clarifies and strengthens the Act's "public protection" provision by explicitly providing that the protection provided by the section may be asserted or raised by a person in the form of a complete defense, bar or other manner, at any time during a agency administrative process or any subsequent judicial review. The protection provided by the section applies if the agency fails to display a valid control number, or inform the person that they are not re-

248

# PAPERWORK REDUCTION ACT
P.L. 104–13
[page 37]

quired to respond to a collection of information unless it displays a valid control number.

For collections of information contained in a rule, agencies must provide the required information in a manner reasonably calculated to inform the public. Notice may be provided in the preamble to a final rule containing the collection of information, or in a general notice in the volume of the Code of Federal Regulation in which the agency's regulations appear.

The conference agreement also provides for the inclusion of a definition of "penalty", a term used in section 3512. The new statutory definition of "penalty" is substantially identical to the definition of "penalty" found in the Act's implementing regulations, at 5 C.F.R. 1320.7(m).

The conference agreement further provides for an additional modification to section 3506(c)(1)(B), which specifies the information to be provided to the public with respect to an agency collection of information. Agencies are now required to inform recipients of a collection of information that: (a) section 3507(a) prohibits an agency from conducting or sponsoring an unapproved collection of information; and (b) section 3512 requires an agency to inform a person who is to respond to a collection of information they are not required to do so unless it displays a valid control number.

31. Responsiveness to Congress—Annual Report and Remedial Program Regarding Agencies Failing to Attain Paperwork Burden Reduction Goals.

The Senate bill amended section 3514(a)(1) of the Act regarding the content of the report submitted annually to Congress by the OMB Director relating to agency compliance with the Act.

The House amendment contains a substantially identical provision which includes an additional requirement to identify those agencies that have failed to attain their assigned paperwork burden reduction goals during the fiscal year covered by the report, the reasons for their failure to attain such goals; and the agency's proposed remedial program, if any.

The Senate recedes with a clarifying amendment.

32. Consultation with other agencies and the public.

The Senate bill contains a provision permitting any person to request the OMB Director to determine whether a collection of information is in compliance with the Act's requirements, specifying response times to such requests; and empowering the Director to seek any appropriate remedial action.

The House amendment contains a substantively identical provision, but unlike the Senate bill requires that the person making the request must be a recipient of the collection of information at issue.

The House recedes.

33. Effect on existing laws and regulations.

The Senate bill includes a provision, section 3818(c), substantially identical to existing law which specifies certain classes of collections of information that are exempt from the Act's coverage.

The House amendment makes a number of additional modifications to this provision of existing law.

The House recedes.

34. Authorization of Appropriations.

249

## LEGISLATIVE HISTORY
HOUSE CONF. REP. NO. 104–99

[page 38]

The Senate bill amends section 3520 providing a five-year authorization of appropriations for OIRA for the Fiscal Years 1996 through 2000, at the rate of $8 million per year.

The House amendment provides a permanent authorization of appropriations, specifying "such sums as may be necessary" rather than a fixed amount.

The House recedes an amendment. The conference agreement provides for a six-year authorization of appropriations for OIRA, for fiscal years 1996 through 2001, at $8 million for each fiscal year.

### Burden reduction regarding the Quarterly Financial Report Program at the Bureau of the Census (Sec. 3)

The Senate bill contained a provision (sec. 103) that would require the Bureau of the Census within the Department of Commerce to undertake a demonstration program to reduce the burden imposed on firms, especially small businesses, required to participate in the survey used to prepare the Quarterly Financial Report for Manufacturing, Mining, and Trade Corporations.

The House amendment contained no similar provision.

The House recedes with an amendment.

The conference agreement amends section 91 of title 13, United States Code, the statutory authorization for the survey, to:

(a) exempt firms from participation for specified periods, after they have fully participated in the survey for a complete cycle (eight consecutive quarters of reporting;

(b) expand the use of statistical sampling techniques to select for survey participation; and

(c) assure small businesses selected to participate easy access to advise and similar assistance, including the establishment of a toll-free telephone number.

### Effective date (Sec. 4)

The Senate bill contains a provision (sec. 106) which establishes the effective date of the Paperwork Reduction Act of 1995 as June 30, 1995.

The House amendment contains a provision (sec. 3) which establishes the Act's effective date as October 1, 1995.

The Senate recedes with a clarifying amendment.

The conference agreement provides that: (a) except as otherwise provided, the Paperwork Reduction Act of 1995 shall take effect on October 1, 1995; (b) section 3520, as amended, providing authorization for OIRA's appropriation, shall become effective on the date of enactment; (c) for each collection of information for which there is a valid OMB control number in effect on September 30, 1995, the amendments to chapter 35 of title 44, shall take effect on the date of the first renewal or modification to that collection of information or on the date of the expiration of its OMB control number; and (d) prior to such renewal, modification, or expiration of its OMB control number, such collection of information shall be subject to the provisions of chapter 35 of title 44, United States Code, as in effect on September 30, 1995.

# PAPERWORK REDUCTION ACT
P.L. 104–13

[page 39]

### PROVISIONS NOT ADOPTED

*Oregon Option proposal*

The Senate bill contains a provision (sec. 104), added as an amendment to the bill as reported, which would express a series findings and a statement of support on the part of the Senate regarding continuation of an on-going demonstration program of intergovernmental cooperation between the Federal Government and State of Oregon and its local governments, referred to as the "Oregon Option".

The House amendment contains no similar provision.

The Senate recedes.

*Termination of reporting requirements*

The Senate bill contains a provision (sec. 105), added as an amendment to the bill as reported, which would terminate all statutorily-mandated reports by the Executive Branch to the Congress, except those required by the Inspector General Act of 1978 and the Chief Financial Officers Act of 1990, five years after the date of enactment of the provision.

The House amendment contains no similar provision.

The Senate recedes.

*Federal Report Elimination and Modification Act of 1995*

The Senate bill contains a Title II, the "Federal Report Elimination and Modification Act of 1995", added as an amendment to the bill as reported, which would eliminate or reduce the burden of 212 statutorily-mandated reports by the Executive Branch to the Congress.

The House bill contains no similar provisions.

The Senate recedes.

BILL CLINGER,
JOHN M. MCHUGH,
DAVID MCINTOSH,
JON FOX,
CARDISS COLLINS,
COLLIN C. PETERSON,
BOB WISE,
*Managers on the Part of the House.*

WILLIAM V. ROTH, Jr.,
BILL COHEN,
THAD COCHRAN,
JOHN GLENN,
SAM NUNN,
*Managers on the Part of the Senate.*

251

## SERVICE

New Jersey state      )
                            )      **DECLARATION**

United States           )

**Declarant states that Declarant is competent to be a witness, is not a party to the action, and under penalty of perjury declares that Declarant placed a copy of the instrument to which this Declaration is affixed, inclusive of any attachments, in the United States mail, First Class postage pre-paid, addressed to each Respondent or counsel as required by law:**

**Done this _14th_ day of _December_ 2006.**

**Declarant Signature**