IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ELINORE EVANS-HOKE,**

            **Plaintiff,**

v.                                                                              **Civil Case No. 1:06cv00556-GK**

**JOHN SNOW,**
**Secretary of the Treasury,**

**MARK W. EVERSON,**
**Commissioner of Internal Revenue,**

**DAVE ROSS,**
**"Agent of Commissioner Everson,"**

**DAVID A. DABERKO**
**"Bonded Fiduciary, National City Bank, as seizure agent,"**

            **Defendants.**

**DEFENDANTS' JOINT REPORT TO THE COURT**
**UNDER LOCAL CIVIL RULE 16.3(D) AND PROPOSED ORDER**

Private Defendant David A. Daberko ("Mr. Daberko") and Government Defendants John Snow, Mark W. Everson, and Dave Ross (the "Government Defendants"), without waiving the personal defenses raised by Rule 12 motions filed on May 22, 2006 and July 3, 2006,[1] submit this Joint Report Under Local Civil Rule 16.3(d) and Proposed Order. Mr. Daberko and the Government Defendants attempted to schedule the preliminary meet and confer required under Local Civil Rule 16.3 with Plaintiff Elinore Evans-Hoke ("Plaintiff"), who is pursuing this action *pro se*. Plaintiff did not respond to those attempts. *See* Exhs. A & B. Because Rule 12 motions

---

[1] Mr. Daberko appeared specially to contest personal jurisdiction and venue, and alternatively moved to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. (*See* Dkt. Nos. 2-3.) The Government Defendants also raised venue, jurisdictional, and substantive defenses by Rule 12 motion. (*See* Dkt. No. 9.) Mr. Daberko and the Government Defendants submit this Report without waiver of those personal defenses, and only for the purpose of complying with Federal Rule of Civil Procedure 16 and 26 and Local Civil Rule 16.3 in the event those defenses are overruled.

that are potentially thoroughly dispositive are pending, Mr. Daberko and the Government Defendants respectfully propose that this Court: 1) postpone entering a scheduling order, 2) stay discovery until the pending Rule 12 motions are resolved, and 3) refer this matter to a magistrate judge to resolve the pending Rule 12 motions.

I.  **BACKGROUND**

Mr. Daberko, appearing specially, moved to dismiss this case for want of personal jurisdiction, improper venue, and/or failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(2), (3) and (6) on May 22, 2006.  (Dkt. Nos. 2-3.)  Plaintiff filed an opposition brief on June 19, 2006.  (Dkt. No. 6.)  Mr. Daberko replied on June 26, 2006.  (Dkt. No. 7.)  Mr. Daberko's motion to dismiss, which is dispositive as to Plaintiff's claims against him, is ripe for judicial resolution.

On July 3, 2006, the Government Defendants moved to substitute the United States as the proper party defendant under 28 U.S.C. § 2679(d)(1) and to dismiss this case under Fed. R. Civ. P. 12(b)(1), (2), (3), (5), and (6) because venue is improper, subject matter jurisdiction is lacking, the Anti-Injunction Act bars the injunctive relief Plaintiff seeks, the Declaratory Judgment Act bars the declaratory relief Plaintiff seeks, and Plaintiff failed to properly serve the United States. (Dkt. No. 9.)  Plaintiff filed an opposition brief on August 7, 2006.  (Dkt. No. 12.)  The Government Defendants' motion to dismiss, which is potentially dispositive as to Plaintiff's claims against them, is ripe for judicial resolution.

Because there are dispositive motions pending and no defendant has filed an answer, the parties did not meet and confer to establish a proposed discovery schedule and to discuss other preliminary issues as otherwise required by Local Civil Rule 16.3.  This Court has not entered a scheduling order.

On or about November 22, 2006, Mr. Daberko received a discovery request from Plaintiff, consisting of a request for documents or, alternatively, a request for admissions. (*See* Exh. C.) On or about November 27, 2006, the Government Defendants received the same discovery requests. Mr. Daberko and the Government Defendants interpreted Plaintiff's discovery requests as a signal that she believes discovery is appropriate before resolving the pending Rule 12 motions.[2] Counsel for Mr. Daberko and the Government Defendants therefore contacted Plaintiff to arrange the meet and confer required under Local Civil Rule 16.3 to discuss, among the other required topics, whether and what discovery is necessary prior to resolving the Rule 12 motions. Attempts were made to contact Plaintiff by letter on November 30 and December 7, 2006. (*See* Exhs. A & B.) Plaintiff did not respond to either correspondence. But during the interim period, on December 18, 2006, Plaintiff proceeded to file a "Motion for Protection Order" appearing to request an order enjoining the Internal Revenue Service from seizing her assets to satisfy tax delinquencies. (*See* Dkt. No. 13.) Oppositions to that Motion are not yet due. Because Plaintiff did not respond to the request to meet and confer, in order to preserve objections, but without waiving the personal defenses raised by Rule 12 Motion, Mr. Daberko served objections to Plaintiff's discovery requests on December 20, 2006.

Having still not heard from Plaintiff, Mr. Daberko and the Government Defendants hereby outline their agreed positions regarding the matters outlined in Local Civil Rule 16.3(d).

## II.    REPORT ON LOCAL CIVIL RULE 16.3(D) TOPICS

### A.    Discovery Issues

Discovery is inappropriate at this time because the pending Rule 12 motions have the potential to thoroughly resolve Plaintiff's claims. *See Anderson v. United States Attorneys*

---

[2] Absent special circumstances, serving discovery requests before a court enters a scheduling order is inappropriate. *See Steinbuch v. Cutler*, No. CIV. A. 05-0970(PLF), 2006 WL 979311, *1, *2 (D.D.C. Apr. 14, 2006); Fed. R. Civ. P. 26(d).

*Office*, No. CIV. A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); *accord Chavous v. District of Columbia Financial Responsibility and Mgmt. Assist. Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001).  Postponing discovery will save the parties and the Court from investing time and resources in discovery that may ultimately prove unnecessary.  *Chavous*, 201 F.R.D. at 2 (staying discovery until a dispositive motion is resolved "prevent[s] wasting the time and effort of all concerned, and [ ] make[s] the most efficient use of judicial resources") (citation and internal quotations omitted).  It will also protect Mr. Daberko and the Government Defendants from burdens attendant to litigation in a forum they have a good faith basis for asserting is inappropriate based on the personal defenses of *in personam* jurisdiction and venue.  *Cf.* 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2040 n.7 (West 2006) ("[A] court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved.").  Forcing a party to engage in discovery in a forum lacking jurisdiction over the person undermines the "traditional notions of fair play and substantial justice" that defense is designed to protect.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Plaintiff will not suffer any prejudice by postponing discovery until the motions to dismiss are resolved.  *See Chavous*, 201 F.R.D. at 3 ("In the determination of whether to stay discovery while pending dispositive motions are decided, the trial court inevitably must balance the harm produced by a delay in discovery against the possibility that a dispositive motion will be granted and entirely eliminate the need for such discovery.") (internal quotations omitted). Both pending motions to dismiss can be resolved—on jurisdictional or substantive grounds— without discovery.  In any event, Plaintiff's discovery requests are not directed at jurisdictional

issues, but rather what the Complaint *alleges* are merits issues: the existence of a Form 23C Assessment and a judicial determination that she is a taxpayer. (*See* Exh. C.) And if Plaintiff believes jurisdictional discovery is necessary, she bears an affirmative burden to demonstrate such. *See Kopff v. Battaglia*, 425 F. Supp.2d 76, 89 (D.D.C. 2006) ("Jurisdictional discovery . . . is justified only if the plaintiff reasonably 'demonstrates that it can supplement its jurisdictional allegations through discovery.'") (quoting *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000). Plaintiff cannot satisfy this burden.[3]

This Court should enter an order staying discovery until the pending Rule 12 motions are resolved.

### B.   Magistrate Judge

Mr. Daberko and the Government Defendants propose referring this matter to a magistrate judge to resolve the pending Rule 12 motions. Mr. Daberko and the Government Defendants will consider consenting to a transfer of this case to a magistrate judge for trial upon meeting and conferring with Plaintiff.

### C.   Settlement/ADR Issues

Because there are motions to dismiss pending that have the potential to thoroughly resolve Plaintiff's case, settlement and ADR discussions are inappropriate at this time.

### D.   Other Scheduling Issues

Because there are motions to dismiss pending that have the potential to thoroughly resolve Plaintiff's case, discussing other scheduling issues is premature at this time. Once those

---

[3] For example, the only conceivable factual contention linking Mr. Daberko to the District of Columbia is a conclusory allegation that he acted as an agent of the Treasury Secretary and the Internal Revenue Service ("IRS") Commissioner, whose offices are located there. *See* Daberko Memo. in Supp. of Mot. to Dismiss (Dkt. No. 3) at 7-8; Pl.'s Opp. Memo. (Dkt. No. 6) at 2-3, 9-10. Such a conclusory allegation, without alleging "specific facts that *could* establish the requisite contacts with the District," is insufficient to support jurisdictional discovery. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 788 (D.C. Cir. 1983) (collecting cases).

motions are resolved, if necessary, Mr. Daberko and the Government Defendants will act diligently to meet the scheduling obligations under the Local and Federal Rules of Civil Procedure.

### III. CONCLUSION

For the reasons stated above Mr. Daberko and the Government Defendants respectfully propose that the Court 1) postpone entering a scheduling order, 2) stay discovery until the pending Rule 12 motions are resolved, and 3) refer the pending Rule 12 motions to a magistrate judge for resolution. A proposed order is attached.

DATED:     December 21, 2006

Respectfully submitted,

/s/ J.P. Cooney
John M. Majoras (D.C. Bar No. 474267)
Joseph P. Cooney (D.C. Bar No. 494026)

JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Phone: (202) 879-3939
FAX: (202) 626-1700

**ATTORNEYS FOR DEFENDANT DAVID A. DABERKO**

/s/ Beatriz T. Saiz
Beatriz T. Saiz

Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, D.C.  20044
Phone: (202) 307-6585
FAX: (202) 514-6866

**ATTORNEY FOR DEFENDANTS SNOW, EVERSON, AND ROSS**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ELINORE EVANS-HOKE,**

           **Plaintiff,**

v.                                              **Civil Case No. 1:06cv00556-GK**

**JOHN SNOW,**
**Secretary of the Treasury,**

**MARK W. EVERSON,**
**Commissioner of Internal Revenue,**

**DAVE ROSS,**
**"Agent of Commissioner Everson,"**

**DAVID A. DABERKO**
**"Bonded Fiduciary, National City Bank, as seizure agent,"**

           **Defendants.**

## [PROPOSED] ORDER

AND NOW, this _____ day of _____, 20__, upon consideration of the Defendants' Joint Report to the Court Under Local Civil Rule 16.3(d), discovery in this case is **ORDERED STAYED** until the pending Rule 12 motions to dismiss are resolved. The Court **REFERS** the pending Rule 12 motions (*see* Dkt. Nos. 2, 12) to a magistrate judge for resolution. *See* Local Civil Rule 72.3(a)(5). The Court will postpone entering a scheduling order until after those motions are resolved.

      **IT IS SO ORDERED.**

 

                                                              _____
                                                               UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney for David A. Daberko, hereby certifies that, on behalf of all Defendants, I caused a copy of the foregoing Defendants' Joint Report to the Court Under Local Civil Rule 16.3 and Proposed Order to be served via First Class United States mail on:

Elinore Evans-Hoke
2708 Inverness Road
Shaker Heights, OH  44122-2706

**PLAINTIFF**

Dated:  December 21, 2006

/s/ J.P.Cooney
Attorney for David A. Daberko
