# EXHIBIT A

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113
TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

Direct Number: (202) 879-3741
jpcooney@jonesday.com

November 30, 2006

VIA FEDERAL EXPRESS

Ms. Elinore Evans-Hoke
2708 Inverness Road
Shaker Heights, OH 44122

Re:   *Evans-Hoke v. Snow, et al*, Civil Action No. 1:06-cv-00556 (D.D.C - GK)

Dear Ms. Evans-Hoke:

    I write in regard to the Request for Discovery you recently served on my client, David A. Daberko, in the above-captioned matter. I understand from Beatriz T. Saiz, counsel for John Snow, Mark Everson, and Dave Ross (the "Government Defendants"), that you also served a Request for Discovery on those defendants.

    Because all defendants have filed motions to dismiss that are potentially dispositive over the claims involved in this case, I did not expect any discovery to begin until those motions are resolved. I have conferred with Ms. Saiz and she informs me that the Government Defendants held the same expectation. It appears from your discovery requests that your position is that discovery should begin prior to resolving the motions to dismiss.

    Under the Federal Rules, discovery ordinarily does not begin in earnest until after the parties have met and conferred about a discovery plan and other preliminary matters, *see* Fed. R. Civ. P. 26(f), and until after the court enters a scheduling order. *See Steinbuch v. Cutler*, No. CIV. A. 05-0970(PLF), 2006 WL 979311, *1, *2 (D.D.C. Apr. 14, 2006). In the District of Columbia, under Local Civil Rule 16.3, parties to litigation are obligated to meet and confer concerning discovery planning, scheduling issues, and other matters. *See* Local Civil Rule 16.3(c). Following the meet and confer, the parties must submit a written report to the court setting forth areas of agreement, disagreement, and the reasons therefore. *See* Local Civil Rule 16.3(d).

    Among the preliminary matters we are obligated to discuss is "[w]hether the case is likely to be disposed of by dispositive motion; and whether if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion." Local Civil Rule 16.3(c)(1). After conferring with Ms. Saiz, I can report that it is currently both my client's position and the Government Defendants' position that discovery should be postponed, and a scheduling order withheld, until the pending motions are resolved. *See Anderson v. United States Attorneys Office*, No. CIV. A. 91-2262, 1992 WL

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Ms. Elinore Evans-Hoke
November 30, 2006
Page 2

159186, at *1 (D.D.C. June 19, 1992) ("It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."); accord *Chavous v. District of Columbia Financial Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001). We understand that you might hold a different view.

Ms. Saiz and I would like to meet and confer with you as soon as practicable to discuss discovery and the other scheduling matters we are obligated to discuss and report to the Court on under Local Civil Rule 16.3. Though you are welcome—and I invite you—to put your views on these subjects in writing, Local Civil Rule 16.3 requires that we discuss these matters. We can hold that discussion by telephone. Both Ms. Saiz and I are available Wednesday through Friday of next week, December 6, 7, and 8, in the afternoon, to hold a telephonic conference. Please let us know if any of those times are convenient for you. If not, please propose alternative times.

I do not presently have any contact information for you other than the above address. My telephone number, email address, and fax number are listed on the letterhead of the first page of this letter. Please feel free to contact me via any of those communication modes. Ms. Saiz's facsimile number is 202-514-6866, her telephone number is 202-307-6585, and her email address is Beatriz.T.Saiz@usdoj.gov.

If possible, I request that you respond to this letter by Wednesday, December 6, 2006 to ensure we timely satisfy our Local Civil Rule 16.3 obligations.

Very truly yours,

J.P. Cooney

cc:   Ms. Beatriz T. Saiz, Esq. (United States Department of Justice, Tax Division)