# EXHIBIT C

PLAINTIFF:
**Elinore Evans-Hoke**
2708 Inverness Rd
Shaker Hts
Ohio

# district court of the United States for the District of Columbia

Article III Constitutional Jurisdiction

| | |
|---|---|
| **Elinore Evans-Hoke** <br> CLAIMANT <br><br> Vs <br><br> **John Snow**, et al. <br> RESPONDENT(S) | No. <br><br> **06-CV-556 GK** <br><br> **REQUEST FOR DISCOVERY FROM RESPONDENT DABERKO** <br><br> (service) |

COMES NOW THE CLAIMANT to request discovery from Respondent DABERKO:

## VERIFICATION

**VERIFICATION CERTIFICATE**

Ohio state            )
                      )    DECLARATION
Cuyahoga county       )

Declarant, Elinore Evans-Hoke, states that Declarant is competent to be a witness and the facts presented in the instrument to which this certificate is affixed are true and correct to the best of Declarant's first hand knowledge and belief under penalty of perjury.

_[signature]_                          **November 14, 2006**
_____          _____
Declarant Signature                     Date

## *CONSIDERING the CLEARLY ESTABLISHED LAW:*

### *REGULATIONS:*

#### Account 6110 Tax Assessments

(2) All tax assessments must be recorded on Form 23C Assessment Certificate. The Assessment Certificate <u>must be signed</u> by the Assessment Officer and dated. **<u>The Assessment Certificate is the legal document that permits collection activity.</u>**

#### Internal Revenue Manual 3(17)(46) 2.3

#### Certification

(1) All assessments must be certified by signature of an authorized official on Form 23-C, Assessment Certificate. **A signed Form 23C authorizes issuance of notices and other collection action.**

(2) Some assessments are prescribed for expeditious action and may be certified on a daily basis. **These assessments will require immediate preparation of Form 23C from <u>RACS</u>.**

*Form 23C is described in Document 7130, IRS Printed Product Catalog as:*

**23C - Assessment Certificate-Summary Record of Assessments**

Form 23C is used to officially assess tax liabilities. *The completed form is retained in the Service Center case file as a legal document to support the assessment made against the taxpayer.* This status notice is reissued to update the status notice file.

### *STATUTE:*

The assessment process regarding federal income taxes is a matter controlled by statutes and regulations. In the 1954 and 1986 Internal Revenue Codes, §6201(a) authorizes the Secretary of the Treasury to make assessments. The method of recording such an administrative act is governed by §6203, which provides:

"The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. **<u>Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment.</u>**"

### <u>CASES</u>:

*BREWER v. U.S., 764 F.Supp. 309 (1991)*: However, there is no indication in the record before us that the "Summary Report of Assessments", known as Form 23C, was completed and signed by the assessment officer as required by 26 CFR § 301.6203-1.3 Nor do the Certificates of Assessments and Payments contain 23C dates which would allow us to conclude that a Form 23C form was signed on that date. *See United States v. Dixon, 672 F. Supp. 503, 505-506 (M.D.Ala.1987).* Thus we find that the plaintiff has raised a factual question concerning whether IRS procedures were followed in making the assessments – This regulation provides, in relevant part, that "[t]he assessment shall be made by an assessment officer signing the summary record of assessment"

*Stallard v. United States, 806 F.Supp. 152, (1992):*

"Defendant submitted a 'Form 23C' which it asserts is a summary record of assessment".

Several cases disclose the type of information which must be contained on a Form 23-C tax assessment record and its supporting list. For example, in *Ianelli v. Long, 329 F.Supp. 1241, 1242 (W.D.Pa. 1971)*, that description of the various data was as follows: "The procedure for assessment provides, inter alia, that the assessment officer shall sign the summary record of assessments made against any tax payer, that said action, through supporting records, shall provide identification of the tax payer, the character of the liability assessed, the taxable period as applicable, and the amount of the assessment. The date of the assessment is the date the summary record is signed by an assessment officer. *26 U.S.C.A. § 301.6203-1, Code of Federal Regulations.* **Since this procedure was not followed, the assessment is void and the executions based thereon are invalid.**"

*Planned Investments, Inc. v. United States, 881 F.2d 340, 343 (6th Cir. 1989),* the court examined the requirements of *26 C.F.R., §301.6203-1,* and stated: "Section 6203 of Subchapter A provides that assessment be made by recording the liability in accordance with the regulations promulgated by the Secretary. 26 U.S.C. § 6203 - Treasury regulations provide that the assessment be made by signing the summary record of assessment. 26 CFR § 301.6203-1. The summary record,

through supporting documents, must contain the following:

1. identification of the taxpayer;
2. character of liability assessed;
3. taxable period, if applicable; and amount of assessment."

*Robinson v. United States*, 920 F.2d 1157, 1158 (3rd Cir. 1990), described the assessment process as: "A duly designated official for the district or regional tax center signs the summary record of the assessment, which identifies the taxpayers, the type of tax owed, the taxable period and the amount of the assessment. *26 U.S.C. §6203; Treas. Reg. §301.6203-1.*"

**1.** PRODUCE FOR INSPECTION or PROVIDE A CERTIFIED COPY of the 23C assessment certificate upon which the seizures complained of in Claimant's complaint are based as provided in FRCP 34; ***or in the alternative***:

ADMIT, as provided at FRCP 36, that there is no 23C assessment certificate upon which the seizures complained of in Claimant's complaint were based:

**( ) ADMIT    ( ) DENY**, copy of 23C assessment certificate is attached.

Signature _____

***CONSIDERING the CLEARLY ESTABLISHED LAW:***

"The revenue laws are a code or system in regulation of tax assessment and collection. They relate to taxpayers, and not to nontaxpayers. The latter are without their scope. No procedure is prescribed for nontaxpayers, and no attempt is made to annul any of their rights and remedies in due course of law. With them [nontaxpayers] Congress does not assume to deal, and they are neither of the subject nor of the object of the revenue laws". <u>Economy Plumbing and Heating Co. v. United States</u>, 470 F. 2d 585 (1972)

"It is equally well settled that the Revenue laws relate only to taxpayers." <u>Adler v. Nicholas</u>, 166 F.2d 674 (10 Cir. 1948)

"Tax officials are not vested with absolute power of assessment against individuals not specified in statutes as persons liable for tax without opportunity for judicial review of status before persons' property is seized and sold, and same is true where liability is asserted as penalty for willful act. 26 USCA (IRC 1954) section 6671 (b), 6672.

Plaintiffs may or may not be able to allege facts showing that Section 7421 is inapplicable to them. However, a reasonable construction of the taxing statutes does not include vesting any tax official with absolute power of assessment against individuals not specified in the statutes as persons liable for the tax without an opportunity for judicial review of this status before the appellation of

"taxpayer" is bestowed upon them and their property is seized and sold." <u>Botta v. Scanlon</u>, 288 F.2d 504 (1961)

**2.** PRODUCE FOR INSPECTION or PROVIDE A CERTIFIED COPY of the JUDICIAL DETERMINATION that Claimant is a "taxpayer", as provided in FRCP 34; **or in the alternative:**

ADMIT, as provided at FRCP 36, that there is no JUDICIAL DETERMINATION that Claimant is a "taxpayer" upon which the seizures complained of in Claimant's complaint were based:

(  ) **ADMIT**     (  ) **DENY**, copy of JUDICIAL DETERMINATION is attached.

Signature _____

The foregoing responses are true and correct under penalty of perjury.

Date _____


_____        _____
Respondent Signature          Attorney for Respondent

The foregoing requests for discovery are presented without the appearance of an attorney, in a good faith and in an effort to simplify litigation and provide for judicial economy.

<u>**OFFICIAL NOTICE**</u>: Claimant reminds the court's

officers, inclusive of attorneys, of the long history of clearly established law set forth by the Supreme Court of the United States in McCORMICK V. CITY OF CHICAGO, 230 F3d 319 (7th Cir. 2000) BOAG V. MacDOUGALL, 454 US 364, 70 LEd2d 551, 102 SO 700 (1982) HAINES V. KERNER, 404 US 519, 30 LEd2d 652, 92 SCt 594 (1972).

*[signature]*    November 14, 2006
Elinore Evans-Hoke
Claimant

## SERVICE

Washington state            )
                            )    DECLARATION
United States               )

Declarant states that Declarant is competent to be a witness, is not a party to the action, and under penalty of perjury declares that Declarant placed a copy of the instrument to which this Declaration is affixed in the United States mail, First Class postage pre-paid, addressed to each Respondent or counsel as required by law:
Done this 16th day of November 2006.

*[signature]*
Declarant Signature