IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ELINORE EVANS-HOKE,**

        **Plaintiff,**

v.                                          **Civil Case No. 1:06cv00556-GK**

**JOHN SNOW,**
**Secretary of the Treasury,**

**MARK W. EVERSON,**
**Commissioner of Internal Revenue,**

**DAVE ROSS,**
**"Agent of Commissioner Everson,"**

**DAVID A. DABERKO**
**"Bonded Fiduciary, National City Bank, as seizure agent,"**

        **Defendants.**

### DAVID A. DABERKO'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTION ORDER

### INTRODUCTION

*Pro se* Plaintiff Elinore Evans-Hoke ("Plaintiff") has filed a Motion for Protection Order "request[ing] the court protect [Plaintiff] from any further administrative takings by issuing its ORDER that no further property be taken or held upon the administrative process of the IRS, and absent evidence of a judgment of a court of competent jurisdiction authorizing a taking, the [Defendants] shall no longer restrain or take any property from [Plaintiff]."  (Pl.'s Mot. for Protection Order at 3-4.)  Though styled as a "Motion for Protection Order," the only conceivable way to construe Plaintiff's proposed remedy is as a request for a preliminary injunction to stop the Internal Revenue Service ("IRS") from seizing Plaintiff's assets to fulfill

outstanding tax obligations.[1]  David A. Daberko, the Chairman and Chief Executive Officer ("CEO") of National City Corporation, the holding company that owns National City Bank ("NCB"), the bank where the subject assets are held, has absolutely nothing to do with this Motion – let alone this case.

The assets at issue, which consist of cash and certificated securities held at a Cleveland, Ohio NCB branch, have been subject to an IRS administrative levy since January 2006.  The IRS has maintained the levy and seized Plaintiff's assets from NCB on various occasions since January 2006 because Plaintiff allegedly failed to pay taxes in 2000 and 2001.[2]  Plaintiff's Complaint, which is barely comprehensible, appears to allege that the IRS levy is wrongful, that NCB should not honor it, and that Mr. Daberko should be held liable for NCB's compliance by virtue of heading NCB's parent corporation.  (*See* Pl.'s Compl. at 3-4, 10-12.)

This Motion, and this case, does not involve Mr. Daberko or NCB at all.  The only pertinent parties are the IRS and Plaintiff, who mutually dispute Plaintiff's tax liability.  NCB, as the custodian of the assets subject to the levy, and Mr. Daberko, the head of NCB's parent corporation, are trapped in the middle.  NCB has a legal obligation to honor the IRS levy on

---

[1] The purpose of Plaintiff's Motion is not entirely clear.  Nor is it clear exactly what her cause of action against David A. Daberko is.  But *pro se* pleadings are construed liberally.  *See Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977).  Counsel for Mr. Daberko has endeavored to afford Plaintiff's pleadings the broadest, fairest reading possible.

[2] As explained in more detail in the Factual Background section of Mr. Daberko's Motion to Dismiss (at least as of May 22, 2006, the date that Motion was filed), NCB has surrendered assets under the IRS administrative levy according to the following schedule:

| Date | Amount |
|---|---|
| March 21, 2006 | Cash totaling $31,803.29 |
| April 25, 2006 | Securities valued at $248,814.00 |
| April 26, 2006 | Cash dividends of $495.00 |
| May 17, 2006 | Securities valued at $17,890.35 |
| May 17, 2006 | Cash dividends of $2,282.53 |
| June 23, 2006 | Cash dividends of $624.20 |
| July 20, 2006 | Cash dividends of $280.00 |
| August 3, 2006 | Cash dividends of $495.00 |

At no point has Mr. Daberko participated in the surrender of Plaintiff's assets or in any of the alleged facts giving rise to Plaintiff's suit.

Plaintiff's assets, which it has fulfilled and continues to fulfill.[3]  NCB's reward for following the law is that its CEO and Chairman has been forced to answer charges in a forum with which he has no connection concerning issues about which he has no knowledge.[4]  For the same reasons that Mr. Daberko's May 22, 2006 Motion to Dismiss should be granted—lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted—to the extent Plaintiff's Motion for Protection Order purports to involve Mr. Daberko, it should be denied.  Further, Mr. Daberko should be dismissed from this matter immediately so the real parties in action—the IRS and Plaintiff—can resolve their dispute.

## ARGUMENT

To obtain a preliminary injunction, Plaintiff "must demonstrate 1) a substantial likelihood of success on the merits, 2) that [she] would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction." *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995).  "It is frequently observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 2948, at 129-30 (2d ed. 1995) (footnotes omitted) (hereinafter "*Wright & Miller*").

---

[3] Because Plaintiff's outstanding tax obligations apparently remain unfulfilled, the IRS has not yet released the levy on Plaintiff's NCB custody account.  Plaintiff's assets remain subject to seizure.

[4] Mr. Daberko responds to Plaintiff's Motion for Protection Order without waiver of the personal defenses he raised by Rule 12 Motion on May 22, 2006.  Mr. Daberko responds to this Motion specially only to preserve all of his rights, be they procedural, jurisdictional, or substantive.

**I.     PLAINTIFF'S MOTION SHOULD BE DENIED TO THE EXTENT IT PURPORTS TO INVOLVE MR. DABERKO BECAUSE PLAINTIFF HAS NOT DEMONSTRATED ANY LIKELIHOOD OF SUCCEEDING ON THE MERITS.**

On May 22, 2006, Mr. Daberko moved to dismiss Plaintiff's claims for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.  For the reasons stated in that Motion, which are essentially recapitulated below, Plaintiff cannot demonstrate any likelihood of succeeding on the merits as to Mr. Daberko.

**A.     Plaintiff has no likelihood of succeeding on her jurisdictional and venue allegations against Mr. Daberko because neither this case nor Mr. Daberko have any connection to the District of Columbia.**

This Motion and this case have no connection to the District of Columbia.  The supposed events that Plaintiff alleges give rise to a cause of action occurred in Ohio.  The Complaint stems from Plaintiff's failure to pay taxes in 2000 and 2001.  To satisfy the delinquent taxes, the Internal Revenue Service ("IRS") levied Plaintiff's NCB custody account held at a Cleveland branch.  The levy was executed by a Revenue Officer based in Independence, Ohio.  The NCB employees who honored the levy are based in Cleveland.  Plaintiff is an Ohio resident.  Plaintiff does not allege that any act or omission occurred in the District of Columbia – or even outside the state of Ohio.

Mr. Daberko has no connection to the District of Columbia.  He is the only Defendant who is not a United States Government official.  Mr. Daberko is the Chairman and CEO of National City Corporation, a financial holding company headquartered in Cleveland.  He works in Cleveland and personally resides in Ohio.  National City Corporation owns a network of mostly Midwestern-based banks, including NCB.  National City Corporation does not own any holdings based in the District of Columbia.  NCB is also headquartered in Cleveland and does not operate any branches in the District of Columbia.

Plaintiff has not leveled a single allegation, in her Complaint or in her opposition to Mr. Daberko's Motion to Dismiss, connecting Mr. Daberko to this forum.[5] The only conceivable link this case has to the District of Columbia is Plaintiff's bald and unsupportable allegation that Mr. Daberko conspired with the IRS Commissioner and the Secretary of the Treasury to steal her assets. (*See* Pl.'s Compl. 3-4, 11-12.) But personal jurisdiction cannot be asserted based on a conclusory allegation that a defendant conspired with persons within the forum who are or may be subject to personal jurisdiction. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787-88 (D.C. Cir. 1983). Personal jurisdiction must be established separately for each and every defendant. *See First Chicago Int'l v. United Exh. Co., Ltd.*, 836 F.2d 1375, 1378 (D.C. Cir. 1998); *Overseas Partners, Inc. v. Progen*, 15 F. Supp. 2d 47, 50 (D.D.C. 1998). The same principles apply to the personal privilege of venue. *See* 28 U.S.C. § 1391(b); 15 *Wright & Miller* § 3807 (2d ed. 1986 & 2005 supp.). For these reasons, Plaintiff is unlikely to prevail on her jurisdictional and venue allegations. This compels denial of Plaintiff's Motion for Protection Order to the extent it purports to involve Mr. Daberko because it will prevent her from succeeding on the merits and because this Court lacks personal jurisdiction to enjoin Mr. Daberko in the first place. *Cf. Nat'l Wildlife Federation v. Burford*, 835 F.2d 305, 315 (D.C. Cir. 1987) (affirming injunction against parties over whom district court had personal jurisdiction).

    **B.**    **Plaintiff has no likelihood of succeeding on the substantive merits of her claim against Mr. Daberko because Plaintiff has failed to state a claim upon which relief can be granted.**

Plaintiff's case does not involve NCB or Mr. Daberko. Her dispute—to the extent she has one at all—is with the IRS. The IRS believes Plaintiff owes taxes from 2000 and 2001 and has levied Plaintiff's custody account at NCB to satisfy the outstanding obligations. Plaintiff

---

[5] The jurisdictional facts contained in the preceding paragraphs are documented by exhibits attached to Mr. Daberko's Motion to Dismiss. Plaintiff has not contested them through allegation, let alone documentation.

apparently takes issue with the IRS's position. But the IRS, not banks—and certainly not Mr. Daberko—issues and enforces tax assessments. *See* 26 C.F.R. § 301.6203-1 ("Method of Assessment); IRS Manual § 4.15.3 ("Assessment Procedures"), *available at* <http://www.irs.gov/irm/part4/ch15s03.html> (site last visited Jan. 2, 2007).

Even if they were inclined to do so, NCB and Mr. Daberko have no power to oppose the IRS's seizure of Plaintiff's assets. The IRS is permitted to seize a delinquent taxpayer's assets from property custodians such as NCB. *See* 26 U.S.C. § 6331(a). A property custodian is required to honor an IRS administrative levy and is personally liable to the IRS for the amount stated on the levy for failing to do so. *See id.* §§ 6332(a), (d). Questions about the tax assessment's validity or fear that the taxpayer will take legal action are not justifications for refusing to honor the levy. *See United States v. First Nat'l Bank of Bellaire*, No. Civ. A. H-82-2567, 83-2 USTC ¶ 9648, 1983 WL 1666, *2 (S.D. Tex. Aug. 12, 1983). And even the slightest doubt about the levied assets' ultimate ownership is not an excuse for rebuffing an IRS levy. *See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20, 724-25 (1985); 26 C.F.R. § 301.6332-1(c)(2). Because of this, property custodians are "discharged from any obligation or liability to the delinquent taxpayer . . . arising from such surrender or payment." 26 U.S.C. § 6332(e); *see also Nat'l Bank of Commerce*, 472 U.S. at 721. This statutory defense is complete. *Kane v. Capital Guardian Trust Co.*, 145 F.3d 1218, 1224 (10th Cir. 1998); *see also Melton v. Teachers Ins. & Annuity Ass'n. of America*, 114 F.3d 557, 560-61 (5th Cir. 1997) (affirming summary judgment against delinquent taxpayer bringing suit against property custodian for honoring levy and awarding costs to defendant); Steven R. Mather & Paul H.

Weisman, 638-2d T.M., *Federal Tax Collection Procedure* at A-81, n. 1026 (Aug. 8, 2005) (collecting cases).[6]

Plaintiff has not cited a single authority establishing an exception to this statutory defense. Plaintiff relies on *Schultz v. IRS*, 413 F.3d 297 (2d Cir. 2005) for the proposition that the "IRS administrative process does not have the force and effect of law, and cannot be enforced except through supporting judicial proceedings." (Pl.'s Mot. for Protective Order at 3.) Even if this statement accurately depicted *Schultz*, which it does not, *Schultz* does nothing to support Plaintiff's Motion or her cause of action against Mr. Daberko.

In *Schultz*, the Second Circuit held that a taxpayer who refuses to comply with an IRS administrative summons cannot be subjected to punitive consequences until the IRS brings an action to compel compliance in a federal court and, if upheld, is thereafter afforded a reasonable time to comply. *See* 413 F.3d at 301-04. *Schultz* involved an administrative subpoena on a taxpayer, not on a property custodian. The levy at issue here was served on NCB, not on Plaintiff (or, for that matter, on Mr. Daberko). Even if the due process principles set forth in *Schultz* extend to a property custodian served with an administrative levy, those rights belong to NCB, not to Plaintiff. *Schultz* does not compel NCB to assert those rights by refusing to honor the IRS administrative levy, undergoing the time and expense of defending an IRS enforcement action on Plaintiff's behalf, and then refusing compliance until otherwise ordered by a federal court. *Schultz* only prohibits the IRS from imposing punitive consequences independent of a

---

[6] There are only two circumstances where a property custodian is permitted not to honor a levy: 1) if the custodian does not possess any property or rights to property belonging to the taxpayer, or 2) if the taxpayer's property is subject to a prior judicial attachment or execution. 26 U.S.C. § 6332(a); *Nat'l Bank of Commerce*, 472 U.S. at 722. As explained in detail in Mr. Daberko's Motion to Dismiss, neither instance prevails—or is alleged to prevail—in this case. In any event, Plaintiff lacks standing to assert either ground because they only apply in cases brought by the IRS to compel compliance with a levy. *See Nat'l Bank of Commerce*, 472 U.S. at 722. Further, only third parties claiming an interest in levied property can sustain a wrongful levy suit, and the proper defendant is the IRS, not the property custodian. 26 U.S.C. § 7426(a)(1); *Vanskiver v. Rossotti, No.* CIV 00-2455, 2001 WL 361470, at *1 (D.D.C. Jan. 31, 2001); 26 C.F.R. §§ 301.6332-1(c)(2) & (3).

federal court. *Schultz* does nothing, explicitly or implicitly, to modify the statutory scheme for administrative levies set forth in 26 U.S.C. § 6332; *Schultz* does not impinge on the unconditional statutory defense afforded property custodians that honor IRS administrative levies.

Plaintiff may have a valid dispute with the IRS and is free to pursue that dispute through litigation and any other available administrative measures. But that dispute does not involve NCB or Mr. Daberko.[7] As explained in detail in Mr. Daberko's Motion to Dismiss, even if this Court did have personal jurisdiction over Mr. Daberko and even if venue were proper, there is no set of facts under which Plaintiff can prevail over Mr. Daberko (or NCB) in a suit alleging that NCB wrongfully honored the IRS administrative levy on her assets. For that reason alone, the Motion for Protection Order should be denied to the extent it purports to involve Mr. Daberko. *See Apotex, Inc. v. Food & Drug Admin.*, 449 F.3d 1249, 1253-54 (D.C. Cir. 2006) (affirming denial of preliminary injunction motion without addressing other factors because appellant had insufficient likelihood of succeeding on the merits) (citing *City of Las Vegas v. Lujan*, 891 F.2d 927, 935 (D.C. Cir. 1989)).

II.   **PLAINTIFF'S MOTION SHOULD BE DENIED TO THE EXTENT IT PURPORTS TO INVOLVE MR. DABERKO BECAUSE PLAINTIFF HAS NOT SATISFIED THE REMAINING REQUIREMENTS FOR A PRELIMINARY INJUNCTION.**

Plaintiff has not satisfied—let alone even addressed—the remaining factors for a preliminary injunction. For example, Plaintiff will not suffer irreparable injury if NCB surrenders assets to the IRS and it turns out that the levy is wrongful because the Internal Revenue Code requires the IRS to return, with interest, improperly seized assets. *See* 26 U.S.C. § 6343; 26 C.F.R. §§ 301.6332-1(c)(2) & (3); *cf. CityFed*, 58 F.3d at 746 (affirming denial of

---

[7] If it is ultimately determined that Plaintiff's property was surrendered to the IRS in error, she must secure its return from the IRS, not from NCB or Mr. Daberko. 26 U.S.C. § 6343(b); 26 C.F.R. §§ 301.6332-1(c)(2) & (3).

motion for preliminary injunction because appellant failed to demonstrate irreparable injury). Further, issuing a preliminary injunction will undermine the policy justification for the statutory defense protecting property custodians from personal liability for honoring administrative levies by calling the IRS's broad levy authority into question.  *Cf. Nat'l Bank of Commerce*, 472 U.S. at 719-20 (describing the breadth of federal tax liens); *First Nat'l Bank of Bellaire*, 1983 WL 1666 at *2 (permitting "a challenge to the validity of the assessment as a defense to an action under § 6332 would undermine the tax enforcement process").  Absent the statutory defense, property custodians are caught between the proverbial rock and a hard place.  On the one hand they would be subject to liability to the IRS for not honoring the levy, *see* 26 U.S.C. § 6332(d), while on the other hand they would be subject to near-certain litigation with the delinquent taxpayer for honoring the levy.  Entering a preliminary injunction would make that rock a boulder.  If anything, the policy considerations underlying the statutory scheme establishing the administrative levy process support dismissing Mr. Daberko from this case immediately so the real parties in interest—the IRS and Plaintiff—can resolve their dispute.

## CONCLUSION

For the foregoing reasons, David A. Daberko respectfully requests that Plaintiff's Motion for Protection Order be denied to the extent it purports to involve him.

DATED:    January 2, 2007             Respectfully submitted,

/s/ J.P. Cooney
John M. Majoras (D.C. Bar No. 474267)
Joseph P. Cooney (D.C. Bar No. 494026)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Phone: (202) 879-3939
FAX: (202) 626-1700

**ATTORNEYS FOR DAVID A. DABERKO**

**CERTIFICATE OF SERVICE**

  The undersigned, an attorney for David A. Daberko, hereby certifies that I caused a copy of the foregoing Memorandum of Law in Opposition to Plaintiff's Motion for Protection Order to be served via the Court's ECF system and via United States mail on the following party not registered with that system:

  Elinore Evans-Hoke
  2708 Inverness Road
  Shaker Heights, OH  44122-2706

  **PLAINTIFF**


Dated:  January 2, 2007


            /s/ J.P. Cooney
            Attorney for David A. Daberko