IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELINORE EVANS-HOKE, | ) |
| | ) |
| Plaintiff, | ) No. 1:06-cv-556 (GK) |
| | ) |
| v. | ) |
| | ) |
| JOHN SNOW, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

Defendants, John Snow, Mark W. Everson, and Dave Ross, submit this memorandum in opposition to plaintiff's motion seeking a protective order.  Here, plaintiff seeks a protective order to prevent the Internal Revenue Service from levying her property.  The relief sought by plaintiff, as addressed in the defendants' motion to dismiss, is prohibited by the Anti-Injunction Act.  Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection taxes.  Thus, the defendants respectfully request that the Court deny plaintiff's motion.

<u>Plaintiff's Request for Injunctive Relief is Barred by the Anti-Injunction Act</u>.

In her motion, plaintiff seeks an order enjoining the Internal Revenue Service from engaging in any further collection activities.  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421).

The Anti-Injunction Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim.  <u>See</u> 26 U.S.C. § 7421(a).  Thus, the Act precludes this

Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.  See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case.  In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiff to demonstrate that her suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiff cannot demonstrate that under the circumstances of this case, the government could never prevail.  Further, plaintiff has failed to demonstrate the existence of equitable jurisdiction.  Plaintiff must show that there is irreparable injury and inadequacy of legal remedies.  See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn , 766 F.2d at 598.  In certain situations, plaintiff can temporarily forestall collection — which is the ultimate relief she requests— by requesting a "collection due process hearing" with the Internal Revenue Service.  See 26 U.S.C. § 6330.  Moreover, she can fully pay the taxes and then file a claim for refund.  Because the Internal

Revenue Code provides administrative procedures by which she can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the <u>Enoch</u> test fails.

In sum, this Court lacks jurisdiction over plaintiff's request for injunctive relief . Plaintiff has not established the extraordinary circumstances that may justify issuing an injunction. Thus, the Court should deny plaintiff's motion.

DATED: January 3, 2007.

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY TAYLOR
United States Attorney