# EXHIBIT "A"

## DABERKO DISCOVERY

## RESPONSE(S)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELINORE EVANS-HOKE,

        Plaintiff,

v.

        Civil Case No. 1:06cv00556-GK

JOHN SNOW,
Secretary of the Treasury,

MARK W. EVERSON,
Commissioner of Internal Revenue,

DAVE ROSS,
"Agent of Commissioner Everson,"

DAVID A. DABERKO
"Bonded Fiduciary, National City Bank, as seizure agent,"

        Defendants.

### DAVID A. DABERKO'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR DISCOVERY

Pursuant to Federal Rules of Civil Procedure 33 and 34 and Local Civil Rules 5.2 and 30.4, defendant David A. Daberko ("Mr. Daberko"), by and through counsel, without waiving any rights or defenses, including jurisdictional and substantive defenses, submits the following responses and objections to Plaintiff's Request for Discovery, dated November 14, 2006, mailed November 17, 2006, and received November 22, 2006. Mr. Daberko reserves the right to change, amend, or supplement any of the following responses and objections as necessary and appropriate during the course of this case.

## GENERAL OBJECTIONS

1. Mr. Daberko objects to these discovery requests on the grounds that he is not subject to personal jurisdiction in the District of Columbia and the District of Columbia is an improper venue for this case.

2. Mr. Daberko objects to these discovery requests on the ground that Plaintiff has failed to state a claim upon which relief can be granted.

3. Mr. Daberko objects to Plaintiff's discovery requests on the grounds that they are premature and inappropriate because Rule 12 motions that are potentially thoroughly dispositive over this case are pending and discovery is unnecessary to resolve them. Further, the parties have not met and conferred concerning preliminary scheduling and discovery issues as required by Local Civil Rule 16.3 and no scheduling order has been entered in this case.

4. Mr. Daberko objects to Plaintiff's discovery requests to the extent they are designed to harass, humiliate, or impose undue burden and expense on Mr. Daberko.

5. Mr. Daberko objects to Plaintiff's discovery requests to the extent they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure and Local Civil Rules of the District of Columbia.

6. Mr. Daberko objects to each and every one of Plaintiff's citations to statutes and caselaw to the extent they purport to be accurate characterizations of the law governing this case or to impose legal obligations on Mr. Daberko.

7. Mr. Daberko objects to Plaintiff's discovery requests to the extent they seek information or documents available to plaintiffs from her own files or public sources that are more convenient, less burdensome, and less expensive than recourse to Mr. Daberko.

8.      Mr. Daberko objects to Plaintiff's discovery requests to the extent they seek information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, doctrine or protection.

## DISCOVERY REQUESTS

### REQUEST NO. 1

Produce for inspection or provide a certified copy of the 23C assessment certificate upon which the seizures complained of in claimant's complaint are based as provided in FRCP 34; or in the alternative admit, as provided in FRCP 36, that there is no 23C assessment certificate upon which the seizures complained of in claimant's complaint were based.

*Response to Request No. 1*

Mr. Daberko objects to this request on the basis that it is irrelevant to the subject matter of this litigation and unlikely to lead to discoverable information. Mr. Daberko also objects that this request is vague and ambiguous in that it uses words without operable definitions and that it purports to impose alternative obligations under Federal Rules of Civil Procedure 34 and 36 to produce documents or provide responses to a request for admission.

### REQUEST NO. 2

Produce for inspection or provide a certified copy of the judicial determination that claimant is a "taxpayer," as provided in FRCP 34; or in the alternative: admit, as provided at FRCP 36, that there is no judicial determination that claimant is a "taxpayer" upon which the seizures complained of in claimant's complaint were based.

*Response to Request No. 2*

Mr. Daberko objects to this request on the basis that it is irrelevant to the subject matter of this litigation and unlikely to lead to discoverable information. Mr. Daberko also objects that this request is vague and ambiguous in that it uses words without operable definitions and that it purports to impose alternative obligations under Federal Rules of Civil Procedure 34 and 36 to produce documents or provide responses to a request for admission.

DATED:    December 20, 2006                Respectfully submitted,

                                           */s/ J.P. Cooney*
                                           John M. Majoras (D.C. Bar No. 474267)
                                           Joseph P. Cooney (D.C. Bar No. 494026)

                                           JONES DAY
                                           51 Louisiana Avenue, N.W.
                                           Washington, D.C. 20001
                                           Phone: (202) 879-3939
                                           FAX: (202) 626-1700

                                           **ATTORNEYS FOR DEFENDANT
                                           DAVID A. DABERKO**

## CERTIFICATE OF SERVICE

The undersigned, an attorney for David A. Daberko, hereby certifies that, I caused a copy of the foregoing to be served via First Class United States mail on:

Elinore Evans-Hoke
2708 Inverness Road
Shaker Heights, OH 44122-2706
**PLAINTIFF**

Beatriz T. Saiz
U.S. Department of Justice
Ben Franklin Station
P.O. Box 227
Washington, D.C. 20044
**COUNSEL FOR GOVERNMENT DEFENDANTS**

Dated: December 20, 2006

_____
Attorney for David A. Daberko