IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ELINORE EVANS-HOKE,**

        **Plaintiff,**

v.                                                **Civil Case No. 1:06cv00556-GK**

**JOHN SNOW,**
**Secretary of the Treasury,**

**MARK W. EVERSON,**
**Commissioner of Internal Revenue,**

**DAVE ROSS,**
**"Agent of Commissioner Everson,"**

**DAVID A. DABERKO**
**"Bonded Fiduciary, National City Bank, as seizure agent,"**

        **Defendants.**

**DAVID A. DABERKO'S MOTION TO HOLD PLAINTIFF'S
MOTION FOR MISCELLANEOUS RELIEF IN ABEYANCE,
OR IN THE ALTERNATIVE TO TREAT MR. DABERKO'S
<u>MOTION TO DISMISS AS A CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

*Pro se* Plaintiff Elinore Evans-Hoke ("Plaintiff") has filed a Motion to Read All Pleadings and Process and Adhere to Oath and a Motion for Summary Judgment as to Respondent Daberko, recorded on the docket as a "Motion for Miscellaneous Relief." (Dkt. No. 21.) This Motion, filed in response, is brought without waiver of the personal defenses raised in David A. Daberko's ("Mr. Daberko") May 22, 2006 Motion to Dismiss. (*See* Dkt. Nos. 2-3.) It is only intended to preserve Mr. Daberko's procedural, jurisdictional, and substantive rights.

In the portion of her papers seeming to relate to the Motion to Read All Pleadings and Process and Adhere to Oath, Plaintiff urges the Court to "uphold and abide by the oaths taken by

the presiding judge" and to decide this case only on "rulings in law or case law which is Constitutionally compliant." (Pl.'s Mot. for Misc. Rel. at 3.) Plaintiff's urgings do not require, nor do they deserve, any response.

Plaintiff's papers also contain a Motion for Summary Judgment as to Mr. Daberko. (*See* Pl.'s Mot. for Misc. Rel. at 5-7.) Plaintiff argues that Mr. Daberko's objections to discovery amount to an admission of liability and require judgment against him. There is no basis in fact or law for this position.[1] Besides that, a summary judgment motion is premature. Potentially dispositive motions to dismiss by all Defendants remain pending, discovery has not begun, and a pretrial scheduling order has not been entered. Moreover, after serving discovery, Plaintiff refused entreaties to meet and confer over preliminary matters, as required by Local Rule 16.3.[2]

Plaintiff's procedural antics should not be tolerated. Before his motion to dismiss based on personal jurisdiction has even been ruled on, Plaintiff has forced Mr. Daberko to expend resources objecting to premature discovery, futilely attempting to arrange a meet and confer, filing a Local Rule 16.3(d) meet and confer report, and responding to a protective order motion. Now Plaintiff demands he answer a summary judgment motion. Plaintiff is forcing Mr. Daberko to litigate in a forum to which he has a basis to object to personal jurisdiction (a task in which has engaged only to protect his own rights, without waiving personal jurisdiction). Though *pro se* plaintiffs are entitled to some deference, a line must be drawn.

---

[1] Plaintiff's other arguments, most of which relate to the Government Defendants, are equally frivolous. The core of Plaintiff's summary judgment argument is that the taxes assessed against her are invalid because the associated Form 1040s do not comport with the Paperwork Reduction Act ("PRA"), in particular 44 U.S.C. § 3512(a). Within the past week, an opinion issued by the United States Tax Court suggests that a PRA-based argument is a "frivolous tax-protestor type argument" that courts need not address and that may result in sanctions against the asserting party. *See Rogan v. Commissioner*, T.C. Memo. 2007-18, 2007 Tax Notes Today 20-15, No. 9149-06L (Jan. 29, 2007).

[2] Defendants' position on initial scheduling issues and an account of Plaintiff's failure to meet and confer are contained in Defendants' Joint Report to the Court Under Local Civil Rule 16.3(d). (*See* Dkt. No. 16.)

For these reasons, and for the reasons stated in Defendants' Joint Report to the Court Under Local Civil Rule 16.3(d), Mr. Daberko respectfully requests the Court place in abeyance Plaintiff's Motion for Miscellaneous Relief (Dkt. No. 21), Plaintiff's Motion for Protection Order (Dkt. No. 13), and any future motions filed by Plaintiff.  Mr. Daberko also respectfully requests the Court order this matter, including discovery, stayed until the pending motions to dismiss (Dkt. Nos. 2, 3, 12) are resolved.  Alternatively, should the Court determine that Plaintiff's Motion for Miscellaneous Relief, including the Motion for Summary Judgment contained therein, is not premature, Mr. Daberko respectfully requests the Court treat his Motion to Dismiss (Dkt. Nos. 2-3) as a cross-motion for summary judgment.  A [Proposed] Order is attached.

DATED:    February 2, 2007            Respectfully submitted,

/s/ J.P. Cooney
John M. Majoras (D.C. Bar No. 474267)
Joseph P. Cooney (D.C. Bar No. 494026)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Phone: (202) 879-3939
FAX: (202) 626-1700

**ATTORNEYS FOR DAVID A. DABERKO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ELINORE EVANS-HOKE,**

        **Plaintiff,**

v.                                                      **Civil Case No. 1:06cv00556-GK**

**JOHN SNOW,**
**Secretary of the Treasury,**

**MARK W. EVERSON,**
**Commissioner of Internal Revenue,**

**DAVE ROSS,**
**"Agent of Commissioner Everson,"**

**DAVID A. DABERKO**
**"Bonded Fiduciary, National City Bank, as seizure agent,"**

        **Defendants.**

**[PROPOSED] ORDER**

      AND NOW, this _____ day of _____, 20__, upon consideration of David A. Daberko's Motion to Hold Plaintiff's Motion for Miscellaneous Relief in Abeyance, or in the Alternative to Treat Mr. Daberko's Motion to Dismiss as a Cross-Motion for Summary Judgment, the primary Motion is **GRANTED.**  Plaintiff's Motion for Miscellaneous Relief (Dkt. No. 21), Motion for Protection Order (Dkt. No. 13), and all future motions filed by Plaintiff in this case are **ORDERED TO BE PLACED IN ABEYANCE.**  This matter, including discovery, is **ORDERED STAYED** until the pending Motion to Dismiss (Dkt. Nos. 2, 3, 12) are resolved.

      **IT IS SO ORDERED.**

                                                                       _____
                                                                      UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned, an attorney for David A. Daberko, hereby certifies that I caused a copy of the foregoing Motion to Hold Plaintiff's Motion for Miscellaneous Relief in Abeyance, or in the Alternative to Treat Mr. Daberko's Motion to Dismiss as a Cross-Motion for Summary Judgment, to be served via the Court's ECF system and via United States mail on the following party not registered with that system:

> Elinore Evans-Hoke
> 2708 Inverness Road
> Shaker Heights, OH  44122-2706
>
> **PLAINTIFF**

Dated:  February 2, 2007

/s/ J.P. Cooney
Attorney for David A. Daberko