```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
ELINORE EVANS-HOKE          )
                            )
        Plaintiff,          )
                            )
    v.                      )     Civil Action No. 06-556 (GK)
                            )
HENRY M. PAULSON, Jr.,¹     )
et al.                      )
                            )
        Defendants.         )
_____)
```

MEMORANDUM OPINION

Plaintiff Elinore Evans-Hoke brings this action pro se against Defendants Henry M. Paulson, Jr., Secretary of the Treasury; Mark W. Everson, Commissioner of Internal Revenue; Dave Ross, an Internal Revenue Service ("IRS") agent; and David A. Daberko, Chairman and Chief Executive Officer of National City Corporation, alleging that Defendants "engaged in tax collection activities resulting in the seizure of property" belonging to Plaintiff.  Compl. at 3-4.

This matter is before the Court on Defendant Daberko's Motion to Dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) [**Dkt. No. 2**] and the Motion of Defendants Paulson, Everson, and Ross (hereinafter the "Government Defendants") to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(3), b(5), and (b)(6) [**Dkt. No. 9**].  Upon consideration of the Motions,

---

[1] Henry M. Paulson, Jr. succeeded Defendant John Snow as the Secretary of the Treasury and is therefore automatically substituted as a defendant pursuant to Fed. R. Civ. P. 25(d).

Oppositions, Replies, and the entire record herein, and for the reasons stated below, Government Defendants' Motion to Dismiss is **granted** and Defendant Daberko's Motion to Dismiss is **denied as moot**.

## I. BACKGROUND

### A. Facts[2]

Plaintiff alleges that she previously initiated a "common-law (administrative) action" to investigate the basis of tax claims made against her by the United States. Compl. at 4-5. She allegedly discovered that the IRS had identified taxable assets belonging to her in the U.S. Virgin Islands. Plaintiff disputed the IRS's findings and requested a copy of the 23-C Assessment Certificate documenting the IRS's assessment of Plaintiff's tax obligation. The IRS allegedly never provided Plaintiff with the 23-C Assessment Certificate. The IRS later carried out a collection action against Plaintiff that allegedly "resulted in seizure of over US$1,400,000.00 of [her] property." Compl. at 7.

### B. Procedural History

Plaintiff filed suit on March 23, 2006 against Defendants alleging unlawful and unfounded tax collection activities relating to tax years 2000 and 2001 and seeking an injunction against

---

[2] For the purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, the facts set forth herein are taken from Plaintiff's Complaint.

2

Defendants' tax collection activities. Plaintiff did not file an administrative claim for a refund or credit with the Secretary of the Treasury. Defendant Daberko filed his Motion to Dismiss for lack of personal jurisdiction on May 22, 2006. Government Defendants filed their Motion to Dismiss on July 3, 2006.

## II. STANDARD OF REVIEW

To prevail on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff must establish that the court has subject matter jurisdiction to hear the case. In re Swine Flu Immunization Prods. Liab. Litig., 880 F.2d 1439, 1442-43 (D.C. Cir. 1989); Jones v. Exec. Office of the President, 167 F. Supp. 2d 10, 13 (D.D.C. 2001). While the Court must accept as true all factual allegations contained in the complaint, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), "plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim" because the plaintiff has the burden of proof to establish jurisdiction. Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13-14 (D.D.C. 2001) (internal quotations omitted). In making its determination regarding the existence of subject matter jurisdiction, the court may consider matters outside the pleadings. Lipsman v. Sec'y of the Army, 257 F. Supp. 2d 3, 6 (D.D.C. 2003).

Moreover, when a plaintiff is proceeding pro se, the Court must

construe his or her filings liberally.  <u>Toolasprashad v. Bureau of Prisons</u>, 286 F.3d 576, 583 (D.C. Cir. 2000).  <u>See also</u> <u>Lindsey v. United States</u>, 448 F. Supp. 2d 37, 44 (D.D.C. 2006) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)).

**III. ANALYSIS**

    **A.   Plaintiff's Claims for Monetary Damages Are Barred because Plaintiff Has Failed to Exhaust Her Administrative Remedies**

Government Defendants argue that Plaintiff's claims for monetary damages should be dismissed because Plaintiff has failed to show that she filed an administrative claim for damages with the IRS, as required by 26 U.S.C. § 7433 for suits challenging IRS collection actions.

Plaintiff responds that her claim for damages is not based on 26 U.S.C. § 7433 because she is not asserting "that the acts complained of are acts collecting a tax due, and that the tax collection acts were not permitted by law."  Pl.'s Resp. at 4. Rather, Plaintiff argues that the IRS never made an assessment of taxes due from her because the IRS does not have a 23-C Assessment Certificate on record.

The Taxpayer Bill of Rights, 29 U.S.C. § 7433, provides a limited waiver of sovereign immunity under which a taxpayer may bring suit against the United States in a district court

> in connection with any collection of Federal tax with respect to a taxpayer, [where] any officer or employee of the Internal Revenue Service recklessly or intentionally, or by means of negligence, disregards any provision of

[the Internal Revenue Code], or any regulation promulgated under [the Internal Revenue Code].

29 U.S.C. § 7422(a). See Goodwin v. United States, No. 06-1771, 2007 U.S. Dist. LEXIS 40254, at *1-2 (D.D.C. June 4, 2007). Because the waiver of sovereign immunity applies only to claims challenging collection activities, claims for wrongful tax assessment cannot be brought under 29 U.S.C. § 7433. See Buaiz v. United States, 471 F. Supp. 2d 129, 136 (D.D.C. 2007) (citing Miller v. United States, 66 F.3d 220, 222-23 (9th Cir. 1995); Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994); Gonsalves v. IRS, 975 F.2d 13, 16 (1st Cir. 1992)).

Plaintiff's claim is that the IRS's collection activity against her was "unlawful and unfounded" because she "was not engaged in 2000 and 2001 in any taxable activity upon which tax may be assessed based upon the income generated." Compl. at 11, 12. Plaintiff is not challenging the IRS's method of collection, so her claim therefore does not fall under 26 U.S.C. § 7433. Instead, Plaintiff is challenging the validity of the tax assessment underlying the collection action because the IRS has no 23-C Assessment Certificate for her liability on record.

Taxpayers can challenge the validity of a tax assessment or collection in a district court only after paying the disputed tax and then filing an administrative claim for a refund or credit with the Secretary of the Treasury. 26 U.S.C. § 7422(a); Comm'r v. Lundy, 516 U.S. 235, 240 (1996), superceded on other grounds,

Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1282(b), 111 Stat. 1038 (1997).  The district court lacks jurisdiction if Plaintiff has not exhausted this administrative remedy.  <u>Lindsey</u>, 448 F. Supp. 2d at 51.  Plaintiff does not allege that she has filed an administrative claim for a refund of the funds collected by the IRS, so this Court lacks subject matter jurisdiction to hear Plaintiff's claim for monetary damages because she failed to exhaust her administrative remedy.

> **B. Plaintiff's Claims for Injunctive and Declaratory Relief Are Barred Under the Anti-Injunction Act and Must Be Dismissed for Lack of Subject Matter Jurisdiction**

Defendants also argue that Plaintiff's requests for injunctive relief and declaratory relief are barred by the Anti-Injunction Act, 26 U.S.C. § 7421.

Plaintiff argues in her Opposition that her claim is not barred by the Anti-Injunction Act because she is not asking for the Court to enjoin the collection of any tax.  Plaintiff argues that because she owes no taxes, there is no tax collection for the Court to enjoin.  However, her Complaint clearly states that she seeks "to enjoin Defendants from unlawful tax collection activities relating to tax years 2000 and 2001."  Compl. at 12.

Under the Anti-Injunction Act ("the Act"), "[n]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  26 U.S.C. § 7421.  The purpose of the Act "is to afford the Internal Revenue Service the

right to prompt collection of taxes without judicial intervention by requiring 'that the legal right to the disputed sums be determined in a suit for a refund.'" Goodwin, 2007 U.S. Dist. LEXIS 40254, at *5 (quoting Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962)).

The Enochs court created a narrow two-pronged exception to the Anti-Injunction Act's prohibition on injunctions where (1) "it is clear that under no circumstances could the Government ultimately prevail" and (2) "equity jurisdiction otherwise exists." Enochs, 370 U.S. at 7. The burden is on the taxpayer to show that her suit falls within this limited exception to the Anti-Injunction Act. Goodwin, 2007 U.S. Dist. LEXIS 40254, at *6.

In this case, Plaintiff fails to show that the Government is unlikely to prevail under any circumstances. Plaintiff alleges that the IRS has never issued a 23-C Assessment Certificate documenting an assessment of her tax obligation. Regulations promulgated by the IRS simply state that tax assessments are "made by an assessment officer signing the summary record of assessment," where the summary records "shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." 26 C.F.R. § 301.6203.

The regulations do not require the IRS to use or furnish a "23-C Assessment Certificate," as alleged by Plaintiff. The regulations only require that taxpayers requesting a copy of the record of assessment "be furnished a copy of the pertinent parts of the

assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." 26 C.F.R. § 301.6203.  See Travis v. United States, No. 94-15873, 1995 U.S. App. LEXIS 9685, at *9 (9th Cir. Apr. 19, 1995) (finding that plaintiff "was given all the documentation he was entitled to under section 6203" because the form that the IRS furnished to him in response to his request "set forth all the information that section 6203 requires").

It is unclear from the Complaint whether the IRS provided Plaintiff with the information required under 26 C.F.R. § 301.6203 upon her request.  However, even had the IRS failed to provide such information, the collection action would not be invalidated. Farr v. United States, 926 F. Supp. 147, 151 (D. Idaho 1996) ("the proper remedy for the government's failure to timely respond to the taxpayer's request is for the government to pay the taxpayer's cost of litigating" that claim).

Furthermore, equity jurisdiction is unlikely to exist in this case because Plaintiff has an adequate remedy at law if she brings a suit for a refund under 26 U.S.C. § 7422. Buaiz v. United States, No. 06-1312, 2007 U.S. Dist. LEXIS 22867, at *4 (D.D.C. Mar. 30, 2007); see also Ross v. United States, 460 F. Supp. 2d 139, 148 (D.D.C. 2006).  Plaintiffs can challenge the validity of a tax assessment or collection in a district court under 26 U.S.C. § 7422

after paying the disputed tax and filing an administrative claim for a refund or credit with the Secretary of the Treasury. 26 U.S.C. § 7422(a). See Lindsey, 448 F. Supp. 2d at 51.

Plaintiff's claim for declaratory relief is similarly barred because "the Anti-Injunction Act and the Declaratory Judgment Act operate coterminously" so that the impact of the Anti-Injunction Act on Plaintiff's claims "also determines the effect of the Declaratory Judgment Act." Nat'l Taxpayers Union v. United States, 68 F.3d 1428, 1435 (D.C. Cir. 1995).

Because Plaintiff has failed to show that her suit falls within the two-pronged Enochs exception to the Anti-Injunction Act, her action must be dismissed for lack of subject matter jurisdiction. The Court therefore need not address the Government Defendants' other arguments or Daberko's Motion to Dismiss for lack of personal jurisdiction.

**VI. CONCLUSION**

For the foregoing reasons, the Government Defendants' Motion to Dismiss for lack of subject matter jurisdiction [**Dkt. No. 9**] is **granted** and Defendant Daberko's Motion to Dismiss for lack of personal jurisdiction [**Dkt. No. 2**] is **denied as moot**. An Order will issue with this Memorandum Opinion.

July 31, 2007                    /s/
                                 Gladys Kessler
                                 United States District Judge

**Copies to**: **Attorneys of record via ECF**